

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM/MEM                                            *271 Cadman Plaza East*
F. #2017R00509                                     *Brooklyn, New York 11201*

September 21, 2020

By Email and ECF

Susan G. Kellman, Esq.
25 8ᵗʰ Avenue
Brooklyn, New York 11217

Kenneth J. Montgomery, Esq.
198 Rogers Avenue
Brooklyn, New York 11225

   Re: United States v. Karl Jordan, Jr., et al.
      Criminal Docket No. 20-305 (LDH)

Dear Counsel:

   Enclosed please find the government's first discovery production for
defendant Ronald Washington in accordance with Rule 16 of the Federal Rules of Criminal
Procedure, items Bates stamped RW 1 through RW 46 and 1-405. Also enclosed is an index
of the discovery. The government also requests reciprocal discovery from the defendant.

   Specifically, enclosed are the following materials, some of which have been
marked "sensitive" under the terms of the Stipulation and Protective Order issued on
September 17, 2020:

- crime scene diagram, photographs and related materials, Bates numbered 1-66, marked "sensitive;"
- property clerk invoices and related materials, Bates numbered 67-103;
- laboratory examination requests and reports, Bates numbered 104-112;
- New York City Police Department ("NYPD") complaint report and related materials, Bates numbered 113-188;
- search warrant and supporting affidavit, Bates numbered 119-128, marked "sensitive;"
- certified forensic biology file from the Office of Chief Medical Examiner ("OCME"), Bates numbered 129-340, marked "sensitive;"
- OCME autopsy report, Bates numbered 341-380, marked "sensitive;"

- disclosure letter and related materials, Bates numbered 381-391 and 404-405, marked "sensitive;" and
- photo arrays, Bates numbered 392-403, marked "sensitive."

I.   <u>The Government's Discovery</u>

A.   <u>Statements of the Defendant</u>

Materials containing statements of the defendant are enclosed, Bates numbered RW 1-46, marked "sensitive."

B.   <u>The Defendant's Criminal History</u>

The Defendant's criminal history report is enclosed, Bates stamped RW 5-17.

C.   <u>Documents and Tangible Objects</u>

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D.   <u>Reports of Examinations and Tests</u>

As referenced above, the government is disclosing certified copies of materials from the OCME and NYPD Laboratory.  The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E.   <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.  The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.   <u>Brady Material</u>

The government understands and will comply with its continuing obligation to produce exculpatory material as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny.  Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  <u>See</u> <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

G.   <u>Other Crimes, Wrongs or Acts</u>

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby requests written notice, to be served within 14 days of this demand, if the defendant intends to offer an alibi defense. The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names, addresses and telephone numbers of each witness upon whom the defendant intends to rely to establish such alibi. The offenses took place at the location and dates specified in the Indictment.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.    Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his/her period of incarceration at a BOP facility (collectively, "BOP email communications").  While it is the government's position that BOP email communications, including those between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys

and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by as soon as possible.  To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney(s) with the list of email addresses in the body of the email.  If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     <u>Future Discussions</u>

            If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

            Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                                    Very truly yours,

                                    SETH D. DuCHARME
                                    Acting United States Attorney

                        By:     /s/ Artie McConnell
                                    Artie McConnell
                                    Mark E. Misorek
                                    Assistant U.S. Attorneys
                                    (718) 254-7000

Enclosures
cc:     Clerk of the Court (LDH) (by ECF) (without enclosures)

4