# MICHAEL HUESTON
### ATTORNEY AT LAW

16 COURT STREET  
SUITE 1800  
BROOKLYN, NEW YORK 11241

Tel: (718) 246-2900  
Fax: (718) 246-2903  
Email: mhueston@nyc.rr.com

ADMITTED NY

March 11, 2021

**By EMAIL & HAND**  
A.U.S.A. Artie McConnell  
A.U.S.A. Mark Misorek  
United States Attorney's Office  
Eastern District of New York  
271 Cadman Plaza East  
Brooklyn, NY 11201

      Re: *United States v. Jordan, et al.*, 20-CR-305 (S-1) (LDH) (EDNY)

Counsel:

  I represent Karl Jordan Jr. in the above referenced case. As explained below, due to Mr. Jordan's mitigation investigation, Rule 16 of the Federal Rules of Criminal Procedure, and the various arguments set forth below, Mr. Jordan is entitled to the disclosure of: (1) the affidavit in support of the search warrant issued on November 30, 2020 to obtain Mr. Jordan's Buccal swabs for DNA samples; and (2) the tests, comparisons, and results of the DNA tests conducted on the samples obtained from Mr. Jordan. For the reasons set forth below, it is necessary for the defense to receive all information and results related to the DNA[1] taken from Mr. Jordan on December 11, 2020[2].

**A. BACKGROUND**

  Mr. Jordan was arrested on an Indictment and remanded into custody immediately in August of 2020. Subsequently, on December 11, 2020, agents appeared at the Metropolitan Detention Center ("MDC"), where Mr. Jordan is incarcerated awaiting trial, in order to obtain his DNA pursuant to a search warrant. The search warrant authorizing the agents to take Mr. Jordan's DNA was issued on November 30, 2020, by a magistrate, and provided to defense

---

[1] Specifically, in addition to the affidavit in support of the search warrant, we are entitled to receive all scientific materials pertaining to all DNA testing performed in this case, by whatever method performed. This request applies to all DNA testing which has been, is currently being, or will be performed in the instant case. This includes: (1) the case file in the government's possession related to the DNA; (2) documents relied upon in performing testing; (3) the Short Tandem Repeat ("STR") databases which were used or relied upon in performing the testing; (4) the STR frequency tables; (5) the chain of custody and current disposition of the evidence; (6) any data files used and created in performing the testing; (7) any records of problems with testing; and (8) any other information related to the DNA testing.

[2] While defense counsel has asked through informal communications with the government for this information to be turned over, we now make this formal letter request prior to seeking judicial intervention.

March 11, 2021                                                                                                                         U.S. v. Jordan, et al.
A.U.S.A. Artie McConnell and A.U.S.A. Mark Misorek

counsel before its execution. The warrant specifically authorizes "Buccal swabs for DNA samples." After repeated requests, your Office declined to turn over the affidavit in support of the search warrant to counsel, but stated that it will be produced in time for motion practice. Your Office is awaiting the DNA results from the Office of Chief Medical Examiner. The search warrant affidavit should be provided now. And your Office should ensure that the DNA tests are conducted expeditiously by the Medical Examiner and provided to counsel.

**B.      MITIGATION INVESTIGATION IN CAPITAL CASE**

As this is a death eligible case, it is defense counsel's duty to investigate reasons why Mr. Jordan should not face the death penalty. In connection with the mitigation investigation, we are entitled to receive evidence that relates to potentially aggravating or mitigating factors that may be considered by your Office, the Capital Case Committee, and the Attorney General in determining whether to seek the death penalty against Mr. Jordan. Both the affidavit in support of the search warrant and the DNA results go to the strength of the government's case.

18 U.S.C. § 3592 lists the mitigating and aggravating factors to be considered in determining whether a sentence of death is justified. These factors include "...the defendant's background, record, or character *or any other circumstance of the offense that mitigate against imposition of the death sentence*." 18 U.S.C. § 3592(8) (emphasis added). Similarly, the ABA Guidelines governing "Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases" make clear that forensic testing is an important piece of the investigation for mitigation purposes:

> [ ... ] defense counsel must independently investigate the circumstances of the crime and all evidence—whether testimonial, *forensic*, or otherwise—*purporting to inculpate the client*. To assume the accuracy of whatever information the client may initially offer or the prosecutor may choose or be compelled to disclose is to render ineffective assistance of counsel. [ ... ] the defense lawyer's obligation includes not only finding, interviewing, and scrutinizing the backgrounds of potential prosecution witnesses, but also searching for any other potential witnesses who might challenge the prosecution's version of events, and *subjecting all forensic evidence to rigorous independent scrutiny*.

2003 ABA Guidelines, Page 926 (footnote omitted) (emphases added). The Government voluntarily turns over DNA results to defense counsel in many cases. For example, in *United States v. Lujan,* 530 F. Supp. 2d 1224, 1246 (D.N.M. 2008), defense counsel moved for disclosure of all information relating to DNA evidence and testing. There, the government agreed to turn over all discovery concerning DNA testing that had already been completed in "the interest of avoiding interruptions and delays at trial", and the Court granted leave to the defense to resubmit requests for additional DNA evidence when it was completed.

While, there is no trial date, the principle is the same, as the information will have a direct bearing on the decision to seek the death penalty, which is happening now, not in some distant future. And any perceived security concern, by your Office, would be safeguarded by your standard practice of omitting the identity of any purported sources. This, for instance,

March 11, 2021 U.S. v. Jordan, et al.
A.U.S.A. Artie McConnell and A.U.S.A. Mark Misorek

would allow the defense to know what items are being tested, which, again, has a bearing on the strength or weakness of the case.

Additionally, the Department of Justice Manual related to Capital Crimes dictates guidelines in making the determination of whether or not to recommend the death penalty. Section 9-10.140 governs the standards for determination, where "[t]he standards governing the determination to be reached in cases under this Chapter include fairness, national consistency, adherence to statutory requirements, and law-enforcement objectives." Subsection one considers "[t]he strength and nature of the evidence." Surely, DNA evidence would, whether aggravating or mitigating, be an important factor in determining the strength of the government's case. The consideration of "fairness" would also require the disclosure of this type of forensic evidence in providing to defense counsel with the proper information in advocating against the use of the death penalty. Accordingly, this information should be provided now.

**C.    RULE 16 DISCOVERY**

The defense is also entitled to obtain both: (1) the affidavit in support of the search warrant obtaining Mr. Jordan's DNA; and (2) any/all evidence related to the testing and results of the DNA pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Rule 16 governs discovery and inspection. Subsection F requires disclosure of:

> Reports of Examinations and Tests. Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
> (i) the item is within the government's possession, custody, or control;
> (ii) the attorney for the government knows--or through due diligence could know--tha the item exists; and
> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

F.R.C.R.P 16(1)(F). The DNA results and affidavit in support easily meet the first two criteria, and, as to the third, they are clearly material to preparing the defense. Accordingly, they should be produced forthwith.

Thank you in advance for your attention to these matters.

Sincerely,

/s/Michael Hueston

cc:     Clerk of the Court