# MICHAEL HUESTON
### ATTORNEY AT LAW

| | |
|---|---|
| 16 COURT STREET | Tel: (718) 246-2900 |
| SUITE 1800 | Fax: (718) 246-2903 |
| BROOKLYN, NEW YORK 11241 | Email: mhueston@nyc.rr.com |

ADMITTED NY

March 23, 2021

**BY EMAIL**
A.U.S.A. Artie McConnell
A.U.S.A. Mark Misorek
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

      Re: *United States v. Jordan, et al.,* 20 Cr. 305 (S-1) (LDH) (EDNY)

Counsel:

    I represent Mr. Karl Jordan Jr. in the above referenced case. I write this letter pursuant to Rules 7 and 16 of the Federal Rules of Criminal Procedure.

    The allegations contained in the Superseding Indictment against Mr. Jordan are so general that they do not advise the defendant of the specific acts of which he is accused and fail to permit him to "conduct a meaningfully directed investigation of the relevant facts and circumstances and be prepared to respond to the charges." *See United States v. Bin Laden*, 92 F. Supp. 2d 225 (S.D.N.Y. 2000).

    The defense requests that the government provide a bill of particulars regarding the following counts of the S-1 Indictment:

- **Count One**: Count One charges the murder of Jason Mizell while engaged in narcotics trafficking, in violation of 21 U.S.C. Section 848(e)(1)(A). This charge alleges the intentional murder of Jason Mizell during and in relation to a conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine. The government must provide particularized allegations with regard to this alleged conspiracy to distribute narcotics. Specifically, the government must particularize the members of the alleged conspiracy, the specific time period of the alleged conspiracy, Mr. Jordan's particularized involvement and conduct in the alleged conspiracy, and, separately, how this alleged conspiracy to distribute narcotics, alleged against Mr. Jordan, relates to the murder of Jason Mizell.

- **Count Two**: Count Two charges the use of a firearm during a drug trafficking crime (conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine), causing "with malice aforethought" the death of Jason Mizell. The government must provide particularized allegations with regard to this charge. Specifically, the government must specify the alleged use of a firearm as it relates to Mr. Jordan's conduct. Additionally, as described in Count One, the government must particularize the allegations with regard to the alleged conspiracy to distribute narcotics (i.e., the parties involved, the time period of the alleged conspiracy, and the

acts alleged against Mr. Jordan, as well as others alleged to be involved), as well as how the alleged conspiracy relates to the murder of Jason Mizell. Additionally, the government must inform defense counsel of the alleged particulars regarding the "malice aforethought" as stated in Count Two against Mr. Jordan.

- **Count Three**: Count Three charges conspiracy to distribute and possession with intent to distribute controlled substances.  The allegations in Count One encompass the broad time period between March 2016 and August 2020, "both dates being approximate and inclusive."  The government must particularize the individuals alleged to have been involved in this alleged conspiracy and the specific time period the acts alleged in Count Three occurred.  Specifically, Mr. Jordan's individual participation and conduct must be alleged properly, along with the specific dates of the acts alleged against him. *See United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988) (discussing bill of particulars) and *United States v. Bortnovsky,* 820 F.2d 572 (2d Cir. 1987) (same).

- **Count Four**:  Count Four charges the use of firearms in connection with a drug trafficking crime in violation of 18 U.S.C. Section 924(c)(1)(A)(i).  The allegations in Count Four, again, encompass an almost four and a half year period of time of the alleged conduct (March 2016 through August 2020).  This broad period of time needs to be particularized with specific dates of conduct alleged against Mr. Jordan.  Specifically, the government must particularize unambiguous instances of conduct within the alleged conspiracy alleging Mr. Jordan's involvement, particular instance(s) where firearms are alleged to have been used to further the purpose of the alleged conspiracy to distribute narcotics, and how, and which individuals were involved and how.

Fed. R. Crim. P. Rule 7(f) permits a defendant to seek a bill of particulars "in order to identify with sufficient particularity the nature of the charge pending against him there by enabling [the] defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky,* 820 F.2d at 574 (internal citations omitted).  In this case, the particularization of Counts One through Four is especially necessary to assess pre-trial dismissal motions to be made on behalf of Mr. Jordan and is required in preparing Mr. Jordan's defense in this case as we move forward towards trial.  Currently, the defense is at an unfair disadvantage.  *See e.g., United States v. Payden*, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) ("In deciding whether the bill of particulars is needed, the court must determine whether the information sought has been provided elsewhere, such as in other items provided by discovery, responses made to unobjected requests for particulars, prior proceedings, and the indictment itself.  *See* 1 C. Wright, Federal Practice and Procedure (Criminal) § 129 (2d ed. 1982).").

Just recently, in the Southern District of New York, Judge Rakoff granted portions of defense counsel's Motion for a Bill of Particulars where defense counsel argued the Indictment was almost entirely devoid of details with regard to their client and what he allegedly did, stating:

> Fed. R. Crim. P. 7(f) authorizes the Court to direct the Government to file a bill of particulars. Courts in this district read this rule to grant district courts a great deal of discretion in deciding whether a bill of particulars is appropriate. *See United States v. Russo*, 483 F. Supp. 2d 301, 310 (S.D.N.Y. 2007).  But the case law provides some broad guiding principles.  "The purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to (1) enable the defendant to prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude a second prosecution of the same offense." *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 301-02 (S.D.N.Y. 2018) (quoting *United*

> *States v. Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010)). On the other hand, the Court must balance these interests against the harm to the Government from restricting its proof at trial. Id. at 302 (quoting *United States v. Rajaratnam*, No. 09-cr-1184 (RJH), 2010 WL 2788168, at *1 (S.D.N.Y. Jul. 13, 2010)).
>
> As to the names of the other co-conspirators [ ... ] the combination of all of the relevant factors weighs in favor of the defendants. In considering whether to grant a request for identification of unnamed co-conspirators, "the Court must balance the risk of surprise to the defendant, which is enhanced if 'there are a large number of co-conspirators and a long-running conspiracy' with legitimate law enforcement concerns, such as the 'potential danger to co-conspirators and the risk of compromising continuing investigations.' " *Pinto-Thomaz*, 352 F. Supp. 3d at 303 (quoting *United States v. Bin Laden*, 92 F. Supp. 2d 225, 241 (S.D.N.Y. 2000)).
>
> This is precisely the type of "conspiracy count cover[ing] a complex series of events over a number of years" where a bill of particulars identifying the co-conspirators is appropriate. *United States v. Barnes*, 158 F.3d 662, 666 (2d Cir. 1998). The Court notes, first, that the charged conspiracy lasted from 2016 through 2019. S3 Indictment ¶ 1. More significantly, the indictment suggests that the co-conspirators represented several distinct organizations, including the Online Marijuana Marketplace Company, the third-party payment processors, and potentially others. *See id.* ¶¶ 2, 12-14. The combination of these considerations creates the possibility that different co-conspirators may have been involved at different times. The risk of surprise to the defendants, *Pinto-Thomaz*, 352 F. Supp. 3d at 303, is therefore very high.

*United States v. Akhavan*, No. S3 20-cr-188(JSR), 2020 U.S. Dist. LEXIS 89163, at *3-5 (S.D.N.Y. May 20, 2020).

      Mr. Jordan is not asking for a preview of the government's case; he is entitled to basic information needed to understand the charges against him and defend himself. Thank you for your attention to these matters.

                                                Sincerely,

                                                /s/ Michael Hueston

cc:      Clerk of the Court