# Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K<br>
Brooklyn, New York 11230<br>
t: (718) 783-3682<br>
e: ezra@spilkelaw.com<br>
www.spilkelaw.com

June 14, 2021

**By Email**
Mr. Artie McConnell
Mr. Mark E. Misorek
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Washington*, No. 20 Cr. 305 (LDH)
      *Brady* Demand

Counsel:

I write on behalf of Ronald Washington to request *Brady* material and discovery pursuant to Rules 7 and 16. As an initial matter, Mr. Washington joins in the requests made by counsel for Karl Jordan, including the requests made on March 4 and 11, 2021.

In addition, we are requesting the *Brady* material described below. Pursuant to Federal Rule of Criminal Procedure 5(f) and the government's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government must disclose to the defense all information "favorable to an accused," that is, "material either to guilt or to punishment" and that is known to the government. *Id.* at 87. This obligation applies regardless of whether the information would itself constitute admissible evidence. The government must disclose all such information to the defense promptly after its existence becomes known to the government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the government must disclose any information that can be used to impeach the trial testimony of a government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Further, the government must disclose all such information sufficiently in advance of trial in order for the defendant to make effective use of it at trial. The foregoing obligations are continuing ones and apply to materials that become known to the government in the future. Additionally, if information is otherwise subject to disclosure, it must be disclosed regardless of whether the Government credits it. The government has an affirmative obligation to seek from such sources all information subject to disclosure by statute or case law.

If the government fails to comply with the aforementioned obligations, the defense will pursue all legal remedies including an order requiring: (1) production of the information;

Mr. Artie McConnell
Mr. Mark E. Misorek
June 14, 2021
Page 2 of 3

(2) granting of a continuance; (3) the imposition of evidentiary sanctions; or (4) dismissal of charges before trial or vacate a conviction after trial or a guilty plea.

     As to the specific *Brady* material we are seeking, law enforcement officers notified Mr. Washington – including during an interview on April 16, 2019 (*see* RW 000036) – that Lydia High had positively identified him as having held her down at gunpoint in the studio during the murder of Jason Mizell. Upon information and belief, Ms. High testified before a grand jury about that murder, including in late 2005/early 2006. As you are well aware, Mr. Washington was first charged with the murder by an indictment filed in August 2020, some fourteen to fifteen years after Ms. High testified before the grand jury. Thus, we seek to know whether: (1) Ms. High attempted to implicate Mr. Washington, but the grand jury found Ms. High incredible and rejected her testimony; (2) Ms. High did not implicate Mr. Washington; or (3) Ms. High exculpated Mr. Washington.

     Accordingly, Mr. Washington requests the immediate production of the following materials:

- Transcripts of all of Ms. High's grand jury testimony;
- Any and all notes of interviews of Ms. High conducted by law enforcement; and
- Transcripts of any grand jury testimony that called Ms. High's implication of Mr. Washington into question.

     Likewise, because the grand jury did not issue a true bill, there is reason to believe that the proceedings of that grand jury contains additional exculpatory information, and we urge you to exhaustively search the minutes of those proceedings for additional *Brady* material, including the testimony of witnesses other than Ms. High and any documentation or recording of the decision by the government to withdraw or not vote out an indictment, and promptly disclose it.

     Mr. Washington is entitled to this evidence because it is *Brady* material, a category of which is impeachment evidence, *e.g.*, *United States v. Mahaffy*, 693 F.3d 113, 131 (2d Cir. 2012) ("Aside from exculpatory material, *Brady* applies to material that would be an effective tool in disciplining witnesses during cross-examination."). The statements are likely Jencks Act material as well as *Brady*, but "[t]o the extent that 3500 material and *Giglio* material overlap, the dictates of the constitutional pronouncements of *Brady* and *Giglio* control." *United States v. Hernandez*, No. 09 CR 625 (HB), 2010 WL 26544, at *6 (S.D.N.Y. Jan. 6, 2010); *see also United States v. Rittweger*, 524 F.3d 171, 181 n. 4 (2d Cir. 2008) ("Complying with the Jencks Act, of course, does not shield the government from its independent obligation to timely produce exculpatory material under *Brady*—a constitutional requirement that trumps the statutory power of 18 U.S.C. § 3500."); *United States v. Gil*, 297 F.3d 93, 106 (2d Cir. 2002) (mislabeling *Brady* evidence as 3500 material and producing it as part of a large 3500 production on the eve of trial constitutes suppression); *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001) (observing that "the Government's obligations under *Brady*" and its progeny "must prevail" over the "mere legislative enactment" in Section 3500).

Mr. Artie McConnell
Mr. Mark E. Misorek
June 14, 2021
Page 3 of 3

Please do not hesitate to contact us discuss these requests further.

Very truly yours,

 /s/ Ezra Spilke
Susan G. Kellman
Kenneth Montgomery
Ezra Spilke
*Counsel for Ronald Washington*

cc:	artie.mcconnell@usdoj.gov
	mark.misorek@usdoj.gov