

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JAM/MEM
F. #2017R00509

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 19, 2022

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Karl Jordan, Jr., et al.
                 Criminal Docket No. 20-CR-305 (LDH)

Dear Judge DeArcy Hall:

      The government respectfully submits this letter motion requesting that the Court to order the defendants to comply with certain discovery obligations, including: (1) promptly providing notice of any expected expert testimony; (2) ordering defendant Washington to comply with Rule 12.1 and provide required alibi notice; and (3) for a disclosure schedule of the defendants' Rule 16(b) discovery, trial exhibits and 26.2 material.

I.      Motion for Expert Notice Pursuant to Rule 16(b)(1)(C)

      To date, neither defendant has noticed the intent to offer any expert testimony at trial. Per Rule 16(b)(1)(C), the Court should order the defendants to make such disclosures, if any, forthwith.

      Rule 16(b)(1)(C) requires that the defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." Fed. R. Crim. P. 16(b)(1)(C), see also United States v. Yousef, 327 F.3d 56, 148 (2d Cir. 2003). "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. The purpose of the expert disclosure requirement is to "minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, advisory committee's note to 1993 amendment. Indeed, "[w]ith increased use of both scientific and nonscientific expert testimony, one of counsel's most basic discovery needs is to learn that an expert is expected to testify." Id. A trial court has "broad discretion in fashioning a remedy," for failure to comply with Rule 16,

including granting a continuance, ordering the exclusion of evidence or fashioning any other remedy that is "just under the circumstances." United States v. Lee, 834 F.3d 145, 158 (2d Cir. 2016); Fed. R. Crim. P. 16(d)(2)(A)-(D) (a district court may order "any other [remedy] that is just under the circumstances"); United States v. Foley, 111 F. App'x 840, 841 (6th Cir. 2004) (expert testimony precluded for failure to provide timely notice of "intent to call an expert or his expert witness summary").

The Court should order the defendants to make any expert notices forthwith. The government has made two such disclosures in November 2021 and December 2021, and, should the defendants seek to offer expert witnesses during their cases-in-chief, timely and adequate notice is essential to avoid undue prejudice to the government and delay during trial.

II.     Motion for Defendant Washington to Comply with Rule 12.1

Defendant Washington has not yet provided notice of an alibi pursuant to Rule 12.1, despite the statutory mandate and repeated requests from the government. Indeed, Rule 12.1 exists precisely to protect against the situation that appears to be developing here: the defendant attempting to proceed by surprise at trial so that the government cannot investigate his alibi defense, which risks interrupting the trial and undermining its truth-seeking function. As the Court is aware, "[t]he major purpose of a notice-of-alibi rule is to prevent unfair surprise to the prosecution." Fed. R. Crim. P. 12.1 Adv. Committee Notes. Without such notice, "[t]he result often is an unnecessary interruption and delay in the trial to enable the government to conduct an appropriate investigation." Id. Thus, "[t]he objective of rule 12.1 is to prevent this by providing a mechanism which will enable the parties to have specific information in advance of trial to prepare to meet the issue of alibi during the trial." Id. As the Supreme Court has observed, notice-of-alibi rules are "designed to enhance the search for truth." Williams v. Florida, 399 U.S. 78, 82 (1970). "The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played." Id. Rather, "[g]iven the ease with which an alibi can be fabricated," the government has an "obvious and legitimate" interest in "protecting itself against an eleventh-hour defense." Id. at 81.

Accordingly, the Court should order defendant Washington to comply with Rule 12.1 forthwith and provide: (a) each specific place where the defendant claims to have been at the time of Mizell's murder, including the preparation for, commission of, flight from, and cover-up of these crimes; and (b) the identity of each alibi witness on whom the defendant intends to rely, including any witness the defendant intends to call to suggest that the defendant's behavior at or near the time of the crime was inconsistent with him committing the crimes.

III.    Motion for Defendants to Disclose Rule 16(b) Discovery and Trial Exhibits to Be Introduced During the Government's Case

Rule 16(b) of the Federal Rules of Criminal Procedure governs a defendant's disclosures in a criminal case. In relevant part, it requires the defendant to provide the government with documents and records that the defendant "intends to use . . . in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A). Rule 16 does not require a defendant to

disclose documents he intends to use for purposes of cross examining a government witness. However, to the extent that a defendant seeks to admit into evidence a document while cross examining a witness during the government's case-in-chief in order to affirmatively support the defendant's theory of the case, such a document falls within the ambit of Rule 16. As explained in United States v. Hsia, No. 98-CR-0057 (PLF), 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000): A "case-in-chief" is defined as '[t]he part of a trial in which a party presents evidence to support its claim or defense.' Blacks Law Dictionary 207 (7th ed. 1999). Defendant's cross-examination of government witnesses, and the evidence introduced during that cross-examination, certainly may be used to support her defense . . . The cross-examination of these and other government witnesses therefore is properly seen as part of defendant's case-in-chief if it buttresses her theory of the case." Id. The Hsia court distinguished documents introduced by a defendant via a government witness—which do fall within Rule 16 and should be disclosed—from documents used by a defendant "merely to impeach a government witness, and not as affirmative evidence in furtherance of [the defendant's] theory of the case, it is not part of [the defendant's] case-in-chief." Id. at *2 n.1.

Numerous other district courts have recognized this same distinction. See United States v. Swenson, 298 F.R.D. 474, 477 (D. Idaho 2014) ("Defendants have a duty to produce any exhibits they intend to use at trial during cross examination of a government witness other than for impeachment purposes."); United States v. Holden, No. 13-CR-00444, 2015 WL 1514569, at *4 (D. Or. Mar 19, 2015) (holding, based on Swenson and Hsia, that a defendant must disclose non-impeachment substantive evidence that the defendant seeks to use in examination of government or defense witnesses); United States v. Larkin, No. 12-CR-319 (GWF), 2015 WL 4415506, at *5 (D. Nev. July 20, 2015) (stating that the approach adopted in Holden, Swenson and Hsia is "consistent with the structure and integrity of Rule 16(b) as a whole"); United States v. Aiyaswamy, No. 15-CR-00568 (LHK), 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017) (same); United States v. Huntress, No. 13-CV-199S, 2015 WL 631976, at *33 (W.D.N.Y. Feb. 13, 2015) (observing that "it is not clear that defendants' case-in-chief would be limited to any case they may present after the government rests").

Accordingly, to avoid gamesmanship and unfair surprise, the government respectfully requests that the Court order the defendants to provide a list of exhibits they intend to introduce during the government's case (i.e., not those documents to be used for impeachment purposes only) or any defense case no later than February 3, 2022. The government proposes to provide the defendant with its exhibit list and exhibits no later than the same date.

IV.    <u>Motion for Schedule of Rule 26.2 Disclosures</u>

Finally, the government respectfully submits that, to avoid delay in the upcoming trial, the Court should set a recommended schedule for disclosure of the statements of any defense witnesses. <u>See</u> Fed. R. Crim. P. 26.2. The government proposes that Rule 26.2 material should be provided no later than three days before a witness testifies.

Thank you for your consideration of these requests.

Respectfully submitted,

BREON PEACE
United States Attorney

By:         /s/

Artie McConnell
Mark E. Misorek
Assistant U.S. Attorneys
(718) 254-7000

cc:    All Counsel of Record (by ECF)