# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

November 1, 2022

Via ECF and Email
The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 10007

Re:     *United States v. Karl Jordan et al.*, No. 20 Cr. 305 (LDH)

Dear Judge DeArcy Hall:

On behalf of Ronald Washington, we write in response to the government's discovery motions dated October 19, 2022. As an initial matter, the motion is untimely. The deadline for suppression, or all other pretrial motions, except motions in limine, was June 17, 2022. Motions for Rule 16 discovery are "pretrial motions" and are listed under the subsection with that title in Rule 12 of the Federal Rules of Criminal Procedure. The motions should thus be denied as untimely.

Additionally, the government has failed to comply with Local Criminal Rule 16.1. That rule provides:

> No motion addressed to a bill of particulars or any discovery matter shall be heard unless counsel for the moving party files in or simultaneously with the moving papers an affidavit certifying that counsel has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues remaining unresolved

L.R. 16.1.

The affidavit is not mere busy-work or a formality. Good reasons support the local rule: it promotes judicial economy by encouraging the parties to work out any discovery issues among themselves without involving the Court. The government's motion should be denied or deferred until the government complies with L.R. 16.1.

Despite the government's failures to comply with the procedures set forth by this Court and by the Board of Judges of the Eastern District of New York, we take the Court's October 27,

2022, order to mean that, the government's breach notwithstanding, we should file substantive responses to the government's late, non-compliant discovery motion.

As to expert disclosures, we have none to make at this time. We note that jury selection is not for another sixteen weeks, that the Federal Rules of Criminal Procedure impose no deadline for such disclosure and that this Office itself regularly makes expert disclosures on the eve of trial. *E.g.*, Expert Disclosure Letter, *United States v. Hilliard*, No. 19 Cr. 358 (PKC) (E.D.N.Y. Apr. 3, 2022), ECF No. 90 (making an expert disclosure pursuant to Rule 16 two weeks before trial and two and one-half years after the indictment was returned). Should the Court be inclined to adopt a deadline, we would request January 6, 2023, for all parties. This would give the parties forty-five days before trial begins, ample time "to provide a fair opportunity for each party to meet the other side's expert evidence" including "find[ing] a witness to rebut an expert disclosed by the defense." Proposed amendments to the Federal Rules of Criminal Procedure, Rule 16, 2022 U.S. Order 0019 (C.O. 0019) (Apr. 11, 2022).[1]

As an initial matter, Mr. Washington's ability to present an alibi defense has been severely hampered by the passage of twenty years since Mr. Mizell's death on the evening of October 30, 2002. In 2022, any possible alibi is no more than a distant memory for any witness who might have been once been able to attest to Mr. Washington's exact whereabouts between 7:00 and 7:30 PM on that date. Therefore, Mr. Washington is unable to present an alibi defense and the government's motion should be denied as moot.

The Court should deny the government's motion, pursuant to Fed. R. Crim. P. 16(b)(1)(A), for a list of exhibits the defense intends to introduce during the government's case. The government's argument is premised on a misinterpretation of Rule 16(b)(1)(A) of the Federal Rules of Criminal Procedure, which directs the defendant to disclose to the government material that is "within the defendant's possession, custody, or control" and that "the defendant intends to use . . . in the defendant's case-in-chief at trial." The government endorses an interpretation of "case-in-chief" that includes "the part of a trial in which a party presents evidence to support its claim or defense" whether the presentation of that evidence occurs after the government rested or not. Dkt. 114 at 3 (quoting Black's Law Dictionary 207 (7th ed. 1999)).[2]

---

[1] The new rule does not specify a default deadline. The Committee considered a forty-five-day deadline but ultimately did not adopt it. A number of commenters, like the New York City Bar, noted that many state jurisdictions have set default deadlines. None are closer to trial than twenty-one days. Ass'n of the Bar of the City of New York, Comment on the Preliminary Draft of Proposed Amendments to the Federal Rules of Appellate, Civil and Criminal Procedure (Aug. 2020), https://s3.amazonaws.com/documents.nycbar.org/files/2020846-CommentsonFedRulesAmendments.pdf (noting that New York State sets the deadline 60 days prior to trial, Colorado, 35 days, and Ohio, 21 days).

[2] The government quotes an old version of *Black's* definition. The full definition of case-in-chief is "(i) the evidence presented at trial by a party between the time the party calls the first witness and the time the party rests; or as (ii) the part of a trial in which a party presents evidence to

The traditional definition of case-in-chief is "the part of a trial in which a party calls its first witness until it rests." *E.g.*, *Harry*, 2014 WL 6065705 at *10 (discussing in depth and distinguishing authority to the contrary). The Supreme Court has long used the term "case-in-chief" in line with the traditional definition and "[c]ourts regularly differentiate between a party's case-in-chief and its cross-examination of another party's witnesses." *Id.* at *6 (collecting cases).

Aside from this defect in its interpretation of case-in-chief, the government proposes a maximalist position whereby it is not good enough for the defense to turn over exhibits that are only for its case-in-chief. Rather, the government urges the Court to require the defense to disclose exhibits *unless* they are *only* for impeachment purposes. This is simply not the law. "[E]very court to consider the issue has found that a defendant's case-in-chief does not include impeachment material." *Harry*, 2014 WL 6065705 at *10. Accordingly, under no circumstances should an exhibit be excluded on the basis that it has some incidental effect on a defense or trial theory if the exhibit is offered for impeachment purposes. *See United States v. Medearis*, 380 F.3d 1049, 1056-58 (8th Cir. 2004) (holding that the district court erred in requiring the defendant to disclose a letter that a government witness wrote and which the defendant intended to use during cross-examination to impeach the witness); *United States v. Moore*, 208 F.3d 577 (7th Cir.2000) (holding that a note that the defendant intended to use "as a prior inconsistent statement by [a government witnesses] that would undermine [the witness's] credibility" was not part of the defendant's case-in-chief under rule 16(b)(1)(A)).

The government's proposal is unworkable and unduly burdensome from a practical standpoint. Indeed, to adopt such a requirement would be a critical infringement on a defendant's constitutional right to confront one's accuser. First, it invites the government to characterize exhibits as not *purely* for impeachment, encouraging delay as the Court rules on whether a given exhibit has *any* effect whatsoever on an affirmative defense theory. It will also have a chilling effect on the defense by forcing it to over-include exhibits at the risk of forfeiting them. Finally, the government's proposal does not account for necessary changes in defense strategy over the course of the trial. The defense, having no burden, may craft its responses based on the testimony of the government's witnesses, whose testimony we will be hearing for the first time hours or even minutes before cross-examination. To adopt the procedure as the government's motion suggests, would hamstring not only the defense but also the court by asking that the parties predict the scope of each of the government's witness's testimony. The relevance or irrelevance of pieces of evidence will depend upon the context in which the testimony is offered. To ask the defense to preview its theory would surely impair Mr. Washington's confrontation and due process rights.

That said, Mr. Washington acknowledges that there are circumstances in which the parties and the Court agree "that, to avoid recalling witnesses, everyone will just ask all of their questions while the witness is present; and the cross-examination is really a direct examination with non-leading questions; and in such cases the defendant's case-in-chief should include that direct examination." *Harry*, 2014 WL 6065705 at *10. Mr. Washington agrees that the Court can, under those circumstances, and only those circumstances, have the defense designate its

_____

support the claim or defense." *United States v. Harry*, No. CR 10-1915 JB, 2014 WL 6065705, at *5 (D.N.M. Oct. 14, 2014) (cleaned up) (quoting Black's Law Dictionary 244 (9th ed. 2009)).

exhibits, whenever possible and practicable and provide the list to the government but that
"without such circumstances, the Court should treat case-in-chief with its traditional meaning."
*Id.*

Finally, Mr. Washington agrees to disclose any Rule 26.2 material in the defense's
possession three days before any witness testifies with the understanding that the defense may
update that disclosure on a rolling basis as more material is created.

Respectfully submitted,

*Susan G. Kellman*

Susan G. Kellman

Ezra Spilke

Jacqueline Cistaro