

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NB:JAM/MEM/MG
F. #2017R00509

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 12, 2023

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re:  United States v. Karl Jordan, Jr., et al.
>       Criminal Docket No. 20-CR-305 (S-1) (LDH)

Dear Judge DeArcy Hall:

In advance of the status conference scheduled for January 13, 2023, the government respectfully writes in response to defendant Washington's notice to offer expert testimony from Dr. Geoffrey Loftus pursuant to Rule 16(b)(1)(C) ("the Notice"), which the government received yesterday evening. The Notice is attached hereto as Exhibit 1. The government respectfully requests the opportunity to be heard on the timeliness of the Notice and admissibility of the proposed expert testimony at the status conference tomorrow.

In the Notice, Dr. Loftus is described as "an experimental psychologist with expertise in human memory, visual perception and eyewitness identification." His proffered testimony is described as follows:

> The defense expects that Dr. Loftus will testify generally about the science of human perception and memory, the reliability of eyewitness identifications, and the dependability of eyewitness identification procedures. The defense anticipates that Dr. Loftus will explain how an eyewitness's memory of an incident might be affected by various factors, including the effect of environmental conditions such as attention, weapon focus, stress, and duration. We also expect him to testify . . . that those environmental conditions could have had an impact on identifications made in this case. We further expect him to testify about concepts related to his research in the field of human memory and perception, including the effect of pre- and post-event information perception, and eyewitness identification.

The government notes that motions in limine in this case were due and duly filed on October 19, 2022. See February 17, 2022 Order. The government also filed a motion for reciprocal discovery, including for timely expert testimony notice, on October 19, 2022. See ECF No. 114.

Putting the timeliness of the Notice aside, the Second Circuit generally takes an unfavorable view of such testimony and is disinclined to sanction its admission, as it tends to usurp the jury's role in assessing witness credibility. In United States v. Lumpkin, 192 F.3d 280, 289 (2d Cir. 1999), the Court upheld the exclusion of similar expert testimony, finding that there is little correlation between a witness's confidence and the accuracy of his identification (expert's "proposed testimony and explication of the scientific studies would have confused the jury's assessment of the officers' credibility . . . proposed testimony intrudes too much on the traditional province of the jury to assess witness credibility."). Additionally, in United States v. Burros, 934 F.Supp 525 (E.D.N.Y. 1996), the Honorable Edward R. Korman held that where there is significant corroboration of the eyewitness's testimony, the probative value of expert testimony is substantially outweighed by the risk that the expert testimony would confuse or distract the jury. See also United States v. Mohamed, 157 F. Supp. 3d 268, 271–72 (E.D.N.Y. 2016) ("[E]xpert witnesses are unnecessary when the factfinder is as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training" and "cross-examination is sufficient to achieve the same effect as the proposed testimony."). Indeed, the government's cursory review has yielded only one federal district court case within the Circuit where such testimony had been admitted. See United States v. Jordan, 924 F. Supp. 443 (W.D.N.Y. 1996).

Other Circuits have taken a similar approach to such testimony. See, e.g., United States v. Hudson, 884 F.2d 1016, 1024 (7th Cir. 1989) ("such expert testimony will not aid the jury because it addresses an issue of which the jury already generally is aware, and it will not contribute to their understanding of the particular dispute."); United States v. Rincon, 28 F.3d 921, 926 (9th Cir. 1994) ("given the powerful nature of expert testimony, coupled with its potential to mislead the jury, we cannot say the district court erred in concluding that the proffered evidence would not assist the trier of fact and that it was likely to mislead the jury."); United States v. Carter, 410 F.3d 942, 950 (7th Cir. 2005) (upholding discretionary exclusion of expert testimony as to credibility of eyewitness testimony, noting that "it influences a critical function of the jury—determining the credibility of witnesses") (quoting United States v. Hall, 165 F.3d 1095, 1101–03 (7th Cir. 1999)).

In fact, at least two federal courts have excluded the testimony of Dr. Loftus on topics that overlap with, or are identical to, those proposed by the defendant. In United States v. Carter, the Seventh Circuit affirmed the district court's decision to exclude Dr. Loftus's proposed testimony on "factors that could affect memory, including the circumstances surrounding the event in question, the amount of stress on the eyewitness, the amount of attention paid by the witness, and the law enforcement procedures used to elicit the witness's memory." Carter, 410 F.3d at 950. The district court's decision was bolstered by the "additional considerations" of the availability to cross-examine eyewitnesses, additional corroborating evidence, and jury instructions that "gave the jury the same key points on eyewitness identifications that the expert would have presented to them." Id. at 951; see also United States v. Smith, 156 F.3d 1046, 1053 (10th Cir. 1998) (affirming preclusion of Dr. Loftus's proffered testimony about "various factors

that affect eyewitness identification and the circumstances that give rise to inaccurate memories" as they "touche[d] 'on areas of common knowledge'" and "would not assist the trier of fact").

   While other Circuits have been more amenable to the admission of such testimony, the district court has broad discretion in determining the reliability of the particular testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and balancing its probative value against its prejudicial effect.  Because the proposed testimony is within the common knowledge of the Court and because the subject matter the defendant seeks to address through Dr. Loftus's testimony can be elicited through cross-examination of the government's witnesses, the proffered expert testimony should be precluded.  The government respectfully requests the opportunity to be heard on this issue at the forthcoming status conference.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant U.S. Attorneys
(718) 254-7000

cc: All Counsel of Record (by ECF)

3