# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

February 8, 2023

BY ECF and Email
The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Jordan, et al., 20-CR-305 (S-1)(LDH)

Dear Judge DeArcy Hall:

I write in response to the government's letter of earlier today.

First, Mr. Washington's consent to the exclusion of time was made knowingly and with the benefit of the advice of his lawyers – though the government's concern that "the defendants will have been in custody for nearly three and half year by January 2024" is both inspiring and perplexing.[1] We also note that we are scheduled to appear before your Honor on April 3, 2023, at which time the Court may inquire as to whether Mr. Washington has any objection to the exclusion of time until the trial date in January 2024.

Second, the government is confused about my availability. At the January 13 conference, counsel for Jordan, speaking for both teams, advised the Court of all defense counsels' availability for a November 2023 trial. Personally, that would have been a stretch because of a four-to-six-week murder-for-hire trial I have before Judge Amon starting on September 11; however, in the spirit of cooperation, I would have made it work. In light of this Court's schedule and ruling that a 2023 trial was impossible, I advised

---

[1] The fact that the government did not indict this case until twenty years after the event, coupled with its concern for the length of time that the defendants have been incarcerated is confounding. While they can no longer cure the prejudice that flows from its delay in indicting this case by twenty years, it can surely allay its concerns as to the defendants' detention, by consenting to their pretrial release or withdrawing its motion for an anonymous jury.

the government that I would benefit from more than a two to three weeks between trials.

Third, as to the government's suggestion that co-counsel take over the case on their own, I have been lead counsel since the beginning of this case and have represented Mr. Washington since 2007. Mr. Washington vigorously opposes any change to his representation based on the government's purported concerns. As the Court noted at the January 13 conference in the context of the questionnaire process:

> It does not seem fair to me to insist, which effectively I would be doing, that Ms. Kellman has to decide that this must be relegated her co-counsel in this regard and not have the ability to make the determination herself whether she wants to be able to participate . . . .

The Court's reasoning in the context of the questionnaire is doubly true for the trial. Although my eminently capable co-counsel and associate counsel would no doubt be up to the task, that is not what anyone on the defense is seeking – not me, not the other counsel and not Mr. Washington – and the government's tardiness in filing its request for an anonymous jury should not give them the right to decide who should be representing Mr. Washington.

Fihnally, the defense will stay true to our word and continue to take no position on the government's ill-advised motion for reconsideration.

Respectfully submitted,

*Susan G. Kellman*

Susan G. Kellman

cc: All counsel of Record