Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K<br>
Brooklyn, New York 11230<br>
t: (718) 783-3682<br>
e: ezra@spilkelaw.com<br>
www.spilkelaw.com

February 27, 2023

**By ECF**
The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10007

Re:   *United States v. Karl Jordan* et al., No. 20 Cr. 305 (LDH)

Dear Judge DeArcy Hall:

On behalf of Ronald Washington, we write in response to the Court's order to supplement Mr. Washington's expert notice. Specifically, in response to what the Court construed as the government's relevancy objection, the Court directed us to identify "specific issues related to the reliability of witness identification testimony" in this case using Judge Rakoff's opinion in *United States v. Nolan*, 956 F.3d 71 (2d Cir. 2020), as a guide or framework.

In *Nolan*, the court identified a number of "impairing factors" of the identifications in that case. Specifically, those were:

- Partial disguise (a half ski mask and a "skully");
- Weapon focus;
- High stress triggered by aggressive behavior;
- Cross-racial and cross-ethnic identifications;
- A delay of many weeks between the event and the identifications; and
- Identification procedures susceptible to bias, including co-witness feedback.

*Id.* at 80-81; *see also* Dkt. 136 at 2. At this time, we anticipate that at least four of these factors will be at play here, namely: weapon focus; high stress triggered by aggressive behavior; a long delay between the event and the identification; and co-witness feedback. We disclosed as much to the government on January 11, 2023, pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure.[1]

---

[1] Attached as Exhibit A.

Hon. LaShann DeArcy Hall                                                                February 27, 2023
Re: 20 Cr. 305                                                                                    Page 2 of 3

    Applying these principles to the facts of this case, there is at least one eyewitness who made a problematic identification.[2] Lydia High, who was in the room of the studio in which Mizell was shot, maintained shortly after the shooting that at approximately 7:15 PM on October 30, 2002, the following occurred:

> [T]wo black males entered the [sitting room] and both men had guns. . . . Upon entering, one man remained in the doorway, the other man, who was wearing a knit wool mask and holding a gun, ordered Lydia [High] to the floor. The man with the mask then ordered Mr. Mizell to the floor, at which time Uriel Rincon stood up to assist . . . Mr. Mizell. The man with the mask then shot Mr. Mizell, fired another shot and fled out of the doorway with the other man.

(Bates 000125; see also Bates 000059).

    According to Ms. High, only the shooter was wearing a mask. (Bates 000059). Ms. High, who was interviewed by the police shortly after the shooting, failed to identify as a participant Mr. Washington, whom she later told the authorities she had known for "numerous years." Nine months after the shooting, Ms. High's account changed in that she then knew the identity of one of the participants: Washington, whom she identified from a photo array. (Bates 000402). In identifying Washington, High told the police that he was the person who pointed a gun at her and told her to "get on the ground" while the masked person shot Mizell. *Id.*

    We intend to offer testimony at trial from Dr. Geoffrey Loftus, an experimental psychologist with expertise in human memory, visual perception, and eyewitness identification. We anticipate that Dr. Loftus will first testify that the conditions of the event that Ms. High will be asked to recall strongly impeded her ability to form accurate memory of the event. These conditions include a likely lack of attention on Ms. High's part to the shooters' appearances, along with the high-stress and weapon-focus factors identified in *Nolan*.[3] Dr. Loftus will also testify about the corrupting effects that the passage of time and post-event information have on a witness's memory, which relate to the delay and identification-procedure factors identified by the Second Circuit in *Nolan*. We also expect that Dr. Loftus will testify that Ms. High's acquaintance with Mr. Washington made it natural and easy for her to subsequently zero in on

---

[2] In light of the twenty years that have passed since Mr. Mizell's death and the close-knit nature of the Hollis community, we anticipate that additional impairing factors may arise from the trial testimony of other witnesses and have particular concern regarding "co-witness feedback." But, because the government has not made Jencks Act disclosures yet, Mr. Washington's expert does not currently intend to opine on the identification procedures as to any particular witness other than Ms. High. After we receive the government's witness statements, Mr. Washington may update his expert notice.

[3] We anticipate that Dr. Loftus will testify that weapon focus is a consequence of lack of attention. When there is an attention-demanding object such as a gun on the scene, a witness's attention will be drawn to the gun. To the degree that attention is focused on the gun, it is not focused on other elements of the event, most importantly on the appearance of the perpetrators.

Hon. LaShann DeArcy Hall  February 27, 2023
Re: 20 Cr. 305  Page 3 of 3

him in an identification procedure and rule out all the fillers, which would likewise touch on the identification-procedure factor from *Nolan*.

      Ms. High's identifications of Mr. Washington—from the photo lineup or in open court—may be unreliable for multiple reasons. Dr. Loftus's descriptions of these reasons to the jury will provide the jurors with critical scientific information based on which they can allocate appropriate weight to Ms. High's identifications. For these reasons, Dr. Loftus's testimony is relevant and will be helpful to the trier of fact. *See* Fed. R. Evid. 702(a) ("[T]he expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."). Should the Court need further information about Dr. Loftus's anticipated testimony, we will gladly provide it.

                                Respectfully submitted,

                                Susan G. Kellman
                                Ezra Spilke
                                Jacqueline E. Cistaro

encl.