```
                                                                  1

1   UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF NEW YORK
2   -------------------------------x
                                                20-CR-305(LDH)
3   UNITED STATES OF AMERICA,
                                            United States Courthouse
4           Plaintiff,                      Brooklyn, New York

5           -against-                       January 3, 2023
                                            2:00 p.m.
6   KARL JORDAN, JR. and RONALD
    WASHINGTON,
7
            Defendants.
8
    -------------------------------x
9
          TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
10                 ALL PRESENT VIA TELECONFERENCE
            BEFORE THE HONORABLE LaSHANN DeARCY HALL
11                 UNITED STATES DISTRICT JUDGE

12  APPEARANCES

13  For the Government:        UNITED STATES ATTORNEY'S OFFICE
                               Eastern District of New York
14                             271 Cadman Plaza East
                               Brooklyn, New York 11201
15                             BY:  ARTIE McCONNELL, ESQ.
                                    MIRANDA GONZALEZ, ESQ.
16                                  - and -
                               Eastern District of New York
17                             610 Federal Plaza
                               Central Islip, New York 11722
18                             BY:  MARK E. MISOREK, ESQ.
                               Assistant United States Attorneys
19
    For the Defendant:         DIAZ & MOSKOWITZ, PLLC
20  Karl Jordan                225 Broadway - Suite 715
                               New York, New York
21                             BY:  JOHN ANTHONY DIAZ, ESQ.
                                    MARK STEVEN DeMARCO, ESQ.
22                                  - and -
                               FISCHETTI & MALGIERI LLP
23                             747 Third Avenue - 20th Floor
                               New York, New York 10017
24                             BY:  MONICA NEJATHAIM, ESQ.

25
```

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

```
 1   APPEARANCES (CONTINUED)

 2   For the Defendant:        MICHAEL O. HUESTON
                               16 Court Street - Suite 1800
 3                             Brooklyn, New York 11241
                               BY:  MICHAEL O. HUESTON, ESQ.
 4


 5
     For the Defendant:        SUSAN GAIL KELLMAN
 6   Ronald Washington         25 Eighth Avenue
                               Brooklyn, New York 11217
 7                             BY:  SUSAN GAIL KELLMAN, ESQ.
                                       - and -
 8                             LAW OFFICES OF JACQUELINE CISTARO
                               325 Broadway - Suite 505
 9                             New York, New York 10007
                               BY:  JACQUELINE CISTARO, ESQ.
10


11
     Court Reporter:           LINDA D. DANELCZYK, RPR, CSR, CCR
12                             Phone:  718-613-2330
                               Fax:    718-804-2712
13                             Email:  LindaDan226@gmail.com

14
     Proceedings recorded by mechanical stenography.  Transcript
15   produced by computer-aided transcription.

16

17

18

19

20

21

22

23

24

25
```

1        (IN OPEN COURT; ALL PRESENT VIA TELECONFERENCE.)

2        THE COURTROOM DEPUTY:  Criminal cause for a status

3   conference, Docket 20-CR-305, USA versus Jordan, et al.

4        As a reminder:  Persons granted remote access to

5   proceedings are reminded of the general prohibition against

6   photographing, recording, and rebroadcasting of court

7   proceedings.  Violation of these prohibitions may result in

8   sanctions, including removal of court issued media

9   credentials, restricted entry to future hearings, denial of

10  entry to future hearings, or any other sanctions deemed

11  necessary by the Court.

12       Counsel, please state your name for the record.

13       MR. McCONNELL:  Good morning, Your Honor.  Artie

14  McConnell, Mark Misorek and Miranda Gonzalez for the United

15  States.

16       MR. DIAZ:  Good afternoon, Your Honor.  Michael

17  Hueston, Mark DeMarco, John Diaz and Monica Nejathaim for

18  Mr. Jordan.

19       MS. KELLMAN:  Good morning, Your Honor.  Sue Kellman

20  and Jacqueline Cistaro for Mr. Washington.

21       THE COURT:  Happy new year.  Good afternoon to you

22  all.

23       The defendants have seen that the Court is in

24  receipt of a motion filed by the government today requesting

25  that the Court proceed with an anonymous jury in this action.

1  The filing of this motion is what prompted this
2  status conference, which was unscheduled, as we have a status
3  conference scheduled for next Monday, but given the nature of
4  the motion, I had no choice but to convene you all.
5  My only regret with respect to the status conference
6  is that I was unable to get you all in front of me in person
7  so that the government could fully appreciate the level of
8  dissatisfaction that I have that they can wait until
9  January 3rd, 28 business days before the trial is scheduled in
10  this matter, and 40 days in total to file this motion.
11  What on earth are you all thinking waiting until the
12  last minute? Let's start there.
13  MR. McCONNELL: Your Honor, this is Artie McConnell.
14  I apologize. I did not realize that this motion needed to be
15  made.
16  THE COURT: Is this your first rodeo with an
17  anonymous jury? Do you not have experience with anonymous
18  juries?
19  MR. McCONNELL: I do, Your Honor, and the experience
20  that I have is that it was no additional work, should I say.
21  THE COURT: Really. That's impossible. Because in
22  this district, as a general matter, summonses for anonymous
23  juries typically go out six weeks before the trial. That's
24  the typical time frame.
25  So I'm a little confused as to how you can say in

1   your experience it doesn't require any lead time and that
2   28 -- I'm talking.  I promise you this is not the day for you
3   to cut me off.  I would suggest that you pause, that you pause
4   for a long time to determine whether I'm done speaking.
5           Twenty-eight business days.  Twenty-eight business
6   days you would like for me to be able to give the defendants
7   in this case an opportunity to respond to your motion, and
8   then for me to be able to decide that motion, and then if I it
9   decide in your favor, for our jury department to send out the
10  summonses for an anonymous jury.  Unless you're assuming, of
11  course, that I'm going to grant everything that you ask for,
12  and even if I do an anonymous jury a questionnaire wouldn't be
13  involved.  The hubris attached to the timing of this motion is
14  astounding to me.  In any event, I now need to deal with the
15  motion because it is on my plate.
16          The defendants obviously you need an opportunity to
17  respond.  I'm not certain, quite candidly, how is it that I'm
18  going to be able to give you all a sufficient amount of time
19  to respond in a manner that practically would allow me to make
20  a determination in this case in a sufficient amount of time to
21  be able to proceed with an anonymous jury, even if I granted
22  the government's motion.
23          But with that said, and in case the government is
24  not around today, as I understand it because they are indeed
25  prepping for the trial, which I assume the defense is doing,

1   in any event, the only way that this is feasible, and there
2   are no guarantees that we can proceed in this way, is if the
3   defendants responded by January 10th.
4              (Court reporter interrupts for clarification.)
5              THE COURT:  So this is for Mr. Jordan.
6              The 10th of January, Ms. Kellman?
7              MS. KELLMAN:  Your Honor, we'll do our best.  We
8   started to work on it already.  I'm picking a jury on Monday
9   morning, so this is a very inconvenient time for us.  And it
10  is also an anonymous jury, and we did have six weeks' lead
11  time in that case.
12             THE COURT:  I'm curious, from the government's
13  perspective, I really would like for you to, in your mind,
14  assuming if I proceed with an anonymous jury and I granted
15  your request, I'm just curious what is the time frame that you
16  are proposing for the parties to be able to jointly, because I
17  don't -- I require a joint submission for questionnaires, for
18  the parties to meet and confer in a sufficient amount of time
19  in advance of a jury (audio interference) the date in which we
20  would *voir dire* the jury for you to be able to confer on a
21  joint questionnaire?
22             What's your thinking?  I'm assuming you have thought
23  this out, right?
24             MR. McCONNELL:  We did, Judge.  We put in the motion
25  that we would not be --

1     THE COURT:  Oh, you misunderstood me.  I said,
2 assuming I was proceeding with the questionnaire.
3     Your response, again, to the Court is we would
4 prefer to not have a questionnaire, Judge, we assume that the
5 timing would work because there would be no questionnaire.
6     My question to you, sir, is assuming there is a
7 questionnaire, what did you have in mind?
8     MR. McCONNELL:  We can get a questionnaire together
9 certainly by the end of the week.  We had conferred with
10 defense counsel leading up to the filing of the motion and
11 there was still some disagreement among the parties about
12 whether or not the parties were looking for a questionnaire or
13 not, which is why I made that statement, Judge, but we can
14 certainly get one --
15     THE COURT:  I don't proceed with a *voir dire* of
16 large numbers of jurors without a questionnaire.  So I read
17 your motion, as far as I'm concerned it's a nonstarter.
18     So what is your proposal in terms of -- I have to
19 get -- I have to get an opposition from the defendants.  But
20 I'm not getting an opposition from the defendants until the
21 10th.
22     Until I make a decision on your motion -- well,
23 first of all, let me just make sure.
24     Do the defendants intend to oppose?
25     MR. DeMARCO:  Yes, Your Honor.  Mark DeMarco, yes.

1                MS. KELLMAN:  Yes, Your Honor.  Susan Kellman.  We
2    do.
3                THE COURT:  All right, so my assumption in that
4    regard was correct.
5                Assuming the defendants give me their opposition by
6    the 10th, any summons for an anonymous jury needs to go out --
7    and this is the best saving grace the government has in this
8    regard, because typically it is this week, that is the
9    practice in this district, but because of the pandemic, they
10   shortened that time frame to four weeks that they would need
11   at least time to send out the summons to the potential jurors.
12               So that means no later then the date of -- when is
13   the summons?  So four weeks is the 16th.  That is Martin
14   Luther King Day.  Nobody is working on that day.  So then that
15   would mean that the summons would need -- the summonses would
16   need to issue by the 13th, which means that based on the
17   timing of the government's submission, the Court would have
18   two days to be able to review your motion and review the
19   opposition and make a decision.
20               So you're deciding my calendar, and I have two days
21   to decide your motion, in effect.
22               Does that sound about right, government?
23               MR. McCONNELL:  Yes, Your Honor.  I apologize.  I
24   did not think through the scheduling of this.
25               THE COURT:  No, you didn't.  Not even close.  This

1   is the least thought out motion, in terms of timing, that I've
2   ever seen.
3           So assuming I make a ruling, and assuming that
4   ruling is for the purposes of planning is in the government's
5   favor with respect to an anonymous jury, but, again, this is
6   just for the purposes of planning, the government is prepared
7   to provide it to, assuming the other side (audio interference)
8   a proposed questionnaire on the date that the government --
9   that the defendants would be providing their opposition to the
10  Court?  Is that what you indicated?
11          MR. McCONNELL:  Yes, Your Honor.
12          THE COURT:  To the defendants.  Assuming that you
13  receive any proposed opposition to -- I mean, excuse me,
14  proposed questionnaire, I'm assuming that -- I shouldn't
15  assume -- you'd be able to meet and confer with sufficient
16  time so I could have any proposed questionnaire by -- I'm on
17  trial.  Hold on.  I have two trials in January.
18          This is to the government.  The world does not
19  revolve around your case.  I have two trials, one the week of
20  the 7th and one on the week of the 23rd?  The 31st of January.
21          Mr. DeMarco?
22          MR. DeMARCO:  Judge, I know for a fact, and everyone
23  involved in this case, Ms. Kellman is starting a terrorism
24  trial on Monday before Judge Garaufis.  Because has she made
25  it abundantly clear to everyone involved in this case for at

1 least six months, and it was an issue as far as scheduling
2 this trial.
3 Now I'm not going to speak for Ms. Kellman, she's
4 certainly able to speak for herself, I don't know how she is
5 going to break away from a terrorism trial to focus on the
6 questionnaire with us. But she can let the Court know if
7 she's able to --
8 THE COURT: Ms. Kellman?
9 MS. KELLMAN: No, I think Mr. DeMarco has hit the
10 nail on the head, Judge. I've been (audio interference) in
11 this trial for two years, meaning the trial, since (audio
12 interference) last minute, while I am literally going to be on
13 trial on the terrorism case, which requires, you know, my
14 attention, I don't see how it's responsible for me, Your
15 Honor, to do it. We'll figure it out. But it's way below
16 optimal and not fair to my client, frankly.
17 THE COURT: Yes, but, look, these are the issues
18 that I'm confronting, is that if the government is --
19 persuades me that an anonymous jury is necessary in this case,
20 we're talking about security (audio interference), I would
21 love to reflectively tell the government that they waited too
22 long and they can go pound sand with respect to their request,
23 but I'm not going to do that, given the nature of this
24 request.
25 So what it comes down to, ultimately, is that we

1   have to make -- I will ultimately make a determination as to
2   whether the government has persuaded me that an anonymous jury
3   is necessary, and then I will certainly hear, in your
4   opposition, any -- you know, the view of the defendants with
5   respect to proceeding now.
6            But the problem is if I believe that an anonymous
7   jury is necessary, I wouldn't see the jury unless it's
8   anonymous, which would leave two choices, right?  You all
9   hurry to get this done.  I'll see if I can stand on my head
10  and chew bubble gum to accomplish what I would have to
11  accomplish as well, or we move the trial date.  Those are the
12  options, folks.
13           Counsel?  Mr. DeMarco?  Defense?  Sorry, I was
14  talking and I was on mute.  Probably the most effective I have
15  been.
16           MR. DeMARCO:  (Audio interference) let's see what
17  you decide, Judge.  We're both opposing, and the timing of
18  this motion certainly is an issue that you'll have to consider
19  in our opposition.
20           THE COURT:  No, no, no, no, no (audio interference)
21  you're not -- Mr. DeMarco, the question that I'm deciding on
22  the motion is whether an anonymous jury is necessary.
23           You have to make substantive arguments in that
24  regard.  That is a completely different question than what is
25  the consequence of this Court determining that an anonymous

1   jury is necessary, meaning the practical reality of making

2   that determination exactly four weeks, which would be the

3   earliest date I could possibly do it, before the trial.  Less

4   than 28 business days at that point.  Twenty business days, 21

5   business days, before trial.  That's the question.

6               MR. DeMARCO:  Each -- I think every defense lawyer

7   involved in this case has trials stacked up because of the

8   pandemic until June 2023.  I know I do.

9               So to move this trial, we're talking not weeks but

10  months, maybe even a year --

11              THE COURT:  Oh, I know, Mr. DeMarco, your trial

12  calendar is no different than mine, which is why I'm a bit

13  apoplectic right now that the government would put us all in

14  this position.

15              I need the defendants to -- it's irrespective of

16  what my decision is -- well, that's not true, obviously, if I

17  said "no anonymous jury," but I need to know if I did say

18  "anonymous jury," you all need to start thinking about this

19  issue, because you may have to answer that question.

20              MR. DeMARCO:  Right, I'm pretty confident the team

21  would like to move forward, because our client wishes to move

22  forward for his day in court, but I can't speak for

23  Mr. Washington's case.

24              THE COURT:  Ms. Kellman?

25              MS. KELLMAN:  Your Honor, I think that's the problem

1   (audio interference) and Your Honor (audio interference) as
2   best as anyone could, and I think perhaps Mr. DeMarco's
3   suggestion that we have an opportunity perhaps to confer with
4   each other and confer with the government and make the
5   analysis.
6              THE COURT:  Yes, why don't you all do that right
7   now, and you'll see this reflected in an order.
8              I'm going to direct the defendants to respond to the
9   government's motion by January 10th.  But, you know, I have
10  two trials in January myself, back-to-back trials scheduled
11  throughout most of the year (audio interference) trials
12  schedule through the fall, so...
13             MS. KELLMAN:  I'm in the same position, Judge,
14  because I am also scheduled through the fall.
15             THE COURT:  Yes, so as a practical matter, the
16  clerk's office needs four weeks to send out the summonses, but
17  it can't do that until I make a decision.  I can't make a
18  decision until I've given the defense an opportunity to be
19  heard, which gives me basically a day to rule on this -- on
20  the motion.  The question however then -- because, again, I'm
21  telling you, a non-questionnaire anonymous jury is a
22  nonstarter for me.  The question is about your ability to meet
23  and confer to provide the Court with a joint questionnaire.
24             You all should be talking about that in the coming
25  days, and then let's set a status conference for the -- wait,

1   hold on, for the 9th?  We have one on the 9th?
2           I'm going to see you guys on the 9th.  Be prepared
3   to address this issue on the 9th.
4           And to the extent conferring with the government
5   would move this along, I recommend that you do so.
6           MR. McCONNELL:  Will do.
7           MR. DeMARCO:  Will do, Your Honor.  Thank you.
8           THE COURT:  I assume the government has little to
9   say at this point, but is there anything from the government?
10          MR. McCONNELL:  No, Your Honor.  Again, I apologize.
11  I did not -- I was unaware of the time restrictions, and I
12  certainly did not think through the response and decision
13  timing of this, so I have nothing to say other than I'm sorry
14  for putting the Court and the parties in this situation, and
15  we'll do whatever we can to move things along.
16          THE COURT:  Yes.
17          Anything else from the defense?
18          MR. DIAZ:  No.  Thank you, Your Honor.
19          MS. KELLMAN:  No.  Thank you, Your Honor.
20          THE COURT:  You broke up, Ms. Kellman.
21          Was there anything else?
22          MS. KELLMAN:  Nothing else.  Thank you, Judge.
23          THE COURT:  I'll see you all on the 9th.
24          Thank you all.
25          (Whereupon, the matter was concluded.)

*LINDA D. DANELCZYK, RPR, CSR, CCR*

I certify that the foregoing is a correct transcript from the
record of proceedings in the above-entitled matter.
/s/ Linda D. Danelczyk           January 26, 2023