1

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
                                          20-CR-305(LDH)
UNITED STATES OF AMERICA
                                          United States Courthouse
                                          Brooklyn, New York
         -against-
                                          July 11, 2023
                                          11:30 a.m.
KARL JORDAN, RONALD
WASHINGTON and JAY BRYANT,

         Defendants.
-------------------------------x

         TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
              BEFORE THE HONORABLE LaSHANN DeARCY HALL
                    UNITED STATES DISTRICT JUDGE

APPEARANCES

For the Government:       UNITED STATES ATTORNEY'S OFFICE
                          Eastern District of New York
                          271 Cadman Plaza East
                          Brooklyn, New York 11201
                          BY:  ARTIE McCONNELL, ESQ.
                               MIRANDA GONZALEZ, ESQ.
                          Assistant United States Attorneys


For the Defendant:        DIAZ & MOSKOWITZ, PLLC
Karl Jordan               225 Broadway
                          Suite 715
                          New York, New York
                          BY:  JOHN ANTHONY DIAZ, ESQ.

                          MICHAEL O. HUESTON, ATTORNEY AT LAW
                          16 Court Street - Suite 1800
                          Brooklyn, New York 11241
                          BY:  MICHAEL O. HUESTON, ESQ.

                          FISCHETTI & MALGIERI LLP
                          747 Third Avenue - 20th Floor
                          New York, New York 10017
                          BY:  MONICA NEJATHAIM, ESQ.
```

*LINDA D. DANELCZYK, RPR, CSR, CCR*
*Official Court Reporter*

```
 1  APPEARANCES (CONTINUED)

 2  For the Defendant:      SUSAN GAIL KELLMAN, ESQ.
    Ronald Washington       25 Eighth Avenue
 3                          Brooklyn, New York 11217

 4                          LAW OFFICES OF EZRA SPILKE, PLLC
                            1825 Foster Avenue - Suite 1K
 5                          Brooklyn, New York 11230-1834
                            BY:  EZRA SPILKE, ESQ.
 6
    For the Defendant:      THE LAW FIRM OF CESAR De CASTRO, P.C.
 7  Jay Bryant              111 Fulton Street - 602
                            New York, New York 10038
 8                          BY:  CESAR DE CASTRO, ESQ.
                                 SHANNON MICHAEL McMANUS, ESQ.
 9
    Also Present:           ANNA NOVEMBER
10

11  Court Reporter:         LINDA D. DANELCZYK, RPR, CSR, CCR
                            Phone:  718-613-2330
12                          Fax:    718-804-2712
                            Email:  LindaDan226@gmail.com
13


14
    Proceedings recorded by mechanical stenography.  Transcript
15  produced by computer-aided transcription.

16

17                  *     *     *     *     *

18

19          (In open court.)

20          (Defendants enter the courtroom.)

21          THE COURTROOM DEPUTY:  Good afternoon.  This is a

22  criminal cause for a status conference in the matter of USA

23  versus Karl Jordan, Ronald Washington and Jay Bryant, Docket

24  Number 20-CR-305.

25          Can counsel please state their appearance for the
```

1  record, starting with the government.

2           MR. McCONNELL:  Good afternoon, Your Honor.  Artie

3  McConnell, Miranda Gonzalez for the United States.  We're

4  joined at counsel table by Anna November, a paralegal.

5           THE COURT:  All right, good afternoon.

6           MR. HUESTON:  Good afternoon, Your Honor.  Michael

7  Hueston, John Diaz and Monica Nejathaim for Karl Jordan.

8           THE COURT:  Good afternoon.

9           MS. KELLMAN:  Good afternoon, Your Honor.  Susan

10 Kellman for Ronald Washington, who is present in the court.

11 Good afternoon, Judge.

12          THE COURT:  Good morning.

13          MR. McMANUS:  Good afternoon.  Shannon McManus for

14 Jay Bryant, who's first in the box.

15          THE COURT:  All right, good afternoon to you all as

16 well.

17          And good afternoon, gentlemen.

18          All right, folks, this is our second status

19 conference since the most resent superseding indictment.

20          I want to confirm that Mr. Bryant was indeed

21 arraigned before the magistrate judge, as directed by this

22 Court?

23          MR. McCONNELL:  Yes.

24          THE COURT:  All right, perfect.

25          I'll hear first from the government concerning any

1   updates on where we are, and then I'll take it from -- I'll
2   turn to the defense and take it from there.
3               MR. McCONNELL:  Your Honor, at the last status
4   conference we discussed some disclosures that needed to be
5   made to the defense.  We did those promptly and in accordance
6   with the schedule that was set by the Court at the last status
7   conference.
8               We also produced all the discovery in the case to
9   Mr. Byrant's counsel, and we remain in communication with them
10  and available to discuss that discovery to the extent they
11  need any assistance going through it efficiently.
12              While we don't have any additional matters or
13  material, I should say, to produce to any of the defendants, I
14  will note that there was an additional contraband phone that
15  was recovered from Mr. Jordan, along with a ceramic knife, I
16  believe from his jail cell, which the government is in the
17  process of exploiting, and to the extent that there's any
18  information that's relevant to the case that we discover,
19  we'll produce that to the defense and notify the Court
20  accordingly.
21              The last issue, with respect to Mr. Bryant, in our
22  discovery production, we also made our typical reciprocal
23  discovery demands, one of which was a request for any alibi
24  notice, which we are still in the process of waiting for.
25              THE COURT:  All right.  So in the government's mind,

1  the *Brady* issues that we discussed largely at sidebar at the
2  last conference have been resolved, at least in the
3  government's estimation?
4           MR. McCONNELL:  Yes.
5           THE COURT:  All right, great.
6           All right, I'll hear from the defense.
7           MR. HUESTON:  I'll start, Your Honor.
8           I can confirm that the government did make its
9  disclosures to us, and we have nothing to discuss about that
10 matter any further, so we're set with that.
11          THE COURT:  Good.  Perfect.
12          MS. KELLMAN:  It's the same, Your Honor, we've
13 gotten disclosures and we have nothing further.
14          THE COURT:  All right, Mr. Bryant.  Well, counsel
15 for Mr. Bryant.
16          MR. De CASTRO:  Thank you, Judge.
17          Can I sit just so I can use the mic?  I mean, I can
18 stand.
19          THE COURT:  Look how that works.
20          MR. De CASTRO:  So a few things to raise.
21          Our first time here on this case, and so I know the
22 Court is aware of my other sort of scheduling issues.
23          THE COURT:  Because of Judge Cogan's order?
24          MR. De CASTRO:  Correct.
25          So I think that sort of resolves the issue.  I can

1 tell you that -- I mean, I have to raise this now, because
2 there is, in my view, there is little to no way I can be ready
3 in January for this trial, and let me explore that.
4 First, Mr. Bryant has been in custody for over a
5 year on a separate matter before Judge Cogan. That case, the
6 government has made no offer on that case, we were geared up
7 for trial and scheduled for December 18th, it's still
8 scheduled for December 18th, and so my schedule is the
9 following:
10 I have a trial -- my July trial, which was supposed
11 to be more than a month, pled last minute, but will include
12 what will probably be a trial-like *Fatico* hearing. It is the
13 indictment against the former president or the current
14 president of Venezuela, and it's a general charge under that
15 indictment. That *Fatico* hearing I anticipate might be lengthy
16 and it's a lot of work to prepare for. That's some time in
17 the fall.
18 But prior to that, I have a September 11th trial
19 where I represent Joshua Schulte, who is the former CIA
20 employee that is charged in an espionage case and now a child
21 pornography case. That trial starts September 11th before
22 Judge Furman.
23 We have the December 18th Bryant trial, and then I
24 have a February 12th trial before Judge Vitaliano.
25 So just in practically speaking, I can't try

1    something on January 29th and February 12th.

2             THE COURT:  What is the case -- what is the

3    Judge Vitaliano trial?  Is it a single defendant?

4             MR. De CASTRO:  No, it's a multi-defendant sex

5    trafficking trial.  My client's the lead defendant.  I don't

6    if it's a trial.

7             THE COURT:  You don't know what?

8             MR. De CASTRO:  I don't know if it's going to

9    actually go, of course, meaning whether my client -- I can

10   tell you this.  My client's not been made an offer, and he has

11   indicated to me he wants to try the case.  So that's where I

12   am on that.

13            And so that -- Judge Cogan's order doesn't fix that

14   piece.  But even putting that aside, even if that were fixed,

15   there's just so much for us to do in this case.

16            I have heard of the potential of these charges when

17   Mr. Bryant was brought to the district, but certainly he was

18   not charged.

19            When he was brought to the district, the government

20   was prepared to try these defendants without Mr. Bryant.  And

21   so I don't see why a trial cannot continue because it would

22   screw up their rights -- the two defendants' right to a speedy

23   trial.  A trial can continue without Mr. Bryant, as it was

24   going to happen anyway.

25            And then we can prepare for what we have, which

1    is --

2            THE COURT: You submitted a letter to the Court on

3    this subject. Did that letter include the February 12th

4    issue?

5            MR. De CASTRO: Yes.

6            THE COURT: All right.

7            I'm not going to rule on this right at this moment.

8    Let me take this under advisement, let me see what I can sort

9    out and make sense of -- everybody's trial calendar is

10   particularly full. Yours, apparently is as well, and then

11   we'll see where we are. But I appreciate you laying it out

12   for me.

13           MR. De CASTRO: In any event, so I want to be

14   prepared for this trial, which is apparently there might be a

15   trial if there's not going to be a resolution, and I just want

16   sufficient time. And the defendants, the other two defendants

17   in this case have had time.

18           Just to remind the Court, my client is the client

19   that the government has provided evidence that there was a DNA

20   hit and it's a mixture DNA. So I need to have an expert

21   review that and time to deal with that. So there's going to

22   be extensive work for us to do.

23           THE COURT: Fair enough.

24           Remind me, did the government respond to counsel's

25   letter concerning the trial date for Mr. Bryant and whether a

1 severance would be appropriate? Did you respond?

2 MR. McCONNELL: We did not. It wasn't styled as a

3 severance motion. We're happy to respond.

4 THE COURT: I want to know, but not in this moment,

5 I rather know in a written submission what the government's

6 view of it, taking into account the arguments that were made

7 in the written submission, as well as the arguments that were

8 made here today.

9 MR. McCONNELL: Sure.

10 MR. De CASTRO: Thank you, Judge, if I may.

11 So we are, I think, depending on the Court's

12 decision in terms of us, we would be making a severance

13 motion. Because as I understand it, first of all, both of the

14 other defendants will be pointing at us. They may be pointing

15 at each other. So they're antagonistic defenses. We will be

16 having to defend the case --

17 THE COURT: No, I get that.

18 MR. De CASTRO: I don't want to have to do that.

19 THE COURT: I don't want to have to do that, if it's

20 not necessary.

21 If this becomes a scheduling issue that makes it

22 impossible, and you don't have to brief this, then let's just

23 figure it out that way. But if it turns out that the

24 scheduling issues could be overcome and then I have to

25 entertain a severance motion, I will.

1                Yes?

2                MR. McCONNELL:  I agree.

3                THE COURT:  Okay, good.

4                Anything else from the defense's perspective that
5    the Court needs to be updated on?

6                No?  All right.

7                I have, so that the parties know, reviewed the
8    questionnaire that was submitted in connection with the
9    upcoming trial scheduled for January.

10               What I would like for Mr. Bryant, if we start to --
11   counsel for Mr. Bryant, I need you to familiarize yourself
12   with the questionnaire, to the extent that you've become
13   applicable to you, and I will address that in the future, but
14   I wanted to raise that as an issue.

15               By and large, I don't have any issues with it.  I do
16   have some questions about a couple of the questions, and then
17   we'll resolve that.  But I think that we are, in most
18   respects, to go with respect to the questionnaire.

19               How much time do you need to respond on the
20   scheduling issue?  This is to the government.  On the
21   scheduling issue for Mr. Bryant?

22               MR. McCONNELL:  Is two weeks too long, Judge?

23               THE COURT:  Not for me.

24               MR. McCONNELL:  Okay.

25               THE COURTROOM DEPUTY:  July 25th.

1           THE COURT:  July 25th.  Okay.

2           Is there anything else that I need to address?  If

3   not, we're going to set this down for the next status

4   conference.

5           What is the time that you all think you want?

6           MR. McCONNELL:  I think 60 days should work.

7           The only additional issue is the exclusion of time

8   for Defendant Bryant was only up until today, and I believe

9   for the other defendants goes up until the scheduled trial

10  date.

11          THE COURT:  All right, let's exclude time until the

12  next status conference for Mr. Bryant for now.  I don't have

13  any clarity, obviously, on the trial date for Mr. Bryant.

14          Sixty days, does that sound about right to the

15  defense counsel with respect to a status?

16          MR. HUESTON:  Yes, Your Honor, that sounds great.

17          THE COURT:  All right.

18          MS. KELLMAN:  Your Honor, just I start a six-week

19  trial on September 11th.

20          THE COURT:  Of course you do.

21          MS. KELLMAN:  But it's in the building, and whatever

22  date Your Honor picks, we can do it perhaps at the lunch break

23  or 4:30.

24          THE COURT:  And I don't think we'll be here long.

25          We'll do it the week of September 18th, but we'll do

1   it at the -- let's do it --

2   MS. KELLMAN: Your Honor, if the Court would agree,
3   the 6th, 7th and 8th?  No, okay.

4   THE COURT: What's better or worse for you,
5   lunchtime or in the late afternoon?

6   THE MARSHAL: Lunch is better.

7   THE COURT: Lunch is better, okay.  Thank you.

8   MR. De CASTRO: Judge, I'm starting trial
9   September 11th, but the later part of that week we should be
10  wrapped is my hope.

11  THE COURTROOM DEPUTY: The latter part of?

12  MR. De CASTRO: Of that September 18th week.

13  THE COURT: Okay.

14  September 21st at 1 p.m., folks?

15  MR. HUESTON: That's fine, Your Honor.

16  MS. KELLMAN: That's fine, Judge.

17  THE COURT: All right.

18  Do I have an application for an order of excludable
19  delay from the government?

20  MR. McCONNELL: Yes, Your Honor, the time between
21  now and the next status conference date should be excluded in
22  the interest of justice.  The parties are still conferring
23  obviously on outstanding issues which need to be written on
24  and discussed, and for those reasons we believe exclusion is
25  appropriate.

1  THE COURT: All right. This is really most
2  pertinent with respect to Mr. Bryant.
3  Is there any objection to the order that -- the
4  request of the government?
5  MR. De CASTRO: No objection.
6  DEFENDANT JORDAN: Yeah, I object.
7  THE COURT: Okay, hold on. Hold on.
8  Your counsel represents you, gentlemen.
9  No, no, no. Excuse me.
10  (Pause in the proceedings.)
11  MS. KELLMAN: Your Honor, we didn't have a chance to
12  speak with our clients, perhaps we can possibly just have a
13  minute?
14  THE COURT: Hold on. Okay, hold on.
15  I need everybody to bring the temperature down.
16  Understand this. I mean, everybody be quiet.
17  This trial, sir, is scheduled to go forward in
18  January. I am not trying it before January. So you can stomp
19  your feet and yell out in my courtroom and disrupt my
20  proceeding, if you like. It is not going to change the fact
21  that this trial is going forward in January.
22  DEFENDANT JORDAN: Understood.
23  THE COURT: Thank you.
24  I just need you to respect my house.
25  DEFENDANT JORDAN: I understand.

THE COURT: Okay, so you two are going to talk about this, but this is my house.

DEFENDANT JORDAN: Understood.

THE COURT: All right.

The application for an order of excludable delay, and this is respect to Mr. Bryant specifically, as I've already entered an order of excludable delay with respect to the other defendants is granted.

Is there anything else that we need to address?

MR. McCONNELL: Not from the government, Judge. Thank you.

MR. HUESTON: Nothing further.

MS. KELLMAN: Nothing further. Thank you.

THE COURT: Thank you. We are adjourned.

(Whereupon, the matter was concluded.)

\* \* \* \* \*

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/ Linda D. Danelczyk          July 11, 2023

LINDA D. DANELCZYK          DATE