

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NB:JAM/MEM/MG
F. #2017R00509

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 24, 2023

<u>By ECF</u>

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>United States v. Karl Jordan, Jr., et al.</u>
            <u>Criminal Docket No. 20-305 (S-2) (LDH)</u>

Dear Judge DeArcy Hall:

      This letter is in response to the Court's July 11, 2023 Order, directing the government to address defendant Jay Bryant's June 14, 2023 request for severance and/or adjournment of the January 29, 2024 trial date based on defense counsel's scheduling conflicts. ECF No. 158. For the reasons set forth herein, the government opposes any severance or adjournment of the trial date.

      Severance of the instant matter would necessitate two separate trials of the same homicide. This would require: (1) the same witnesses, many of whom are located out of state, to appear twice; (2) the presentation of the same evidence; (3) the victim's family to endure two trials; and (4) the cost and time of selecting two juries in a highly publicized process. These concerns have been repeatedly recognized by the Second Circuit, and it is well settled that there is a "preference in the federal system for joint trials of defendants who are indicted together." <u>In re Terrorist Bombings of U.S. Embassies in E. Africa</u>, 552 F.3d 93, 131 (2d Cir. 2008) (quoting <u>Zafiro v. United States</u>, 506 U.S. 534 (1993)); <u>see also</u> <u>United States v. Yousef</u>, 327 F.3d 56, 149 (2d Cir. 2003). Joint trials "promote efficiency" and "serve the interests of justice" by, <u>inter alia</u>, avoiding inconsistent verdicts, not requiring the same witnesses to testify repeatedly, preserving judicial resources and avoiding delays. <u>Zafiro</u>, 506 U.S. at 537; <u>see also</u> <u>Bruton v. United States</u>, 391 U.S. 123, 134 (1967) (finding that joint trials conserve government resources, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crimes to trial); <u>United States v. Feyrer</u>, 333 F.3d 110, 114 (2d Cir. 2003) (holding that for reasons of economy, convenience and avoiding delay, there is a preference for joint trials). Where, as here, joinder in a single indictment pursuant to Rule 8 is proper, there is a strong presumption that the defendants should be tried together. <u>See</u> <u>United States v. Ramos</u>, 346 F. Supp. 2d 567, 569 (S.D.N.Y. 2004) (citations omitted). The presumption under Rule 8 is even

stronger when "the crime charged involves a common scheme or plan." Id.; accord United States v. Turoff, 853 F.2d 1037, 1042-43 (2d Cir. 1988). Indeed, district courts have repeatedly observed that "co-conspirators should be tried together whenever feasible." United States v. Khmelnitski, No. 10-CR-459, 2012 WL 482022, at *2 (E.D.N.Y. Feb. 14, 2012) (quoting United States v. Gambino, 729 F. Supp. 954, 970 (S.D.N.Y. 1990)).

The scheduling concerns articulated by Bryant's counsel do not justify severance. While counsel noted a trial in September 2023 and a Fatico hearing sometime in the fall, the length of those proceedings does not preclude adequate preparation for the instant trial, which is a single-incident, two-count murder conspiracy that the government has estimated will take less than three weeks to conclude.[1] Bryant's other pending case in this District, No. 22-CR-415 (BMC), which is currently scheduled for trial on December 18, 2023 with a backup date of January 29, 2024, no longer presents an obstacle, as per Judge Cogan's June 30, 2023 Order, stating that "if this case cannot be tried on 12/18/23 . . . the 1/29/24 date for this case will yield to Judge DeArcy Hall's case since her case is an older, multiparty case." June 30, 2023 Dkt. Entry, No. 22-CR-415. The government is prepared to try the case before Judge Cogan on December 18, 2023, or at a date convenient to the Court and defense counsel after the conclusion of the instant January 29, 2024 trial.

The one trial cited by Bryant's counsel that presented a potential conflict is United States v. Chen, et al., No. 22-CR-158 (ENV), which was scheduled to begin on February 12, 2024. However, during the recent July 19, 2023 status conference in that case, Judge Vitaliano indicated that he will not try all nine defendants in a single proceeding, but rather will conduct two trials, with the first beginning on February 12, 2024 and the second scheduled for March 25, 2024. Bryant's counsel stated on the record that he did not have a conflict with the March 25, 2024 date. As such, the instant trial in January will not conflict with that trial proceeding in March. Additionally, having conferred with the Assistant United States Attorneys in Chen, plea negotiations with all of the Chen defendants are ongoing and may result in a disposition of that case before trial.

Further, Bryant has known the facts of this case and been aware of the likelihood that he might be added as a defendant for almost a year. The government advised Bryant's former defense counsel as early as July 1, 2022, the day Bryant was arrested and charged federally in the Eastern District of Pennsylvania, that Bryant may be charged in the instant matter. He was also informed that Bryant was the individual referenced as "Co-Conspirator 1" in prior government filings, including its motions in limine and supplemental filings. The government then engaged in substantive conversations with Bryant's current defense counsel and advised that it was likely Bryant would be charged with Mizell's murder. Two weeks before the superseding indictment, in May 2023, the government informed defense counsel that it would be presenting an indictment before the grand jury to add Bryant as a defendant, and the government promptly produced all discovery in the case thereafter. See ECF Nos. 151, 159. Finally,

---

[1] During the July 11, 2023 status conference in the instant case, Bryant's defense counsel estimated that the September 11, 2023 trial would conclude towards the latter part of the week of September 18, 2023. See July 11, 2023 Status Conference Tr. 12:8-12. Sentencing in the second proceeding is scheduled for October 4, 2023, and a separate Fatico hearing has not yet been scheduled by that court. See No. 11-CR-205 (S.D.N.Y.).

2

although counsel for Bryant has suggested that he may be unable to retain and prepare a DNA expert in the case before the January 29, 2024 trial, the DNA evidence in the case is neither voluminous nor complex, and counsel has approximately six months to analyze and exploit these materials as part of any defense.  Accordingly, the concerns voiced by Bryant's counsel are not unique and do not warrant severance of the case.[2]

Here, the factors favoring a consolidated trial are substantial, there remains adequate time to prepare for trial and the defendant has known about the pending charges against him for some time.  Accordingly, the government respectfully requests that the Court deny the defendant's motion to sever and/or adjourn the January 29, 2024 trial.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant U.S. Attorneys
(718) 254-7000

cc: All Counsel of Record (by ECF)

---

[2] Counsel has alluded to possible antagonistic defenses as being a basis for severance. The government is prepared to address those concerns and respond promptly to a motion on this issue.

3