THE LAW FIRM OF

# César de Castro, P.C.

ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Facsimile
cdecastro@cdecastrolaw.com
cdecastrolaw.com

July 25, 2023

*Via* **ECF**

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Jordan, et al.,* 20 Cr. 305 (LDH)

Dear Judge DeArcy Hall,

We write to briefly reply to the government's opposition to Mr. Bryant's request to adjourn the trial date. Dk. No. 167. As I believe I made clear at the last conference, it is the defense's firm belief that it cannot be ready for trial on January 29, 2024. I am confident, that if the defense were forced to try this case on that date, Mr. Bryant would be deprived of the effective assistance of counsel by no fault of his own or defense counsel. We simply do not have the bandwidth to prepare for this trial in time.

As the government makes very clear in its letter opposition, this dilemma is one its own making. It chose, not the defense, to wait approximately 7 years (the amount of time from when it learned that Mr. Bryant was allegedly one of multiple contributors to a DNA sample taken from an item recovered at the scene of the crime) to charge Mr. Bryant in this case. More than one year ago, in July 2022, Mr. Bryant was arrested in an unrelated narcotics conspiracy and the government informed defense counsel that it was unsure but it was *unlikely* that he would be added to this matter and instead, they would determine if they were going to try and enhance his sentence on the drug matter by proving his involvement in the Jason Mizell murder. As it further notes, it was not until two weeks before the superseding indictment in this case that it informed the defense that it was "authorized" to seek an indictment against Mr. Bryant.

Significantly, as I noted at our last status conference, the government was prepared to try this case without Mr. Bryant in November 2022, and February 2023, ***after***, they had arrested and were prosecuting Mr. Bryant in his case before Judge Cogan, and allegedly determining whether to charge him with the murder of Jason Mizell.

Furthermore, the government's opposition makes clear that they do not understand the realities of being a busy small firm federal practitioner.  I am the owner of a small practice in which I employ one lawyer full time, one paralegal full time, and have other "of counsel" attorneys that assist me when needed.  We do not have the luxury of the government to mobilize any and all resources in order to be ready to try a case whenever requested.  Unlike the government, we are required to provide zealous advocacy to all of our clients as guaranteed by the Sixth Amendment to the United States Constitution.  We are not robots, we are humans with professional responsibilities and lives outside of the office.  The government writes that we have "adequate time to prepare for trial" but fails to detail when it believes the defense can accomplish that task given our current scheduled obligations.

- From August to September, we will be preparing for a trial before the Honorable Jesse M. Furman to which we were only recently switched from standby counsel for a *pro se* defendant to lead counsel taking over all aspects of the defense.

- Following that trial, we will be preparing for October sentencing proceedings that may involve a substantial 3500 production and *Fatico* litigation.  The government intends to prove that our client was involved in shipping hundreds if not thousands of tons of cocaine from Venezuela to the United States and will be seeking 30 years imprisonment in a highly publicized proceeding.

- During that time, we need to review a massive trove of potential new evidence we have received in a matter for which Judge Cogan just granted us a five-month adjournment of our motions deadlines after receiving an *ex parte* sealed submission from the defense detailing, among other things, the amount of materials we must review.  Our substantial post-trial motions in that matter are now due on December 15, 2023.

- We also need to prepare for the trial in Mr. Bryant's drug case for which he has been detained for more than one year that is scheduled to commence on December 18, 2023.  The government's argument related to that trial is interesting.  It claims that defense counsel can still try that matter in December 2023, or if it is necessary it can be adjourned to the Spring.  That argument is interesting because after December 18, 2023, there will be no legitimate basis to exclude time on that matter under the Speedy Trial Act.  The government explicitly refused to make Mr. Bryant any offer on that case absent his cooperation in this one.

- We then have a trial scheduled for February 12, 2023.  Our client is the lead defendant and based on my conversations with the government, it intends to try him in February and not the later March date and has not extended any plea offers to the client.

At best, of the six months remaining before this scheduled trial, taking into account my obligations to other matters, including at least eight sentencings for other clients, we will have two months to prepare for a case for which my client could face life imprisonment if convicted.  And that does not even take into account my personal responsibilities to my family that includes

being present in the lives of my two young children which I take just as seriously as any professional obligations.  It also does not take into account the issue of legal severance given that both trial defendants will certainly be pointing their fingers at us given the alleged presence of Mr. Bryant's DNA and the alleged admission he made – an admission that the government believes was a lie.

Accordingly, we respectfully renew our request that the Court order the government to try this case against the two defendants for which the case has been pending for approximately three years to permit Mr. Bryant to be afforded his Constitutionally protected right to counsel and a zealous defense.


Respectfully submitted,

/s/

César de Castro

cc: All Parties *(via* ECF)