1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,          : 20-CR-00305(LDH)
                                   :
                                   :
                                   :
       -against-                   : United States Courthouse
                                   : Brooklyn, New York
                                   :
                                   :
                                   : Thursday, June 1, 2023
JORDAN, et al.,                    : 2:30 p.m.
                                   :
            Defendants.            :
                                   :
- - - - - - - - - - - - - - - X

*** **CONTAINS SEALED PORTION** ***
TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE LaSHANN DeARCY HALL
UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S :

For the Government:  BREON PEACE.
                     United States Attorney
                     Eastern District of New York
                     271 Cadman Plaza East
                     Brooklyn, New York 11201
                 BY:  ARTIE McCONNELL, ESQ.
                      MIRANDA GONZALEZ, ESQ.
                      Assistant United States Attorneys


                     EASTERN DISTRICT OF NEW YORK
                     610 Federal Plaza
                     Central Islip, New York 11722
                 BY:  MARK E. MISOREK, ESQ.
                      Assistant United States Attorney


Court Reporter:  Stacy A. Mace, RMR, CRR, RPR, CCR
                 Official Court Reporter
                 E-mail:  SMaceRPR@gmail.com
Proceedings recorded by computerized stenography.  Transcript
produced by Computer-aided Transcription.

2

```
 1                  A P P E A R A N C E S:   (Continued)

 2

 3   For Defendant 1:       LAW OFFICES OF MARK S. DeMARCO
                                52 Duane Street
 4                              7th Floor
                                New York, New York 10007
 5                          BY:  MARK STEVEN DeMARCO, ESQ.

 6
                            MICHAEL O. HUESTON
 7                              350 Fifth Avenue
                                Suite 4810
 8                              New York, New York 10118
                            BY:  MICHAEL O. HUESTON, ESQ.
 9

10                          DIAZ & MOSKOWITZ, PLLC
                                225 Broadway
11                              Suite 715
                                New York, New York 10007
12                          BY:  JOHN ANTHONY DIAZ, ESQ.

13
                            FISCHETTI & MALGIERI, LLP
14                              747 Third Avenue
                                20th Floor
15                              New York, New York 10017
                            BY:  MONICA NEJATHAIM, ESQ.
16

17   For Defendant 2:       SUSAN GAIL KELLMAN, ESQ.
                                25 Eighth Avenue
18                              Brooklyn, New York 11201
                            BY:  SUSAN G. KELLMAN, ESQ.
19

20                          LAW OFFICES OF EZRA SPILKE, PLLC
                                1825 Foster Avenue
21                              Suite 1K
                                Brooklyn, New York 11230-1834
22                          BY:  EZRA SPILKE, ESQ.

23
                            LAW OFFICES OF JACQUELINE E. CISTARO
24                              325 Broadway
                                Suite 505
25                              New York, New York 10007
                            BY:  JACQUELINE E. CISTARO, ESQ.
```

SAM     OCR     CRR     RPR
225 Cadman Plaza East / Brooklyn, NY 11201
smacerpr@gmail.com
Proceedings recorded by mechanical stenography; transcript produced by Computer-Aided Transcription.

Proceedings                                    3

1                        (In open court.)

2              THE COURTROOM DEPUTY:  All rise.

3              (Judge LaSHANN DeARCY HALL entered the courtroom.)

4              (Defendants entered the courtroom.)

5              THE COURTROOM DEPUTY:  Good afternoon.

6              This is a criminal cause for a status conference in

7    the matter of USA versus Karl Jordan and Ronald Washington,

8    docket number 20-CR-305.

9              Can counsel please state their appearance for the

10   record, starting with the Government.

11             MR. McCONNELL:  Good afternoon, Your Honor.

12             Artie McConnell, Mark Misorek and Miranda Gonzalez

13   for the United States.

14             We're joined at counsel table by our paralegal, Anna

15   November.

16             THE COURT:  All right.  Good afternoon to you all.

17             MR. HUESTON:  Good afternoon, Your Honor.

18             Michael Hueston, Mark DeMarco, John Diaz and Monica

19   Nejathaim for Mr. Jordan.

20             MR. DeMARCO:  Hello, Your Honor.

21             MR. DIAZ:  Hello.

22             THE COURT:  Hello.  Good to see you.

23             MS. KELLMAN:  Good afternoon, Your Honor.

24             Susan Kellman, Ezra Spilke, Jacqueline Cistaro for

25   Mr. Washington, who is present in court.

```
                        Proceedings                    4
```

1          Good afternoon, Judge.

2          THE COURT:  Good afternoon.

3          And I don't have the third yet, Mr. Bryant.

4          Has he been arraigned?

5          MR. McCONNELL:  He has not, Your Honor.  We were in

6     communication with chambers today and we were told to contact

7     the duty magistrate, which we'll do as soon as we leave here

8     today.

9          I have not heard back from Mr. Bryant's defense

10    counsel when they are available, which has been the reason for

11    the holdup.

12         THE COURT:  We'll figure it all out.

13         You all can be seated.

14         All right, folks.  This is by my count the first,

15    obviously, status conference since the superseding Indictment

16    that was filed yesterday, May 30th.  It would have been the

17    twelfth status conference in this matter from the original

18    Indictment.

19         The superseding Indictment, as I understand it,

20    simply adds another defendant.  It does not add any additional

21    charges, correct?

22         MR. McCONNELL:  It only adds Mr. Bryant to Counts

23    One and Two.  The defendants, who were previously charged,

24    everything remains the same otherwise.

25         THE COURT:  Okay.

Proceedings                                              5

1        All right.  Now, I still have before me motions in

2   limine that were filed by the existing parties in this case

3   and will shortly render a determination with respect to those

4   outstanding motions in limine.

5        In addition, I have before me the agreed-upon

6   questionnaire that was supplied to me by the parties, that I

7   have had an opportunity to review.

8        I have a couple of questions that at some point I

9   will want to probe with the parties, but be that as it may, it

10  is going to be a document that is going to require, at least,

11  an opportunity for the new defendant in this case to review.

12  So me making a final determination on it seems premature in

13  light of the superseding Indictment, which adds an additional

14  defendant in this case.

15        As the parties are aware, we are scheduled to go to

16  trial in this matter in January of next year.  I believe that

17  that trial date should remain undisturbed, notwithstanding the

18  addition of a new defendant.  Given the length of time that we

19  have before trial, I cannot imagine that it is not sufficient

20  time for the new defendant to be able to get up to speed.

21        Obviously, we will delve into some of those issues

22  once I have him before me, but my expectation is that the

23  Government is going to move expeditiously to ensure that the

24  new defendant in this case is brought up to speed with respect

25  to any discovery in this matter, so that we then can also

Proceedings                                                            6

1    bring them up to speed with respect to pretrial motions and

2    then motions in limine as well.

3              Against that backdrop, do you have an update for the

4    Court?

5              MR. McCONNELL:  Nothing else to report, Your Honor.

6              It's obviously been a busy 72 hours.  We're in

7    consultation with the defense on some disclosure, potential

8    disclosure issues as a result of the superseding Indictment.

9              We did file a disclosure contemporaneous with the

10   filing of the Indictment.  I don't know if Your Honor has had

11   a chance to review that.

12             THE COURT:  I have not.

13             MR. McCONNELL:  Okay.

14             THE COURT:  That was filed yesterday as well, or no?

15             MR. McCONNELL:  I believe it was filed Tuesday.

16             THE COURT:  Docket number 153?  No.  Yes, I mean I

17   think that's what it is, or 152.  I don't know.

18             I'm listening.

19             MR. McCONNELL:  In any event, Judge, we are in

20   conversations with the defense about possible additional

21   disclosures and we'll continue those conversations outside the

22   presence of the Court.

23             THE COURT:  Okay.

24             MR. McCONNELL:  As far as discovery, yes, we have

25   all of the discovery ready to go for Mr. DeCastro, who is

Proceedings                                              7

1   Mr. Bryant's attorney.  And as soon as he is able to file a

2   letter stating that he'll adhere to the protective order in

3   place in the case, he will get all of it.  We'll remain

4   available to him to help him parse through it and get through

5   it as quickly as possible.

6              THE COURT:  All right.

7              From the defense.

8              MR. HUESTON:  Your Honor, I guess starting just at

9   housekeeping, to the extent that's needed, Mr. Jordan enters a

10  plea of not guilty to the superseding Indictment.

11             Then I did want to speak to the disclosure.  It's a

12  Brady disclosure from our point of view and we've been

13  provided some information.  We are going to be talking with

14  the Government about, you know, the completeness of that

15  disclosure.

16             THE COURT:  So from your point of view, this is

17  additional Brady disclosures because, obviously, there have

18  been, as I understand it, some fulsome Brady disclosures prior

19  to the superseding Indictment, but there are additional Brady

20  disclosures that were triggered by the superseding Indictment;

21  is that it?

22             MR. HUESTON:  Yes.  In essence, what we're hearing

23  from, you know, the Government on the issue is that Mr. Bryant

24  has made a statement that contradicts the theory of their

25  case.  I mean, in essence, saying that --

Proceedings                                    8

1          THE COURT:  I read the newspapers as well.

2          MR. HUESTON:  Yes.

3          THE COURT:  Sometimes that's where I learn my

4    information, so yes.

5          MR. HUESTON:  And there is a piece of -- there's

6    a -- we've been given the name of a lawyer who has information

7    about this, but there's a client behind that person too.  We

8    don't have the name of the client.  There's an individual who

9    the Government garnered this information from, from

10   Mr. Bryant.  And so we don't have that name yet.

11         But as we look at it, that's Brady material.  That's

12   information that's, obviously, dispositive -- not dispositive,

13   but important to the defense.  You know, they don't credit the

14   statement as they've stated, that's not --

15         THE COURT:  But that's not how you decide if it's

16   Brady or not.

17         You all are not contesting that it's Brady?

18         MR. McCONNELL:  Not at all, that's why we made the

19   disclosure contemporaneous with the docketing of the

20   Indictment.

21         And to be clear, we -- we filed, we filed with the

22   defense a disclosure letter that fulfills our obligations.

23         We also, in addition, provided a lightly-redacted

24   report of an interview with the witness who made the statement

25   to the defense.  It was redacted just to remove any

Proceedings                                                    9

1    identifying information about the witnesses.

2           And we also offered to put the defense in contact

3    with the witness' attorney, at their request.  They requested

4    that yesterday.  We provided that attorney's information to

5    them.

6           And as I said, I think conversations on this point

7    are going to be ongoing, but we have made what we consider to

8    be a full and complete Brady disclosure at this point.  And we

9    will continue to confer with the defense about this

10   individual's identity and communicating with that person's

11   attorney, as they are a represented party.

12          THE COURT:  So, Mr. Hueston, so that I'm clear from

13   your perspective, it does not seem like there is any dispute

14   that there is Brady material that has been or will be provided

15   pursuant to this letter that is before me filed as

16   Document 153.

17          But are you suggesting that in addition to what is

18   or what has or will be produced to you pursuant to this

19   letter, that there is additional information that you believe

20   is Brady material that you do not believe that the Government

21   is intending at this time to produce?

22          MR. HUESTON:  Yes, the name of the person who

23   Mr. Bryant made the statements to about, you know, shooting

24   Mr. Mizell.

25          That's it, Judge.

```
                    Proceedings                    10
```

1          THE COURT:  Okay.

2          What is the Government's position with respect to

3     the name of this individual?

4          MR. McCONNELL:  We need to confer with that

5     individual's attorney.  Certainly, the defense is entitled to

6     that at some point.

7          Again, we're less than 72 hours since the unsealing

8     of the Indictment, and we just -- we need to think

9     carefully --

10         THE COURT:  About?

11         MR. McCONNELL:  Well, communicating with the

12    individual's representation.

13         THE COURT:  You will forgive me, and perhaps it is

14    my ignorance, I am trying to understand how communicating with

15    the individual's representation necessarily informs any

16    obligations as they may exist pursuant to Brady in terms of

17    the --

18         MR. McCONNELL:  It doesn't.  They're clearly

19    entitled to the individual's name.  We just want to think

20    through the mechanics of how to get that to them.

21         THE COURT:  You mean other than uttering it?

22         MR. McCONNELL:  Yes.

23         THE COURT:  I'm not trying to be flippant, I'm just

24    trying to understand.

25         MR. McCONNELL:  Yes.

```
                        Proceedings                    11
```

1              THE COURT:  If there is something I'm missing, is

2    there something you want to tell me in a sidebar, I'm happy to

3    do that.

4              MR. McCONNELL:  If we could approach.

5              THE COURT:  Yes, let's do that.

6              MR. McCONNELL:  Thank you.

7              THE COURT:  Let's go.

8              (Sidebar held.)

9

10             (Continued on the following page.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Sidebar Sealed By Order of the Court                    12

1        (The following sidebar conference was held on the
2   record in the presence of the Court and counsel, and sealed by
3   Order of the Court.)



SAM      OCR      RMR      CRR      RPR



Sidebar Sealed By Order of the Court                13



Sidebar Sealed By Order of the Court                    14





Sidebar Sealed By Order of the Court                16

(Sealed sidebar concluded; proceedings resumed.)

SAM      OCR      RMR      CRR      RPR

Proceedings                                                    17

1          THE COURT:  All right, anything else from the

2    defense?

3          MS. KELLMAN:  Your Honor, just with respect to

4    Mr. Washington, we'd enter a plea of not guilty.

5          THE COURT:  Thank you.

6          And I wanted to note, Mr. Washington, you look

7    healthy.

8          THE DEFENDANT:  Thank you.

9          THE COURT:  It's good to see you.

10         MS. KELLMAN:  He is feeling much better.

11         THE COURT:  You look much better.

12         Let's set this down, I guess, for what would be the

13   next status conference in this case.  I'd like to do it in

14   July.  And at that time my expectation is that I will have all

15   three defendants in front of me.

16         Do you have a date for me?

17         THE COURTROOM DEPUTY:  July 11th at 3:30.

18         THE COURT:  All right.  July 11th at 3:30, folks.

19         MR. DIAZ:  What time, Judge?

20         THE COURT:  3:30.

21         MR. McCONNELL:  Yes.

22         MS. KELLMAN:  That's fine.

23         MR. DIAZ:  Yes.

24         THE COURT:  Okay, good.

25         All right.  Did we exclude time until January 2024?

Proceedings                                    18

1          MR. McCONNELL:  I think we did, yes.

2          MR. HUESTON:  We did, Your Honor.

3          THE COURT:  So I don't need to do that.

4          Is there anything else that I do need to do?

5     Anyone?

6          MR. McCONNELL:  Nothing from the Government.  Thank

7     you.

8          MS. KELLMAN:  Nothing from Mr. Washington.  Thank

9     you, Judge.

10         MR. HUESTON:  Thank you, Your Honor.  Nothing.

11         THE COURT:  I will see in you July.  Thanks much.

12         ALL COUNSEL:  (Collectively) Thank you.

13         (Matter adjourned. )

14         (Defendants exited the courtroom.)

15

16

17

18                  *     *     *     *     *

19

20    I certify that the foregoing is a correct transcript from the
      record of proceedings in the above-entitled matter.

21

22       /s/ Stacy A. Mace                  June 1, 2023
      _____    _____
23       STACY A. MACE                     DATE

24

25