**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

-against-

KARL JORDAN JR., *ET AL.*,

Defendants.

20 CR. 305 (LDH)

**MEMORANDUM OF LAW IN SUPPORT OF JAY BRYANT'S MOTION FOR SEVERANCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14(a)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

RELEVANT FACTS ........ 1

ARGUMENT POINT I: Severing Mr. Bryant From His Codefendants Is the Only Way To Ensure His Constitutional Right To A Fair Trial Free From Prejudicial Double Prosecution ........ 4

ARGUMENT POINT II: Forcing Mr. Bryant To Proceed to Trial As Currently Scheduled Would Deprive Him of His Constitutional Right to the Effective Assistance of Counsel ........ 7

CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Strickland v. Washington,*
466 U.S. 668 (1984) ....... 7

*United States v. Barnes,*
No. 04 Cr. 186 (SCR), 2008 U.S. Dist. LEXIS 5795 (S.D.N.Y. Jan. 24, 2008) ....... 7

*United States v. Carpentier,*
689 F.2d 21 (2d Cir. 1982) ....... 5

*United States v. Cardascia,,*
951 F.2d 474 (2d Cir. 1991) ....... 5

*United States v. Casamento,*
887 F.2d 1141 (2d Cir. 1989) ....... 5

*United States v. Copeland,*
336 F. Supp.2d 223 (E.D.N.Y. 2004) ....... 6

*United States v. Faltine,*
No. 13 Cr. 315 (KAM), 2014 U.S. Dist. LEXIS 122749 (E.D.N.Y. Sep. 2, 2014) ....... 5

*United States v. Nordlicht,*
No. 16 Cr. 640 (BMC), 2018 U.S. Dist. LEXIS 63890, (E.D.N.Y. Apr. 16, 2018) ....... 6

*United States v. Page,*
657 F.3d 126 (2d Cir. 2011) ....... 4,5

*United States v. Shkreli,*
260 F. Supp. 3d 247 (E.D.N.Y. 2017) ....... 5

*United States v. Smith,*
982 F.2d 757 (2d Cir. 1992) ....... 8

*United States v. Volpe,*
42 F. Supp. 2d 204 (E.D.N.Y. 1999) ....... 5

*Zafiro v. United States,*
506 U.S. 534 (1993) ....... 4

**Rules**

Federal Rule of Criminal Procedure 8 .......... 4

Federal Rule of Criminal Procedure 14 .......... 4

## PRELIMINARY STATEMENT

If Jay Bryant is forced to proceed to trial with his co-defendants on January 29, 2024, he will be deprived of his constitutional right to a fair trial with the effective assistance of counsel. Furthermore, severance is the only viable remedy to ensure a constitutionally fair trial for Mr. Bryant in light of the mutually antagonistic and irreconcilable defenses of his co-defendants. While it is undisputed that there is a presumption that defendants should be tried together when joinder is proper, it is equally undisputed that severance may be granted when a defendant has demonstrated that a failure to sever would cause substantial prejudice in the form of a miscarriage of justice. Failure to sever Mr. Bryant from his co-defendants will deprive him of his constitutional right to a fair trial thereby resulting in a miscarriage of justice and substantial prejudice.

## RELEVANT FACTS

On October 30, 2002, Jason Mizell, also known as "Jam Master Jay," was shot to death at a recording studio in Queens, New York. *See* ECF No. 152 at 2. Fourteen years later, in 2016, the NYPD received a DNA hit notification claiming that Mr. Bryant was one of multiple contributors to a DNA sample taken from a hat found at the scene of the crime. *See* Exhibit C to Declaration of César de Castro (hereinafter, "de Castro Decl."). On February 6, 2020, Mr. Bryant testified pursuant to a subpoena before a grand jury in connection with this investigation. During his testimony, Mr. Bryant, pursuant to the advice of his prior counsel, invoked his Fifth Amendment right against self-incrimination in respect to any questions posed by the government concerning Mr. Mizell's murder.

On August 17, 2020, Karl Jordan, Jr. and Ronald Washington were charged with Mr. Mizell's narcotics-related murder as alleged in Counts One and Two of the Superseding Indictment. *See* ECF Nos. 1, 10. Trial was first scheduled to commence on November 23, 2022. *See* Minute Entry dated 2/17/2022. On February 25, 2022, the Court granted Mr. Jordan's motion, on consent of the government and Mr. Washington, to adjourn the trial and rescheduled it for February 20, 2023. *See* Minute Entry dated 2/25/2022.

In July 2022, Mr. Bryant was arrested and detained in Pennsylvania in connection with unrelated narcotics conspiracy charges pending in this District. *See United States v. Bryant*, 22 Cr. 415 (BMC) ECF No. 4. On November 1, 2022, Mr. Bryant was transferred to this District, arraigned on the unrelated narcotics conspiracy charges, and ordered detained. *See United States v. Bryant*, 22 Cr. 415 (BMC) ECF Nos. 6, 8. At that time the government (through the same prosecutors assigned to this matter) informed the undersigned that it had not decided whether to either seek a superseding indictment charging Mr. Bryant with participating in the Mizell murder or attempt to enhance his sentence on the drug matter by proving his involvement in the Jason Mizell murder (assuming Mr. Bryant was convicted in the narcotics case). *See* Exhibit C to de Castro Decl.

On October 19, 2022, the government filed various motions *in limine*. *See* ECF No. 113. One of those motions was to preclude Messrs. Jordan and Washington from introducing evidence or eliciting testimony in support of an alternative perpetrator defense. *See id*. at 41. Messrs. Jordan and Washington opposed the government's motion arguing that at trial they would prove their innocence by presenting substantial evidence that others perpetrated the attack on Mr. Mizell. *See* ECF Nos. 121 at 24, 26; 123 at 16. On November 16, 2022, the government filed its reply to the opposition in which it conceded that Messrs. Jordan and Washington had a sufficient

basis to argue that Co-Conspirator 1 was the actual perpetrator of the murder. *See* ECF No. 125 at 8. As explained below, the government has identified Co-Conspirator 1 as Mr. Bryant. *See* Exhibit B to de Castro Decl.

In December 2022, the Court advanced the trial date to February 13, 2023, due to a change in the District's jury return protocols. *See* Minute Entry dated 12/2/2022. In response to a joint motion by Messrs. Jordan and Washington, the trial was adjourned to January 29, 2024. *See* Minute Entries dated 1/13/2023, 4/3/2023.

In or around mid-May 2023, the government informed the undersigned that it was authorized to seek an indictment against Mr. Bryant in this matter. *See* Exhibit C to de Castro Decl. On May 30, 2023, the government filed a second superseding indictment joining Mr. Bryant to the charges against Messrs. Jordan and Washington in respect to Mr. Mizell's narcotics-related murder as alleged in Counts One and Two of the Superseding Indictment. *See* ECF No 151. On the same day the government filed a letter seeking Mr. Bryant's continued detention pending resolution of this matter. *See* ECF No. 152. In the detention letter the government noted that an article of clothing found at the crime scene allegedly contained Mr. Bryant's DNA and further noted that Mr. Bryant had allegedly confessed that he shot Mr. Mizell. *See id.* at 2. However, the government explained that it does not believe that the evidence supports Mr. Bryant's alleged claim that he shot Mr. Mizell and that at trial the evidence will prove that it was Mr. Jordan, not Mr. Bryant, who shot Mr. Mizell. *See id.* at 2 n.4. Mr. Bryant was arraigned and pled not guilty to the current charges on June 1, 2023. *See* Minute Entry dated 6/1/2023.

On June 14, 2023, the undersigned filed a letter motion seeking to adjourn the January 29, 2024 trial date, as to Mr. Bryant. *See* Exhibit A to de Castro Decl. On July 24, 2023, the

government filed an opposition to Mr. Bryant's trial adjournment request in which it noted that Mr. Bryant was the individual referenced as Co-Conspirator 1 in previous filings including those made in connection with the motions *in limine*. *See* Exhibit B to de Castro Decl. at 2. As noted above, in November 2022, the government conceded that Messrs. Jordan and Washington had a sufficient basis to argue that Co-Conspirator 1, *i.e.*, Mr. Bryant, was the actual perpetrator of Mr. Mizell's murder. *See* ECF No. 125 at 8. On July 25, 2023, the undersigned filed a reply to the government's opposition renewing its request for an adjournment of the January 29, 2024 trial date, as to Mr. Bryant. *See* Exhibit C to de Castro Decl. On August 24, 2023, the Court directed Mr. Bryant to file any motion for severance by September 7, 2023.

## ARGUMENT

### Point I

### Severing Mr. Bryant From His Codefendants Is the Only Way To Ensure His Constitutional Right To A Fair Trial Free From Prejudicial Double Prosecution

Severance is the only viable remedy to ensure a constitutionally fair trial for Mr. Bryant. Trying Mr. Bryant with his co-defendants, whose defense at trial is irreconcilable with Mr. Bryant's innocence, would result in the level of double prosecution that amounts to legally cognizable prejudice necessitating severance.

The rules governing joinder and severance, *i.e.*, Rules 8(b) and 14, "are designed to promote economy and efficiency and to avoid a multiplicity of trials, so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Unites States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 540, (1993)). Even where joinder is proper, district courts have discretion to sever a trial where "joinder of . . . defendants in an indictment . . . appears to prejudice a defendant[.]" FED. R. CRIM. P. 14(a). While there is a presumption that defendants should be tried together

when joinder is proper, severance may be granted when a defendant has demonstrated that a failure to sever would cause "substantial prejudice in the form of a miscarriage of justice." *Page*, 657 F.3d at 129 (citation omitted).

Trials must be severed where codefendants present antagonistic defenses that result in double prosecution thereby depriving a defendant of a constitutionally fair trial. *See United States v. Shkreli*, 260 F. Supp. 3d 247, 257 (E.D.N.Y. 2017) ("In circumstances like these where judicial economy is butting up against a defendant's right to a fair trial, judicial economy must give way to fairness."). Defenses are antagonistic "if the jury, in order to believe the core testimony offered on behalf of [a] defendant, must necessarily disbelieve the testimony offered on behalf of that codefendant." *United States v. Carpentier*, 689 F.2d 21, 27-28 (2d Cir. 1982) (internal citations omitted); accord *United States v. Casamento*, 887 F.2d 1141, 1153 (2d Cir. 1989) (same); *United States v. Faltine*, No. 13 Cr. 315 (KAM), 2014 U.S. Dist. LEXIS 122749, at *12 (E.D.N.Y. Sep. 2, 2014) (internal quotations and citation omitted) ("Antagonistic defenses rise to the level of prejudice requiring severance only 'upon a showing that the jury, in order to believe the core testimony offered on behalf of one defendant, must necessarily disbelieve the testimony offered on behalf of his codefendant."); *United States v. Cardascia*, 951 F.2d 474, 484 (2d Cir. 1991) ("Defenses are mutually exclusive or irreconcilable if, in order to accept the defense of one defendant, the jury must of necessity convict a second defendant."); *United States v. Volpe*, 42 F. Supp. 2d 204, 210 (E.D.N.Y. 1999) (defenses are mutually antagonistic when "in order for the jury to believe *one* defendant, they *must* convict the other") (emphasis in original).

At trial Messrs. Jordan and Washington will argue that their innocence is proven by what they describe as "substantial evidence that others had motives and perpetrated the attack on Jason Mizell[.]" ECF No. 121 at 24; *see also* ECF No. 123 at 16. The government concedes that there

is a sufficient basis for Messrs. Jordan and Washington to assert their innocence by arguing that Mr. Bryant was responsible for Mr. Mizell's death. *See* ECF No. 125 at 8. It would be impossible for a jury to accept this defense and reconcile it with Mr. Bryant's innocence. These irreconcilable defenses go beyond mere blame shifting between co-defendants and would force Mr. Bryant to be subject to double prosecution during the same trial, one by the government and one by his co-defendants. This would result in the level of legally cognizable prejudice that would deny Mr. Bryant a constitutionally fair trial, thus necessitating severance. *See United States v. Copeland*, 336 F. Supp. 2d 223, 224 (E.D.N.Y. 2004) (granting severance on the basis of mutually antagonistic defenses and noting that while the Second Circuit has determined that mutually antagonistic defenses are not prejudicial *per se*, where mutually antagonistic or irreconcilable defenses result in a defendant's counsel becoming in effect a second prosecutor, the level of prejudice mandates severance).

These irreconcilable defenses will result in "[s]erious trial management concerns" which militate in favor of severance. *United States v. Nordlicht,* No. 16 Cr. 640 (BMC), 2018 U.S. Dist. LEXIS 63890, at *9 (E.D.N.Y. Apr. 16, 2018). Without a severance the jury will be presented with three irreconcilable theories of the case, one in which Mr. Bryant is innocent of any involvement in the murder, one in which he was the shooter and acted independently of Messrs. Jordan and Washington, and one in which he participated in the murder albeit not as the shooter. This will certainly result in "innumerable objections during openings and witness examinations and cross-examinations, along with frequent side bars" which will inevitably extend the length of trial and disrupt the parties' presentations "all of which will heighten the chances of jury confusion, further jeopardizing defendants' right to a fair trial." *See id*. (granting motion to sever defendants with irreconcilable defenses and noting that "even with rigorous

limiting instructions" the risk of double prosecution threatened the defendants' rights to a fair trial warranting severance). Considering Mr. Bryant and his co-defendants' mutually antagonistic defenses, "the consequences of trying the defendants together outweigh the efficiencies and presumption of a joint prosecution." *See id.* at *10. The parties' mutually antagonistic defenses standing alone will result in the level of prejudice to Mr. Bryant necessitating severance.

**Point II**

**Forcing Mr. Bryant To Proceed to Trial As Currently Scheduled Would Deprive Him of His Constitutional Right to the Effective Assistance of Counsel**

Forcing Mr. Bryant to proceed to trial with his co-defendants in January 2024 prejudices him by depriving him of his constitutional right to the effective assistance of counsel and his ability to adequately mount a defense to charges for which the penalty could be life imprisonment. Barring an adjournment of the January 29, 2024 trial date as to all defendants, the only way to prevent this prejudice is by severing Mr. Bryant from his co-defendants and conducting the trial as to Mr. Bryant at a subsequent date after his defense team is afforded adequate time to investigate and mount a defense.

The right to counsel conferred on criminal defendants by the Sixth Amendment is the right to effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To be constitutionally effective "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691; *see also United States v. Barnes*, 04 Cr. 186 (SCR), 2008 U.S. Dist. LEXIS 5795, at *5 (S.D.N.Y. Jan. 24, 2008) (granting a Rule 14 motion to sever because "[i]n a case where a defendant is charged with crimes of this magnitude, it raises serious concerns for this Court when . . . investigative and other preparatory steps have not been vigorously pursued.") The Second Circuit recognizes

"that in some instances, the denial of a continuance will provide counsel with so little time to prepare that the defendant is effectively deprived of his right to the effective assistance of counsel." *United States v. Smith*, 982 F.2d 757, 763 (2d Cir. 1992).

Failure to grant a continuance of the January 29, 2024 trial date as to Mr. Bryant will deprive him of his right to the effective assistance of counsel. As detailed in the defense's reply to the government's opposition for a continuance of the January 2024 trial date or severance of Mr. Bryant from his codefendants, given the undersigned's current scheduled obligations it would be impossible to provide Mr. Bryant with effective assistance of counsel if he is forced to go to trial in January 2024. The undersigned's current obligations would make it impossible for them to dedicate the time necessary to adequately investigate this case and prepare for a trial.

First the undersigned are scheduled to begin a trial in the Southern District of New York before The Honorable Jesse M. Furman on September 11, 2023. Preparing for that trial has been complicated and particularly time consuming because it involves classified information and a defendant who is incarcerated with Special Administrative Measures. Second, following that trial, we will be preparing for an October sentencing proceeding that may involve a substantial 3500 production and *Fatico* litigation before the Honorable Alvin K. Hellerstein in the Southern District of New York. The government intends to prove that our client was involved in shipping hundreds if not thousands of tons of cocaine from Venezuela to the United States and will be seeking 30 years imprisonment in a highly publicized proceeding in which one of our client's alleged co-conspirators is the current president of Venezuela. This case too is also complicated by the need for counsel to review classified information. Third, we have a very substantial Rule 33 motion for a new trial based on our ability to review tens of thousands of documents, the majority of which are in Spanish, first uncovered by the defense after the conclusion of the trial

before the Honorable Brian M. Cogan in February of this year. That motion is now due on December 15, 2023, after Judge Cogan granted us a five-month adjournment of our motions deadlines after receiving an *ex parte* sealed submission from the defense detailing, among other things, the amount of materials we must review. Fourth, the undersigned have to prepare for trial in Mr. Bryant's drug case before the Honorable Judge Brian M. Cogan. Mr. Bryant has been detained in connection with that matter for more than one year and trial is scheduled to commence on December 18, 2023. Trial in that matter appears to be inevitable in light of the fact that the government explicitly refused to make Mr. Bryant any offer on that case absent his cooperation in this one. Of course, in addition to these four substantially time-consuming matters, the undesigned have numerous other cases that cannot be wholly ignored.

These matters make it impossible for the undersigned to dedicate the necessary time to adequately investigate this case and prepare for a trial commencing on January 29, 2024. Tasks that will inevitably be prolonged by the staleness of the case and the fact that it involves individuals in the music industry who will likely be hard to locate and spread throughout the country.

Even assuming, *arguendo*, that it would be possible for the undersigned to find any, let alone adequate time, to investigate this case and prepare for a trial on January 29, 2024, the undersigned anticipates commencing a separate trial in this district on February 12, 2024, while this trial would be in progress. It is impossible for the undersigned to be present for both trials, which are currently scheduled to overlap. While the government has expressed its opinion that trial in that matter is unlikely, plea negotiations in that matter have been ongoing for over a year and have yet to result in any plea offer, indicating that trial in February 2024 is a very real possibility. Committing to a trial that is anticipated to overlap with the trial of another matter is

malpractice and would deprive both clients of their Sixth Amendment right to the effective assistance of counsel.

The prejudice to Mr. Bryant is undeniable whereas the prejudice to the government is *de minimis*. The government was prepared to try this case without Mr. Bryant in November 2022. The government was again prepared to try this case without Mr. Bryant in February 2023, after they had arrested and were prosecuting him in his case before Judge Cogan and allegedly determining whether to charge him with the murder of Mr. Mizell.

Furthermore, seven years ago, in 2016, the NYPD received a DNA hit notification claiming that Mr. Bryant was one of multiple contributors to a DNA sample taken from a hat found at the scene of Mr. Mizell's murder. Law enforcement decided not to take any action in respect to Mr. Bryant at that time. In February 2020, Mr. Bryant was subpoenaed to testify before the grand jury that indicted this matter; at the time of his testimony, under the advice of counsel, he invoked his Fifth Amendment right against self-incrimination in respect to any questions concerning Mr. Mizell's murder. Law enforcement decided not to take any action in respect to Mr. Bryant at that time.

On August 17, 2020, Karl Jordan, Jr. and Ronald Washington were charged with Mr. Mizell's murder. Law enforcement decided not to take any action in respect to Mr. Bryant at that time. Since July 2022, Mr. Bryant has been detained in connection with charges pending in this District and brought by the same prosecutors representing the government in this matter. Despite informing counsel that they believed him to be involved in the murder, the government did not indict Mr. Bryant in connection with Mr. Mizell's murder at that time. Instead, the government was prepared to proceed to trial against Messrs. Jordan and Washington without Mr.

Bryant first in November 2022 and then in February 2023. The government chose to wait until May 30, 2023, to indict Mr. Bryant in this matter.

After Mr. Bryant was indicted and arraigned on the current charges, in June 2023, the government produced discovery to the undersigned. The discovery includes materials that must be reviewed and interpreted by a DNA expert who must then explain his findings to the undersigned to enable the undersigned to provide Mr. Bryant with an adequate defense. Only after the undersigned have a complete understanding of the relevant DNA evidence here, which is not limited to the DNA evidence which the government proffers implicates Mr. Bryant, will we be in a position to work with Mr. Bryant to determine the best way to mount a defense to the current charges against him. The Court granted the defense's application for the appointment of a DNA expert on August 24, 2023. That leaves the defense with five months. Five months is a very short amount of time to ensure that the DNA expert can complete his review, explain his findings to the undersigned, and for the undersigned to litigate any potential issues concerning the DNA evidence. Even assuming five months is sufficient time to complete these tasks, given the undersigned's prior scheduling conflicts, the amount of time that could actually be devoted to this matter would not enable the defense to properly investigate and mount an adequate defense for Mr. Bryant. Simply put, forcing Mr. Bryant to proceed to trial with his co-defendants in January 2024 will deprive him of his constitutional right to the effective assistance of counsel.

While the government has expressed that it believes that six months is ample time for the defense to properly investigate and mount a defense for Mr. Bryant, they are in no position to make such a determination and they are the ones who created this situation. The government chose not to indict Mr. Bryant until three years after it indicted Messrs. Jordan and Washington. Forcing Mr. Bryant to proceed to trial without ample time to mount an adequate defense will

cause him substantial prejudice. There was nothing preventing the government from indicting Mr. Bryant when it indicted his co-defendants in 2020, but it chose to wait three years. Whatever strategic reason the government had for waiting until 2023 to indict Mr. Bryant, after the trial date had been adjourned twice, it cannot take precedence over the substantial prejudice Mr. Bryant will suffer if forced to go to trial without the effective assistance of counsel.

**CONCLUSION**

Severance is the only viable remedy to ensure a constitutionally fair trial for Mr. Bryant in light of the mutually antagonistic and irreconcilable defenses his co-defendants will mount. Additionally, forcing Mr. Bryant to proceed to trial with his co-defendants as scheduled for January 29, 2024, will deprive him of his constitutional right to effective assistance of counsel. To prevent violating Mr. Bryant's constitutional rights, this Court should sever Mr. Bryant from his co-defendants and schedule his trial for a later date.

Dated: September 7, 2023

César de Castro
Valerie A. Gotlib
Shannon McManus
The Law Firm of César de Castro P.C.
111 Fulton Street – 602
New York, NY 10038
(631) 460-3951
cdecastro@cdecastrolaw.com
vgotlib@cdecastrolaw.com
smcmanus@cdecastrolaw.com

*Attorneys for Defendant Jay Bryant*