# THE LAW FIRM OF
# CÉSAR DE CASTRO, P.C.
ATTORNEY AT LAW

The District
111 Fulton Street - 602
New York, New York 10038
631.460.3951 Office
646.285.2077 Mobile
646.839.2682 Facsimile
cdecastro@cdecastrolaw.com
cdecastrolaw.com

September 27, 2023

*Via* ECF

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: *United States v. Jordan, et al.,* 20 Cr. 305 (LDH)

Dear Judge DeArcy Hall,

We write to respectfully request that the Court permit us to reply to the government's opposition to Mr. Bryant's motion for severance.  On August 24, 2023, the Court directed Mr. Bryant to file any motion for severance by September 7, 2023, and for the government to respond by September 21, 2023.  The Court did not include a date for a defense reply.  The defense is seeking permission to briefly reply to the government's opposition, either orally at the conference scheduled for October 2, 2023, or in writing.

There are two primary issues we would like to address.  First, the government argues that Mr. Bryant's failure to proffer his defense is fatal to his motion and that the defenses likely to be advanced at trial are not mutually antagonistic such that they mandate severance.  *See* ECF No. 181 at 15.  The undersigned would like to briefly address why providing the government with a detailed preview of its trial defense is not required.  Moreover, as clearly stated in Mr. Bryant's motion for severance, he will argue to the jury that he is innocent of the charges against him.  It is anticipated that his co-defendants will pursue the alternative perpetrator theory, with Mr. Bryant being that perpetrator, as they argued in their *in limine* motion practice completed by the parties prior to Mr. Byrant even being charged in this matter.  An argument that the government has conceded for which there is a factual basis.  We would like to briefly expound on why we believe that the government is wrong in arguing that these facts do not present defenses that rise to the level of mutual antagonism mandating severance.

Second, the defense would like to address the government's apparent misunderstanding of Point II of Mr. Bryant's motion for severance. The government argues in its opposition that we fail to provide "authority for the proposition that a defense counsel's scheduling conflict is grounds to sever a defendant from trial under Rule 14(a)." ECF No. 181 at 26. That is not the argument being made in Point II. The crux of the argument in Point II, which we would like the opportunity to briefly address, is that due to the government's dilatory tactics in waiting three years to charge Mr. Bryant (a time period in which it was twice prepared to proceed to trial without Mr. Bryant) forcing Mr. Bryant to proceed to trial on January 29, 2024 would deprive him of his constitutional right to the effective assistance of counsel. This is because due to the undersigned's prior commitments and ethical obligations to both Mr. Bryant and other clients, it would be impossible to devote the time required to provide Mr. Bryant with a constitutionally sufficient defense. While the government believes that this problem can be alleviated by bringing on additional CJA counsel, we do not believe that four months is enough time for a new attorney to build a rapport with Mr. Bryant, familiarize themselves with this case, and prepare for a trial. While severing Mr. Bryant from his co-defendants is one solution to this problem, adjourning the trial as to all the defendants would provide an equally effective solution to this problem but would not solve the prejudice to which Mr. Bryant would be subjected having to face double prosecution.

We believe that the ability to reply to these two issues will ensure that the Court has all relevant information prior to making its decision on Mr. Bryant's motion for severance. Accordingly, we respectfully request that the Court permit the undersigned the opportunity to briefly reply in writing or orally at the next conference. We thank the Court for its consideration.


Respectfully submitted,

    /s/

César de Castro
Valerie A. Gotlib
Shannon McManus

cc: All Parties *(via* ECF)