**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -against- | 20 CR. 305 (LDH) |
| KARL JORDAN JR., *et al.*, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF JAY BRYANT'S MOTION FOR SEVERANCE PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14(a)**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

POINT I: Any Innocence Based Defense By Mr. Bryant In The Face of His Co-Defendant's Alternative Perpetrator Defense Will Rise To The Level of Mutual Antagonism Requiring Severance.....................................................................................1

POINT II: Due To The Government's Dilatory Tactics In Charging Mr. Bryant, Forcing Him To Proceed To Trial on January 29, 2024, Would Deprive Him Of His Constitutional Right To The Effective Assistance Of Counsel ......................................3

CONCLUSION....................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Basciano,*
    No. 05 Cr. 060 (NGG), 2007 U.S. Dist. LEXIS 78635, (E.D.N.Y. Oct. 23,
    2007) ................................................................................................................. 1-2

*United v. Cicale,*
    691 F.2d 95 (2d Cir. 1982) .................................................................................... 4

*United States v. Copeland,*
    336 F. Supp. 2d 223 (E.D.N.Y. 2004) ............................................................... 1, 2

*United States v. Nordlicht,*
    No. 16 Cr. 640 (BMC), 2018 U.S. Dist. LEXIS 63890, (E.D.N.Y. Apr. 16,
    2018) ..................................................................................................................... 2

# POINT I

### Any Innocence Based Defense By Mr. Bryant In The Face of His Co-Defendant's Alternative Perpetrator Defense Will Rise To The Level of Mutual Antagonism Requiring Severance

Contrary to the government's assertions, Mr. Bryant is not required to provide a detailed preview of his defense to establish that severance is warranted. At trial Mr. Bryant will defend himself by arguing that he is innocent of the charges against him. It is anticipated that one or more of Mr. Bryant's co-defendants will pursue the alternative perpetrator theory, with Mr. Bryant being that perpetrator, as a defense to the charges against them and in support of their innocence. Depending on the nature of the evidence presented by the government in its case in chief, we fully expect (and I think the government expects it as well) that Mr. Bryant's co-defendants will elicit testimony from a neutral third-party witness in furtherance of the theory that Mr. Bryant perpetrated the murder independent of them. A jury will not be able to logically accept one or both of his codefendants' defenses and his as well. We submit that there is no plausible scenario in which Mr. Bryant's co-defendants would *not* argue that Mr. Bryant alone or with other help (not their clients) killed Mr. Mizell because he told an alleged neutral third party he did – his DNA was at the scene and most importantly, he never mentioned either of his co-defendants. Accordingly, this presents a situation akin to cases in this District where courts have granted severance, holding that the effect of such neutral third party testimony "is far more prejudicial than mere self-serving finger pointing testimony by co-defendants" and that "[a] limiting instruction cannot effectively mitigate such prejudice[.]" *United States v. Copeland*, 336 F. Supp. 2d 223, 225 (E.D.N.Y. 2004); *see also United States v. Basciano*, No. 05 Cr. 060 (NGG), 2007 U.S. Dist. LEXIS 78635, at *26 (E.D.N.Y. Oct. 23, 2007) (granting severance, in part, based on conclusion "that the likelihood of antagonistic defenses also supports severance"

where the jury could not logically accept both co-defendants' defenses, one of which was supported by neutral third-party testimony).

In C*opeland* the court held that the co-defendants' defenses, one of which was anticipated to be supported by neutral third-party testimony, rose to the level of mutual antagonism warranting severance. The court held that "[a] jury cannot logically accept both [co-defendants'] defenses as true" where one co-defendant's theory of defense was that he was not involved in the charged offense and the other co-defendant's defense was that it was his co-defendant not him who committed the offense. *Copeland*, 336 F. Supp. 2d at 224. The district court noted that these facts, which are present to the same degree in this case, would cause one of the co-defendants to "act as a second prosecutor" of the other, permitting the jury to convict one of the co-defendants "based upon either the government's theory or [the co-defendant's] theory." *Id*.

Trying Mr. Bryant with his co-defendants, whose defense at trial is irreconcilable with Mr. Bryant's innocence, would result in the level of double prosecution that amounts to legally cognizable prejudice necessitating severance. Considering Mr. Bryant and his co-defendants' mutually antagonistic defenses, "the consequences of trying the defendants together outweigh the efficiencies and presumption of a joint prosecution." *United States v. Nordlicht*, No. 16 Cr. 640 (BMC), 2018 U.S. Dist. LEXIS 63890, at *10 (E.D.N.Y. Apr. 16, 2018). The parties' mutually antagonistic defenses standing alone will result in the level of prejudice to Mr. Bryant necessitating severance.

2

## POINT II

**Due To The Government's Dilatory Tactics In Charging Mr. Bryant, Forcing Him To Proceed To Trial on January 29, 2024, Would Deprive Him Of His Constitutional Right To The Effective Assistance Of Counsel**

Forcing Mr. Bryant to proceed to trial with his co-defendants in January 2024 prejudices him by depriving him of his constitutional right to the effective assistance of counsel and his ability to adequately mount a defense to charges for which the penalty could be life imprisonment. The government argues in its opposition that we fail to provide "authority for the proposition that a defense counsel's scheduling conflict is grounds to sever a defendant from trial under Rule 14(a)." ECF No. 181 at 26. That is not the argument being made in Point II. The crux of the argument in Point II is that due to the government's dilatory tactics in waiting three years to charge Mr. Bryant (a time period in which it was twice prepared to proceed to trial without Mr. Bryant), forcing Mr. Bryant to proceed to trial on January 29, 2024, would deprive him of his constitutional right to the effective assistance of counsel. This is because due to the undersigned's prior commitments and ethical obligations to both Mr. Bryant and other clients, it would be impossible to devote the time required to provide Mr. Bryant with a constitutionally sufficient defense in such a short period of time. The government's argument that the almost eight months that the defense has had to prepare for trial since Mr. Bryant's indictment is sufficient for a single incident murder with three defendants is contradicted by its own actions.

The murder took place in 2002, and it took eighteen years of investigation until the government was in a position to bring charges. Notably, those charges did not include any against Mr. Bryant, which came approximately three years after the initial charges in this matter (a year of which Mr. Bryant was in federal custody in this District) and approximately seven years after a DNA hit purporting to connect Mr. Bryant to the murder was issued.

3

Rather than severing Mr. Bryant from his co-defendants, there is an alternative solution to the problem the government has created for itself, adjourning the trial as to all defendants. While the government might not like the only two viable solutions to the problem that it created, their displeasure with these solutions, which is based on logistical or economic concerns, cannot take precedence over the substantial prejudice Mr. Bryant will suffer if forced to go to trial without the effective assistance of counsel. Mr. Bryant's co-defendants were given ample opportunity to investigate this case and prepare their defenses. Depriving Mr. Bryant of the ability to do so would mean any conviction would be obtained in contravention to Mr. Bryant's constitutional right to the effective assistance of counsel.

Furthermore, the government's choice to take aim at the defense and suggest that our arguments regarding our ability to prepare in time are specious is completely inappropriate and offensive. Their arguments not only fail to recognize the reality of the court's backed up trial calendar due to the effects of a global pandemic, but also how that backed up trial calendar affects the human beings that have to conduct all of those trials.[1] In the government's world, resources are unlimited and throwing more people at a problem is the solution.[2] While it needed

---

[1] As the Court may have been made aware, our February trial date was moved to a date in March, therefore, we no longer have a direct conflict with the current trial date. That change in no way affects our argument that we cannot provide Mr. Bryant with an adequate defense without more time to investigate and prepare a defense given our numerous other commitments and responsibilities in the coming months – all of which were in place and scheduled well before Mr. Bryant was even charged in this case.

[2] The government's repeated references to the defense having more than eight months to prepare should be completely disregarded. The current team assigned to represent Mr. Bryant was only fully constituted on September 11, 2023. And as we noted at the first conference in which we participated, we were fully booked through the Summer and Fall and could not devote substantial resources to this matter until later in the year. Furthermore, when the January 29, 2024, trial date which the government describes as being "carefully selected based on the schedules of the Court, the co-defendants' seven attorneys and the government" was set two months before Mr. Bryant was indicted and fails to take into account the schedules of his attorneys. ECF No. 181 at 22. This makes the government's citation to *United v. Cicale*, 691 F.2d 95 (2d Cir. 1982) inapposite, as in that case the trial date was scheduled with the input of the defendant's then attorney who subsequently had a conflict. *Id*. at 106. Notably, at no point in the approximately three years that the case was pending as to Mr. Bryant's co-defendants before his indictment, did the government ever mention to the Court that it was possible that a third defendant might be added,

4

close to twenty years with dozens and dozens of personnel to investigate the countless alternative theories presented to law enforcement by witnesses in this case, the defense is entitled to mere months while providing constitutionally effective representation to all of its other clients. Ironically, the government is not required to provide any level of representation under the Constitution and yet it thinks that the defense can move heaven and earth in a few months to adequately prepare for a trial that could send our client to prison for the rest of his life. The government should look itself in the mirror and recognize that it created this problem and now violating a defendant's constitutional rights to effective counsel is not the solution.[3] If the government cannot commit to trying this case twice for whatever reason, then fairness, justice, and judicial economy would all be served by adjourning the case as to all defendants and not depriving one defendant of the appropriate time to properly prepare his defense.

Whatever strategic reason the government had for waiting until 2023 to indict Mr. Bryant, after the trial date had been adjourned twice, it cannot take precedence over the substantial prejudice Mr. Bryant will suffer if forced to go to trial without the effective assistance of counsel.

---

information which the Court was entitled to be informed of if the government, as it attempts to do now, wants the Court to find has no effect on the "carefully selected" trial date. The bottom line is that the "carefully selected" trial date is one that was scheduled without any consideration of Mr. Bryant as a defendant. Now that he is a defendant in the matter, the selection process that went into scheduling that date omits many critical factors that make it arbitrary and unfair to Mr. Bryant. Again, the government could have prevented this by alerting the Court to the possibility that it might add a third defendant, but it chose not to, and Mr. Bryant should not be the one to suffer because of the government's mistake or strategic choice.

[3] In addition, the government fails to address how it intends to try Mr. Bryant speedily on the charges for which he has been detained for more than fourteen months. A case in which the government refuses to make Mr. Bryant a plea offer on account of the fact that he will not cooperate in this case. That case is scheduled for trial on December 18, 2023, and there is no basis for any additional exclusions under the Speedy Trial Act.

## CONCLUSION

Severance is the only viable remedy to ensure a constitutionally fair trial for Mr. Bryant in light of the mutually antagonistic and irreconcilable defenses his co-defendants will be mounting. Additionally, forcing Mr. Bryant to proceed to trial with his co-defendants as scheduled for January 29, 2024, will deprive him of his constitutional right to effective assistance of counsel. To prevent violating Mr. Bryant's constitutional rights, this Court should sever Mr. Bryant from his co-defendants.

Dated: October 4, 2023

/s/

César de Castro
Valerie A. Gotlib
Shannon McManus
The Law Firm of César de Castro P.C.
111 Fulton Street – 602
New York, NY 10038
(631) 460-3951
cdecastro@cdecastrolaw.com
vgotlib@cdecastrolaw.com
smcmanus@cdecastrolaw.com

*Attorneys for Defendant Jay Bryant*

6