# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718) 783-8200 • FAX (718) 783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

October 25, 2023

<u>Via ECF</u>
The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *United States v. Ronald Washington et al.*, 20 Cr. 305 (LDH)

Dear Judge DeArcy Hall:

      In the world outside the courthouse, the underpinnings of our democracy seem quite fragile. Yet, every day, when I walk into this building I am reminded that here, in the EDNY, our system of laws is very much intact. This courthouse has order, it has rules and it is governed by the principles set forth in our country's founding documents. Which is why the government's motion requesting two juries in the above-referenced case is so confounding.

      Nowhere in the government's submission do they use the word "reconsider" – notwithstanding that the Court has already ruled on this issue. Bryant moved for severance due to the potential for undue prejudice that would result from a joint trial in which Bryant's co-defendants would almost certainly accuse him of committing the murder without their involvement. The Court granted that motion, citing the existence of a "neutral third-party witness" that enhanced the potential for prejudice to Mr. Bryant.

      The Court, in its considered judgment, decided that the necessary and prudent remedy for the potential prejudice was severance. In doing so, the Court doubtless considered and rejected alternatives to severance. But as it did when urging the Court to reconsider adjourning the trial in response to the government's late motion for an anonymous jury, the government again moves for reconsideration without (a) admitting that it is asking for reconsideration or (b) even citing, no less meeting, the standard for reconsideration.

      Finally, in its motion the government articulates the genius of their two-jury plan. It repeatedly sites justifications like "judicial economy" and "substantial savings of resources" – without ever mentioning constitutional imperatives like "due process"

or the "right to a fair trial." Indeed, it argues that "judicial economy *dictates* that a two-jury trial be held." Shame on them.

    Mr. Washington hopes that your Honor will opt to protect the constitutional safeguards enshrined in the U.S. Constitution, rather than the cost-saving measures proposed by government counsel.

    We respectfully submit that the government's motion for reconsideration should be denied.

Respectfully submitted,

*Susan G. Kellman*

Susan G. Kellman

cc:    All counsel

       Ronald Washington