Case 1:20-cr-00305-LDH   Document 193   Filed 12/18/23   Page 1 of 2 PageID #: 1599



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM/MEM/MG
F. #2017R00509

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 18, 2023

<u>By E-Mail and ECF</u>

Mark DeMarco, Esq.
*msdlaw@aol.com*

Michael O. Hueston, Esq.
*mhueston@nyc.rr.com*

John A. Diaz, Esq.
*johnadiazlaw@gmail.com*

Susan G. Kellman, Esq.
*sgk@kellmanesq.com*

Ezra Spilke, Esq.
*ezra@spilkelaw.com*

Jacqueline E. Cistaro, Esq.
*jec@cistarolawfirm.com*

   Re: <u>United States v. Karl Jordan, Jr., et al.</u>
      <u>Criminal Docket No. 20-CR-305 (S-2) (LDH)</u>

Dear Counsel:

   Please find uploaded to USAfx the government's disclosures pursuant to 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure ("3500 material") in connection with the upcoming trial in the above-referenced case, with jury selection scheduled to begin on January 22, 2024.[1]  If the government becomes aware of any additional 3500 material

---

[1] While the plain language of 18 U.S.C. § 3500 does not require disclosure "until said witness has testified on direct examination in the trial of the case," the government provides these materials five weeks in advance of jury selection in order to allow the defense adequate time to prepare for cross-examination and to avoid unnecessary delays at trial.  18 U.S.C. § 3500(a); <u>see, e.g.</u>, <u>United States v. Coppa</u>, 267 F.3d 132, 145 (2d Cir. 2001); <u>United States v. Gluzman</u>, 154 F.3d 49, 51 (2d Cir. 1998); <u>United States v. Percevault</u>, 490 F.2d 126, 129 (2d Cir.

regarding these potential witnesses, the government will provide it to you as it becomes available.

As discussed, this production represents the majority of 3500 material relating to the government's anticipated witnesses. The 3500 material has been marked "Sensitive" per the parties' agreement, memorialized by email on December 14, 2023, to treat all 3500 material, as well as exhibits, as "Sensitive" under the Protective Order issued on September 17, 2020 (ECF No. 22).[2] Also as discussed, the 3500 material for the few remaining witnesses will be disclosed two weeks before jury selection.

The government is also enclosing GX 901 – GX 909, which are proposed trial stipulations for your consideration. As discussed, these proposed stipulations are designed to eliminate the need to call certain foundation and authentication witnesses at trial. The defense would preserve any substantive objection to the admission of the corresponding evidence.

The government requests reciprocal disclosures from the defendants pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure.

Very truly yours,

BREON PEACE
United States Attorney

By:        /s/
Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of the Court (LDH) (without enclosures)

---

1974); United States v. Urso, 369 F. Supp. 2d 254, 273 (E.D.N.Y. 2005); United States v. Garcia, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005).

[2]   Per the Protective Order, where defense counsel wish to attach any portion of the Sensitive material to public filings made with the Court, defense counsel "must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure." ECF No. 22 ¶ 6 (emphasis added). This requirement also applies when defense counsel wish to "disclose any portion of" the Sensitive material, or "information derived from" the Sensitive material, in public filings made with the Court. Id. ¶ 5.