**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
**UNITED STATES OF AMERICA,**                          :
                                                       :
                                                       :        **20 Cr. 305 (LDH)**
                                                       :
        **- v.-**                                      :
                                                       :
**KARL JORDAN**                                        :
                                                       :
        **and**                                        :
                                                       :
**RONALD WASHINGTON,**                                 :
                                                       :
                                                       :
        **Defendants.**                                :
-------------------------------------------------------------------X


**KARL JORDAN'S & RONALD WASHINGTON'S**
**PROPOSED INTRODUCTION AND**
**EXAMINATION OF PROSPECTIVE JURORS**


Mark S. DeMarco
Michael Hueston
John Diaz
Emilee Sahli
*Attorneys for Karl Jordan*

Susan G. Kellman
Ezra Spilke
Jacqueline Cistaro
*Attorneys for Ronald Washington*

1The defendants, Karl Jordan and Ronald Washington, by and through their attorneys, respectfully request that the Court include the following introduction prior to its general *voir dire* of the jurors and that, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court, in addition to its customary *voir dire* questions, include the attached questions so that the defense may effectively exercise its challenges for cause and its peremptory challenges.

Mr. Jordan and Mr. Washington further request that the Court conduct more detailed questioning at sidebar or in the robing room should further inquiry of a prospective juror be appropriate. If such further questioning is needed, Mr. Jordan and Mr. Washington respectfully request that the Court inquire whether the fact or circumstance raised would influence the prospective juror in favor of or against Mr. Jordan and/or Mr. Washington.

Finally, we respectfully ask this Court to follow the lead of the Western District of Washington, which has pioneered an effort to educate potential jurors by requiring, in every case, an educational video, a jury instruction, and questioning about unconscious bias. *See* United States District Court for the Western District of Washington, *Unconscious Bias Juror Video*, available at https://www.wawd.uscourts.gov/jury/unconscious-bias ("The video and jury instructions on this page were created by a committee of judges and attorneys and will be presented to jurors in every case with the intent of highlighting and combating the problems presented by unconscious bias."). The brief, ten-minute W.D. Wash. video should be played for the jury so that he may be afforded a jury that gives him a fair trial. If granted, counsel will receive permission from William McCool, W.D. Wash. District Court Executive/Clerk.

## I.    **PRELIMINARY JURY INSTRUCTION**

At the outset of this trial, it may be helpful to briefly summarize the charges in this criminal case. These are just charges and are not themselves evidence of anything. Likewise, nothing I am about to say is evidence: it is just a summary of the charges to give you a legal framework as you listen to the evidence. Under our system of law, a defendant is presumed innocent and can only be convicted of any given charge if the government proves every essential element of that charge beyond a reasonable doubt.

The defendants here, Karl Jordan and Ronald Washington, are charged with two separate crimes or "counts." They are as follows:

**Count One** charges them with murdering Jason Mizell while engaged in a continuing criminal enterprise.

**Count Two** charges them with using a firearm in relation to a drug trafficking conspiracy which resulted in the death of Mr. Mizell on October 30, 2002.

At the end of the trial, I will give you more detailed instructions about each of the three charges. Meanwhile, however, please keep in mind that the defendants have pleaded not guilty to each of these charges and that they are presumed innocent of each of these charges unless and until the government proves them guilty of a given charge beyond a reasonable doubt.

## II    **KNOWLEDGE OF THE TRIAL PARTICIPANTS**

1.    The defendants in this case are Karl Jordan and Ronald Washington.

2.     [Please ask Mr. Jordan to rise.] Do any of you know, or have you had any dealings, directly or indirectly, with Mr. Jordan, or with any relative, friend, or associate of Mr. Jordan?

2

3.      To your knowledge, do any of your relatives, friends, associates, or employers know Mr. Jordan?

4.      Mr. Jordan is represented here today by Mark DeMarco, Michael Hueston, John Diaz and Emilee Sahli. [Please ask counsel to stand.]

Do any of you know Mr. DeMarco, Mr. Hueston, Mr. Diaz or Ms. Sahli?

5.      [Please ask Mr. Washington to rise]. Do any of you know, or have you had any dealings, directly or indirectly, with Mr. Washington, or with any relative, friend, or associate of Mr. Washington?

6.      Mr. Washington is represented here today by Susan Kellman, Ezra Spilke and Jacqueline Cistaro. They will be assisted by paralegal Nato Chelidze [Please ask counsel to stand.]

Do any of you know Ms. Kellman, Mr. Spilke, Ms. Cistaro or Ms. Chelidze?

7.      The government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Eastern District of New York, who is Breon Peace. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Miranda Gonzalez,  Artie McConnell and Mark Misorek. [Please ask the Assistants to stand.]

Do any of you know any of the prosecutors? Have you or your family members or close friends had any dealings either directly or indirectly with them?

8.      The prosecutors will also be assisted in this case by Special Agent [name] of the [agency] and [government's paralegal], a paralegal specialist with the U.S. Attorney's Office. [Please ask agent and paralegal to stand.]

Have you or your family members or close friends had any dealings either directly or indirectly with Special Agent or [government's paralegal]?

9.      Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office?

10.     I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case: [a list of individuals and witnesses will be provided to the Court shortly before trial].

Do any of you know any of these people?

Have you or your family members or your close friends had any dealings either directly or indirectly with any of these individuals?

**III.      <u>RELEVANT LOCATIONS</u>**

11      Some of the conduct at issue in this case and the arrests of Mr. Jordan and Mr. Washington took place at specific locations in Queens, New York and elsewhere. [a list of relevant locations will be provided to the Court shortly before trial]. Are any of you familiar with these locations?

**IV.      <u>RELATIONSHIP WITH GOVERNMENT</u>**

12.     Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Eastern District of New York? The Department of Justice? The New York City Police Department ("NYPD")? Is any member of your family, any associate or close friend, employed by any law enforcement agency, whether federal, state or local?

13.     Have you, or has any member of your family, any associate or close friend, ever been employed by any other government agency, whether federal, state or local?

4

V.          **PRIOR JURY SERVICE**

14.    Have you ever served as a member of a grand jury, whether in federal, state,

county, or city court?

      a.     If so, when and where did you serve?

15.    Have you ever served as a juror in any court?

      a.     If so, when and in what court did you serve, and was it a civil or criminal

            case?

      b.     What was the nature of the case?

      c.     Did you participate in deliberations?

      d.     Without saying what it was, did the jury reach a verdict?

**VI.    PUBLICITY**

16.    Have you read, seen or heard anything about this case?

      a.     If so, what have you seen, read or heard about this case, the circumstances

            surrounding it and where you received this information.

      b.     When you learned about this case, what was your reaction.

      c.     As a result of the information that you have seen, read or heard, have you

            formed any opinions about this case?

      d.     Have you discussed this incident or heard anyone else talk about this

            incident?

            i.     If so, have you formed any opinion about guilt or innocence?

**VII.   UNCONSCIOUS BIAS**

17.    Growing scientific research indicates we all have "unconscious biases" or hidden

feelings, perceptions, fears, and stereotypes in our subconscious. These hidden thoughts often

5

impact how we remember what we see and hear and how we make important decisions. While it is difficult to control one's subconscious thoughts, being aware of these hidden biases can help counteract them. I'd like to get a sense of your reaction to the concept of subconscious or implicit racial biases and whether you are open to believing it may influence you in your day-to-day decision making. Let me start by asking for your reaction to learning about the idea of implicit, or subconscious racial bias?

18.     Describe a particularly impactful interaction that you or someone close to you had with a member of another race?

19.     Describe a time a time you relied on an assumption about another person that turned out to be wrong?

**VIII.   EXPERIENCE AS A WITNESS, LITIGANT, DEFENDANT, OR CRIME VICTIM**

20.     Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a legislative committee or governmental agency?

21.     Have you ever been a witness or a complainant in any federal or state prosecution? What was the nature of that prosecution? Did you testify in any proceeding?

22.     Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? [Mr. Jordan and Mr. Washington respectfully request that the Court allow any juror who answers affirmatively the option to discuss this issue at sidebar or in robing room.]

a.     What crime?

b.     How was the case resolved?

6

23.     Have you, or has any member of your family, any associate or close friend, ever been a victim of a crime or involved in any way in a case involving illegal firearms, street gangs or violent conduct? [As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.]

24.     Have you, or has any member of your family, been a party to a lawsuit?

     a.     What was the nature of the suit? How was the lawsuit resolved?

     b.     Is there anything about that experience that would prevent you from being fair and impartial in this case?

25.     Have you had any experiences with, or do you have any views regarding, attorneys who defend people accused of crimes that would make it difficult for you to be a juror in this case?

**VIII.   ABILITY TO RENDER A FAIR AND IMPARTIAL VERDICT**

26.     During the trial, you will hear evidence concerning the alleged dealing of cocaine and a fatal shooting. Does the fact that the charges involve illegal narcotics and/or a fatal shooting affect your ability to render a fair verdict?

27.     You will also hear evidence concerning the use, possession, and discharge of firearms. Does the fact that this case will involve such evidence affect your ability to render a fair verdict?

28.     Has any juror's relative, close friend, or associate ever been involved – as a defendant, victim, or in any other way – in a case involving illegal drugs, firearms, or a crime of violence?

7

29.     Has any juror had any personal experience with narcotics, firearms, or violent crime that would make it difficult for him or her to be impartial?

### IX.     LAW ENFORCEMENT WITNESSES

30.     The government witnesses in this case will consist in part of law enforcement officers. Would any of you be more likely to believe a witness merely because he or she is a member of a law enforcement agency?

31.     Does anyone have any personal feelings or experiences concerning law enforcement witnesses that would in any way affect their ability to be fair and impartial in this case?

### X.     COOPERATING WITNESSES

32.     The government may also present the testimony of cooperating witnesses who have pleaded guilty to other crimes in exchange for the possibility of more lenient punishment from the Court. Would any of you be more likely to believe a witness merely because he or she is testifying pursuant to a cooperation agreement with the government?

33.     Does anyone have personal feelings or experiences concerning cooperating witnesses generally that would in any way affect their ability to be fair and impartial in this case?

### XI.     FIREARMS/WEAPONS

34.     This case may also involve testimony or evidence relating to firearms. How many of you feel that because of this testimony or evidence, it might be difficult for you to sit as a juror?

35.     Have you, any family members or friends ever had a bad experience involving a weapon?

8

36.     Have you or any family member or friend ever belonged to any kind of anti-gun or pro-gun organization?

      a.     If so, which one?

37.     Would any feelings that you have about firearms affect your judgment in this case?

## XII.   **DRUGS/NARCOTICS**

38.     This case will involve testimony or evidence relating to the sale, possession or use of illegal drugs. Would you have any feelings about such testimony that might affect your judgment in this case?

39.     Have any of you, any members of your immediate family, or friends known anyone who used or was addicted to drugs? If so, please state:

      a.     who?

      b.     what is their relationship to you?

      c.     would that fact affect your judgment in this case?

## XIII.   **DRUG DEALING GROUP OR GANGS**

40.     Although you may hear testimony that Mr. Jordan and Mr. Washington were members or associates of a cocaine dealing enterprise located in Queens County, that membership or association, in and of itself, is not against the law. Is there anyone who would assume that if a person was a member of a drug trafficking organization, he must be guilty of the crimes charged in this case?

41      Mr. Jordan and Mr. Washington are presumed to be innocent of each of the charges, and the government has the burden of proving each charge beyond a reasonable doubt. You may only consider the defendants' membership or association with an enterprise only to the

9

extent that you find it to be relevant to the specific charges against the defendant. Is there anyone who would find it difficult, or be unable or unwilling, to follow these instructions?

42.     Is there anyone who would assume that if the defendant is associated with or was even friends with a person who was a member of a criminal enterprise or street gang, he must be guilty of the charges in this case?

43.     Is there anyone who would find it difficult, or be unwilling or unable, to give a member or associate of a criminal enterprise the protection afforded by the presumption of innocence? That is, who would find it difficult, or be unwilling or unable, to presume that a member of a criminal enterprise is innocent of the specific charges in this case?

44.     Is there anyone who would find it difficult, or be unwilling or unable, to hold the government to its burden of proving the charges beyond a reasonable doubt with regard to the defendant if you were to find out that the defendant is or was a member of or an associate of a criminal enterprise?

45.     Have you, or someone close to you, ever been the victim of a crime committed by a member of any street gang?

        a.     Is there anything about that experience – whether it involved the lawyers, the judge, the accused, the evidence, or your jury deliberations – that makes you feel that you would have trouble being fair and impartial, or that you believe would make it difficult for you to serve as a juror in this case?

## XIV.  **OTHER QUESTIONS**

46.     Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all the evidence at this trial?

47.     Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all the evidence at this trial or

10

otherwise interfere with your ability to serve as a juror in this case? [Mr. Jordan respectfully requests that the Court allow any juror who answers affirmatively the option to discuss this issue at sidebar or in robing room.]

48.     Do any of you have any difficulty reading or understanding English?

49.     Do any of you have any religious, philosophical or other beliefs that would make you unable to render a verdict in this criminal case?

### XV.    FUNCTION OF THE COURT AND JURY

50.     The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive factfinder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be.

51.     At the conclusion of the case, your job will be to determine whether Mr. Jordan and Mr. Washington are guilty of the crimes charged in the Indictment. Does any juror have any bias or prejudice, or any philosophical or religious belief, that might prevent or hinder him or her from accepting the instructions of law that I will give the jury in this case?

52.     In the United States, a criminal defendant is presumed innocent unless and until the government proves the defendant's guilt beyond a reasonable doubt. That burden never shifts to the defendant. The presumption of innocence remains with Mr. Jordan and Mr. Washington throughout this trial, and he cannot be convicted unless and until the jury, unanimously and based solely on the evidence presented in court, finds that the government has met its burden beyond a reasonable doubt. I will explain what reasonable doubt means in more detail during my

instructions to you at the conclusion of this trial, but is there anyone who would have difficulty following my instruction that Mr. Jordan and Mr. Washington are presumed innocent?

53.    Our law provides that a defendant is not required to call any witnesses, produce any evidence, or take the stand to testify in his own defense. If Mr. Jordan or Mr. Washington exercises their right not to testify, you may draw no unfavorable inferences of any kind from the fact that they have not testified.  Is there anyone who would have difficulty accepting this principle?

54.    At the conclusion of the trial, I will be instructing you that if you find that the government has not met its burden of proof beyond a reasonable doubt, it is your duty to find Mr. Jordan and Mr. Washington not guilty of the crimes charged in the Indictment. Is there any juror who feels that he or she might not be able to render a not guilty verdict if the evidence fails to establish Mr. Jordan's and Mr. Washington's guilt beyond a reasonable doubt?

## XVI.   OTHER BIASES

55.    In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

## XVII.  REQUESTED INSTRUCTION FOLLOWING IMPANELING OF THE JURY

56.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case with anyone, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions with your fellow jurors, even with members of your own family, and your friends.

57.     If at any time during this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in this case are under strict instructions from me not to talk to jurors, not even to offer a friendly greeting. So, if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly and following my instructions by doing so.

Dated:      New York, New York
            December 29, 2023

Respectfully submitted,

*Mark S. DeMarco*

Mark S. DeMarco
Michael Hueston
John Diaz
Emilee Sahli
***Attorneys for Karl Jordan***

Susan G. Kellman
Ezra Spilke
Jacqueline Cistaro
***Attorneys for Ronald Washington***

13

TO:     BREON PEACE, ESQ.
        United States Attorney
        Eastern District of New York

Attn:   Miranda Gonzalez, Esq.
        Artie McConnell, Esq.
        Mark Misorek, Esq.
        Assistant United States Attorneys

14