AB:MEM/JAM/MG
F. #2017R00509

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

  KARL JORDAN, JR.,
        also known as "Little D"
       and "Noid," and
  RONALD WASHINGTON,
        also known as "Tinard,"

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

20-CR-305 (S-2) (LDH)

THE GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

BREON PEACE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant United States Attorneys
    (Of Counsel)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

REQUEST NO. 1 (General Requests) ................................................................................. 2

REQUEST NO. 2 (Testimony of Law Enforcement Witnesses) ............................................ 3

REQUEST NO. 3 (Testimony of Expert Witnesses) .............................................................. 4

REQUEST NO. 4 (Cooperating Witnesses) ......................................................................... 5

REQUEST NO. 5 (Witness Interviews) ................................................................................ 7

REQUEST NO. 6 (All Available Evidence Need Not Be Produced) ..................................... 8

REQUEST NO. 7 (Specific Investigative Techniques Not Required) ................................... 9

REQUEST NO. 8 (Uncalled Witnesses Equally Available) ................................................ 10

REQUEST NO. 9 (Identification Testimony) ..................................................................... 11

REQUEST NO. 10 (Multiple Defendants and Multiple Counts) ......................................... 13

REQUEST NO. 11 (Other Persons Not on Trial) ............................................................... 14

REQUEST NO. 12 (Evidence Lawfully Obtained) ............................................................. 15

REQUEST NO. 13 (Consciousness of Guilt from Fabrication of Alibi) ............................. 16

REQUEST NO. 14 (Co-Conspirator Acts and Statements) ................................................ 17

REQUEST NO. 15 (Knowingly and Intentionally) ............................................................ 19

REQUEST NO. 16 (Aiding and Abetting) .......................................................................... 21

REQUEST NO. 17 (Conspiracy Generally) ....................................................................... 23

REQUEST NO. 18 (Co-Conspirator Liability) ................................................................... 27

REQUEST NO. 19 (Summary of the Indictment) ............................................................... 29

REQUEST NO. 20 (Predicate Narcotics Conspiracy) ....................................................... 31

REQUEST NO. 21 (Count One: Murder While Engaged in Narcotics Conspiracy) ............ 34

REQUEST NO. 22 (Count Two: Firearm-Related Murder) ................................................ 41

REQUEST NO. 23 (Sympathy and Questioning the Wisdom of the Law) ........................... 48

REQUEST NO. 24 (Punishment) ....................................................................................... 49

CONCLUSION .................................................................................................................. 50

PRELIMINARY STATEMENT

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the government respectfully requests that the Court include the following instructions in its charge to the jury. The government also requests leave to offer additional instructions as may become appropriate during the course of the trial and, prior to the Court finalizing its instructions, an opportunity to be heard as to any open objections.

The government respectfully requests the Court instruct the jury on three theories of guilt for Counts One and Two: substantive guilt, guilt on an aiding and abetting theory of liability, and in the alternative, guilt on a Pinkerton theory of liability (i.e., discussed as "co-conspirator liability"). Accordingly, the government has included instructions on aiding and abetting and a Pinkerton liability.

REQUEST NO. 1
(General Requests)

The government requests that the Court give the pattern instructions from Sand et

al. <u>Modern Federal Jury Instructions</u> ("Sand") on the following subjects:

(a)    Role of the Court and the Jury (Instr. 2-2, 2-3);

(b)    The Government as a Party (Instr. 2-5);

(c)    Jury Communications with Lawyers and the Court (Instr. 1-1, ¶ 6);

(d)    Contact with Others (Instr. 2-21);

(e)    Presumption of Innocence and Burden of Proof (Instr. 4-1);

(f)    Reasonable Doubt (Instr. 4-2);

(g)    Dates in Indictment Are Approximate (Instr. 3-12);

(h)    Function of the Indictment and What is Not Evidence (Instr. 3-1);

(i)    Direct and Circumstantial Evidence (Instr. 5-2);

(j)    Types of Evidence; Questions & Objections are Not Evidence (Instr. 5-3, 5-4);

(k)    Permissible Inferences Drawn from the Evidence (Instr. 6-1);

(l)    Stipulations (Instr. 5-6, 5-7);

(m)    Charts and Summaries (if applicable) (Instr. 5-12, 5-13);

(n)    Credibility of Witnesses (Instr. 7-1);

(o)    Defendant's Right Not to Testify (Instr. 5-21);

(p)    Interest in Outcome (Instr. 7-3);

(q)    Duty to Consult and Need for Unanimity (Instr. 9-7); and

(r)    Jury's Right to See Exhibits and Have Testimony Read During Deliberations (Instr. 9-3).

REQUEST NO. 2
(Testimony of Law Enforcement Witnesses)

During the trial, you heard the testimony of law enforcement witnesses. The fact that a witness is a member of law enforcement does not mean that his or her testimony is entitled to any greater weight by reason of his or her employment. By the same token, his or her testimony is not entitled to less consideration simply because he or she is a member of law enforcement.

You should consider the testimony of members of law enforcement just as you would consider any other evidence in the case and evaluate its credibility just as you would that of any other witness. It is your decision, after reviewing all of the evidence, whether to accept the testimony of a law enforcement witness and to give it whatever weight, if any, it deserves.

Authority:  Sand, Instruction 7-16; adapted from the charges in United States v. Cardona et al., 21-CR-622 (LDH) (E.D.N.Y.), ECF No. 253; United States v. Harris, 10-CR-712 (ILG) (E.D.N.Y.); United States v. White, 09-CR-351 (ILG) (E.D.N.Y.); United States v. Wilson, 08-CR-690 (BMC) (E.D.N.Y.); and United States v. Spears, 06-CR-340 (ARR) (E.D.N.Y.).

REQUEST NO. 3
(Testimony of Expert Witnesses)

During the trial, I permitted witnesses to express their opinions as expert witnesses about matters at issue in the trial.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.  In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

Authority:  Sand, Instruction 7-21.

REQUEST NO. 4
(Cooperating Witnesses)

The law allows the use of testimony from cooperating witnesses.  These witnesses may have a criminal history and may be testifying pursuant to a grant of immunity from prosecution or an agreement with the government.  Under the agreements, the witnesses agreed to testify and the government promised to bring their cooperation to the attention of the appropriate sentencing court.

There is nothing improper or illegal in the government's use of these techniques.  Indeed, certain types of evidence would be extremely difficult to detect or obtain without the use cooperating witness testimony or confidential informants.  It is the law in federal courts that the testimony of a cooperating witness may be enough, by itself, for conviction, if the jury finds that such testimony of establishes guilt beyond a reasonable doubt.  Whether or not you approve of the use of cooperating witness testimony or the use of confidential informants to detect unlawful activities is not to enter into your deliberations in any way.  If you are satisfied beyond a reasonable doubt that the defendant committed the charged offenses, the fact that the government made use of these techniques is irrelevant to your determination.

You should bear in mind that a cooperating witness has an interest in this case different from an ordinary witness.  A witness who realizes that he may be able to avoid prosecution, obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution may have a motive to testify falsely.  Therefore, you must scrutinize such testimony with caution and weigh it with great care.  You should ask yourselves whether the cooperating witness would benefit more by lying or by telling the truth.  Was the testimony made up in any way because he believed or hoped that he would receive favorable treatment by concealing the truth or testifying falsely?  Or, did he believe that his interests would be best

served by testifying truthfully?  If you believe that the witness was motivated by hopes of

personal gain, such as a reduced sentence on the charge to which he has pled guilty, was the

motivation one that would cause him to lie, or was it one that would cause him to tell the truth?

In this regard, I instruct you that the sentencing of any individual is the court's job alone.  You

are not to speculate about or otherwise concern yourselves with the possible sentence the court

may impose for a cooperating witness.  Such considerations are improper and must not enter into

your deliberations in any way.  In sum, you should look at all of the evidence in deciding what

credence and what weight, if any, to give the cooperating witnesses.

Authority:  Adapted from the charges in United States v. Zottola, 18-CR-609 (HG) (E.D.N.Y.);
and United States v. Taylor, 10-CR-268 (E.D.N.Y.) (DLI), ECF No. 26; see also Sand,
Instruction 7-5.

REQUEST NO. 5
(Witness Interviews)

During the course of trial, you heard testimony that the attorneys for the government interviewed witnesses when preparing for trial.  You must not draw any unfavorable inference from that fact.  Attorneys have an obligation to prepare their case as thoroughly as possible and, in the discharge of that responsibility, to interview witnesses.

Similarly, there was testimony at trial that the attorneys for the government questioned witnesses before a federal grand jury investigating the crimes with which the defendants were ultimately charged.  There is nothing inappropriate about this.  It is entirely proper for attorneys for the government to question witnesses before the grand jury.  The government has an obligation to investigate the case thoroughly, including by subpoenaing witnesses to testify before grand jury.

Authority:  Adapted from the charges in United States v. Jacquez de Abreu, 16-CR-564 (RJD) (E.D.N.Y.), ECF No. 110; United States v. Greebel, 15-CR-637 (KAM) (E.D.N.Y.), ECF No. 500; and United States v. Mayes et al., 12-CR-385 (ARR) (E.D.N.Y.), ECF No. 189.

REQUEST NO. 6
(All Available Evidence Need Not Be Produced)

Although the government bears the burden of proof, the law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and other items mentioned during the course of the trial. Your concern is to determine, based on the evidence presented at trial, whether or not the government has proven that any defendant is guilty beyond a reasonable doubt on any count.

Authority:  Adapted from the charges in United States v. Cardona et al., 21-CR-622 (LDH) (E.D.N.Y.), ECF No. 253; and United States v. Pandrella, 19-CR-122 (MKB) (E.D.N.Y.), ECF No. 178.

<u>REQUEST NO. 7</u>
(Specific Investigative Techniques Not Required)

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.  However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.

<u>Authority</u>:  Sand, Instruction 4-4.

REQUEST NO. 8
(Uncalled Witnesses Equally Available)

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys may have referred to their absence from the trial.  Although the burden of proof rests exclusively with the government, each party had an equal opportunity or lack of opportunity to call as witnesses any of the individuals who were mentioned during the trial.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority:  Adapted from Sand, Instruction 6-7, and the charges in United States v. Cardona et al., 21-CR-622 (LDH) (E.D.N.Y.), ECF No. 253; United States v. Pandrella, 19-CR-122 (MKB) (E.D.N.Y.), ECF No. 178; and United States v. Gill et al., 13-CR-487 (CBA) (E.D.N.Y.), ECF No. 479.

REQUEST NO. 9
(Identification Testimony)

An important issue in this case is the identification of the defendants as the perpetrators of the crime.  The government has the burden of proving identity, beyond a reasonable doubt.  It is not essential that an eyewitness be free from doubt as to the correctness of his or her identification of a defendant.  However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of a defendant before you may convict him.  If you are not convinced beyond a reasonable doubt that a defendant was one of the persons who committed the crime, you must find the defendant not guilty.

Identification testimony is an expression of belief on the part of the witness.  Its value depends on the opportunity the witness had to observe the offender at the time of the offense and, later, to make a reliable identification of the offender.

You have heard the arguments of counsel on this subject, and I will not repeat them all here.  I will only suggest to you that you should consider the following matters:  Did the witness have the ability to see the offender at the time of the offense?  Has the witness' identification of the defendant as the offender been influenced in any way?  Has the identification been unfairly suggested by events that occurred since the time of the offense?  Is the witness's recollection accurate?

In addition, you should consider the credibility of the identification witness just as you would any other witness.

Let me repeat, the burden is on the prosecution to prove every element of the crime charged, including the identity of a defendant as the offender.  Therefore, if, after examining all of the evidence, you find that a crime was committed, but you have a reasonable

11

doubt about whether it was a defendant who committed that crime, you must find that defendant

not guilty.

<u>Authority</u>:  Adapted from Sand, Instruction 7-20, and the charges in <u>United States v. Cardona et al.</u>, 21-CR-622 (LDH) (E.D.N.Y.), ECF No. 253.

REQUEST NO. 10
(Multiple Defendants and Multiple Counts)

In this case, the Indictment contains two counts against Karl Jordan, Jr. and two counts against Ronald Washington. In reaching your verdict, bear in mind that guilt is individual. Your verdict of guilty or not guilty must be based solely on the evidence about each defendant. You may not infer that a defendant is guilty of participating in criminal conduct merely from the fact that he was associated with other people who were engaging in wrongdoing.

Additionally, a separate crime is charged in each count. You must consider each count separately and you must return a verdict for each count. The fact that you may find the defendant guilty or not guilty as to one of the counts charged does not determine your verdict as to the other count or counts charged against him.

Authority:  Adapted from the charges in United States v. Cardona et al., 21-CR-622 (LDH) (E.D.N.Y.), ECF No. 253; United States v. Thomas, 20-CR-01 (RJD) (E.D.N.Y.), ECF No. 110; United States v. Johnson, 19-CR-221 (RJD) (E.D.N.Y.), ECF No. 270; United States v. Lopez et al., 18-CR-609 (HG) (E.D.N.Y.); and Sand, Instructions 3-5, 3-8.

13

REQUEST NO. 11
(Other Persons Not on Trial)

You have heard evidence about the involvement of certain other people in the crimes charged in the indictment.  You may not draw any inference, favorable or unfavorable, towards the government or the defendant from the fact that certain persons are not on trial before you.  That these other individuals are not on trial before you is not your concern.  You should neither speculate as to the reason these other people are not on trial before you nor allow their absence as parties to influence in any way your deliberations in this case.  Nor should you draw any inference from the fact that any other person is not present at this trial.  Your concern is solely the defendants on trial before you.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proven these defendants guilty.  Do not let the possible guilt of others influence your decision in any way.

Authority:  Adapted from Sand, Instruction 2-18 (citing the Sixth Circuit Pattern Criminal Jury Instruction 2.01), and the charges in United States v. Rivera, 13-CR-149 (KAM) (E.D.N.Y.), ECF No. 453 and United States v. Taylor, 10-CR-268 (DLI) (E.D.N.Y.), ECF No. 263.

14

REQUEST NO. 12
(Evidence Lawfully Obtained)

You have heard and seen evidence obtained through a variety of investigative techniques, including searches of certain locations, cellular telephones, and DNA samples, and audio recordings of telephone conversations and text messages that were obtained with or without the knowledge of the defendant.  All of this evidence was obtained lawfully.  The use of these procedures to gather evidence is perfectly lawful and the government has the right to use such evidence in this case.

Authority:  Adapted from the charges in United States v. Gill, et al., 13-CR-487 (CBA) (E.D.N.Y.), ECF No. 479; and United States v. Basciano, et al., 03-CR-929 (NGG) (E.D.N.Y.), ECF No. 891.

<u>REQUEST NO. 13</u>
(Consciousness of Guilt from Fabrication of Alibi)

You have also heard testimony that the defendant made statements outside the courtroom to law enforcement officials in which the defendant claimed he was not present at the scene of the crime when it was committed.  The government claims that this alibi statement was false.

If you find that the defendant intentionally gave a false statement in order to mislead the investigating authorities that he was not present at the scene of the crime, you may, but need not, infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

<u>Authority:</u>  Sand, Instruction 6-12.

16

REQUEST NO. 14
(Co-Conspirator Acts and Statements)

The charges against the defendants allege that they participated in a conspiracy. In that regard, I admitted into evidence against the defendant the acts and statements of other persons who because these acts and statements were committed by persons who, the government charges, were also co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

Thus, if you find that the defendant whose guilt you are considering was a member of the criminal conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant. This is true even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the

17

conspiracy or if they were not done or said in furtherance of the conspiracy, they may be

considered by you as evidence only against the person who did or said them.

Authority:  Adapted from the charges in United States v. Cardona et al., 21-CR-622 (LDH)
(E.D.N.Y.), ECF No. 253; United States v. Skyers, 16-CR-377 (MKB) (E.D.N.Y.); United States
v. Rivera, 13-CR-149 (KAM) (E.D.N.Y.), ECF No. 453; and United States v. Scalisi, 10-CR-46
(SJ) (E.D.N.Y.).

REQUEST NO. 15
(Knowingly and Intentionally)

During these instructions, you will hear me use the words "knowingly" and "intentionally."

The government bears the burden of proving beyond a reasonable doubt that the defendant acted knowingly and intentionally.  Therefore, before you can find the defendant guilty, you must be satisfied that the defendant was acting knowingly and intentionally with respect to the acts compromising the charged offenses.

A person acts "knowingly" when he acts intentionally and voluntarily, and not because of ignorance, mistake, negligence, accident, carelessness or any other innocent reason.  Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully.  That is, the defendant's acts must have been the product of a conscious objective decision rather than the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proved directly.  The ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.  Indeed, in your everyday affairs, you are frequently called upon to determine a

19

person's state of mind from his or her words and actions in a particular circumstance.  You are

asked to do the same here.

Authority:  Adapted from Sand, Instructions 3A-1, 3A-4; and from the charges in United States v. Cardona et al., 21-CR-622 (LDH) (E.D.N.Y.); United States v. Thomas, 20-CR-01 (RJD) (E.D.N.Y.), ECF No. 110; United States v. Johnson, 19-CR-221 (RJD) (E.D.N.Y.), ECF No. 270; and United States v. Ashburn, 11-CR-303 (NGG) (E.D.N.Y.), ECF No. 425.

REQUEST NO. 16
(Aiding and Abetting)

In addition to the offenses in Counts One and Two, the government has also

charged the defendants with aiding and abetting the commission of those offenses.  Aiding and

abetting is defined under federal law in Section 2 of Title 18 of the United States Code, which

provides as follows:

> Whoever commits an offense against the United States or aids,
> abets, counsels, commands, induces or procures its commission, is
> punishable as a principal. Whoever willfully causes an act to be
> done, which if directly performed by him or another would be an
> offense against the United States, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to

show that a defendant himself or herself physically committed the crime with which he or she is

charged in order for the government to sustain its burden of proof. A person who aids or abets

another to commit an offense is just as guilty of that offense as if he or she committed it himself

or herself.

Accordingly, you may find the defendant guilty of the offense charged if you find

beyond a reasonable doubt that the government has proved that another person actually

committed the offense with which the defendant is charged, and that the defendant aided or

abetted that person in the commission of the offense.

Under the aiding and abetting statute, the first requirement is that you find that

another person has committed the crime charged.  Obviously, no one can be convicted of aiding

or abetting the criminal acts of another if no crime was committed by the other person in the first

place.  But if you do find that a crime was committed, then you must consider whether the

defendant aided or abetted the commission of the crime.

21

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek to help make the crime succeed.  Participation in a crime is "willful" if it is done voluntarily and intentionally.

An inference of criminal participation in a criminal offense cannot be drawn merely from presence.  A culpable purpose is essential.  The defendant's presence is a circumstance from which guilt may be deduced if that presence is meant to assist the commission of the offense or is pursuant to an understanding that he is on the scene for that purpose.  Presence is thus equated to aiding and abetting when it is shown that its purpose is to encourage the perpetrator, facilitate the unlawful deed, or stimulate others to render assistance to the criminal act.  But mere presence at the scene of the crime without these or similar attributes is insufficient to identify the defendant as a party to a crime.  An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the venture.

Authority:  Adapted from Sand, Instruction 11-2; and the charges in United States v. Cardona et al., 21-CR-622 (LDH) (E.D.N.Y.); United States v. Zottola, 18-CR-609 (HG) (E.D.N.Y.); United States v. Taylor, 10-CR-268 (DLI) (E.D.N.Y.); and United States v. Mayes et al., 12-CR-385 (ARR) (E.D.N.Y.), ECF No. 189.

REQUEST NO. 17
(Conspiracy Generally)

Counts One and Two in the Indictment involve the federal law of conspiracy. Because of this, I will explain the elements of the crime of conspiracy up front.

Conspiring to commit a crime is an entirely separate and different offense from the substantive crime the conspirators intend to commit.  That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime.  If a conspiracy exists, even if it fails to achieve its purpose, it is still punishable as a crime.  The essence of the charge of conspiracy is an understanding or agreement between or among two or more persons that they will act together to accomplish a common criminal objective.

In order to prove the element that the defendant was engaging in a conspiracy, the government must prove the following elements beyond a reasonable doubt:

First, that two or more persons knowingly and willfully conspired and agreed to commit an unlawful act; and

Second, that the defendant knowingly and willfully joined the conspiracy with knowledge of its unlawful purpose.

Unlawful Agreement

First, the government must prove beyond a reasonable doubt that two or more persons entered into the particular unlawful agreement that has been charged.  In other words, one cannot commit the crime of conspiracy by oneself.  Rather, the proof must convince you that at least two persons joined together to accomplish an unlawful purpose.  The government is not required to prove that members of the conspiracy met together or entered into any express or formal agreement.  You need not find that the alleged conspirators stated, in words or writing, what the unlawful act was, or how it was to be accomplished.  Indeed, since a conspiracy is

23

often, by its very nature, characterized by secrecy, direct proof of the conspiracy may not be available.  You may infer the existence of the agreement or conspiracy from the circumstances and the conduct of the parties.  You may, in determining whether an agreement existed, consider the actions and statements of all of those you find to be participants as proof that those persons shared a common design to act together to accomplish the unlawful purpose.  What the government must prove beyond a reasonable doubt is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with one another to accomplish an unlawful act.  A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act or termination by its members.

Knowing and Intentional Participation

Second, the government also must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member in the charged conspiracy.

The second element of the crime of conspiracy requires that the defendant participated in the alleged conspiracy with knowledge of the unlawful purpose charged in the Indictment, and with the intent to further that unlawful purpose.  A defendant enters into a conspiracy knowingly and intentionally if he joins and participates in the conspiracy with knowledge of, and the intent to further, its unlawful purposes.  All three pieces — participation, knowledge, and intent — must be present.  A defendant's participation in a conspiracy may be proven by evidence of his acts or statements and those of alleged co-conspirators, and the reasonable inferences that may be drawn from them.

You should bear in mind that the extent or duration of a defendant's participation in the conspiracy has no bearing on the issue of guilt.  Each member of a conspiracy may perform separate and different acts and may perform them at different times.  Some conspirators

may play major roles, while others play minor parts in the scheme.  Even if one participant

played only a minor role in the conspiracy, you may find him guilty of participation.  In fact,

even a single act may be sufficient to draw the defendant within the scope of the conspiracy.

The defendant need not have been a member of the conspiracy from its very beginning to be a

co-conspirator.  He may have joined at any point during its progress and be held responsible for

all that was done thereafter as long as he remained a part of the conspiracy.  He also need not

have known the identities of each and every other member of the scheme.  The defendant need

not have been fully informed as to all of the details or the scope of the conspiracy.

Merely being present at a place where criminal conduct is underway does not

make a person a member of a conspiracy to commit that crime.  Nor does the defendant's mere

association with one or more members of the conspiracy automatically make the defendant a

member.  A person may know, or be friendly with, or work with a criminal without being a

criminal himself.  Similarly, the fact that a person, without any knowledge that a crime is being

committed, merely happens to act in a way that furthers the purpose, or the objective of the

conspiracy does not make that person a member.

What is required is proof beyond a reasonable doubt that the defendant did not act

unknowingly or out of mistake, but rather he voluntarily and knowingly entered into the alleged

agreement.  The key inquiry is whether the defendant, understanding the conspiracy's unlawful

nature, intentionally assisted in it in order to help accomplish its unlawful purpose.  If so, he

25

thereby become a knowing and willing participant in the unlawful agreement, that is to say, a

conspirator.

Authority:  Adapted from the charges in United States v. Cardona et al., 21-CR-622 (LDH)
(E.D.N.Y.); United States v. Zottola, 18-CR-609 (HG) (E.D.N.Y.); United States v. Gill et al.,
13-CR-487 (CBA) (E.D.N.Y.), ECF No. 479; and United States v. Taylor, 10-CR-268 (DLI)
(E.D.N.Y.), ECF No. 263.

REQUEST NO. 18
(Co-Conspirator Liability)

With respect to Counts One and Two of the Indictment, if you do not find that the government has satisfied its burden of proving that defendant you are considering is guilty as a principal, or, as an aider and abettor, there is another method by which you may evaluate the defendant's possible guilt.

For each of Counts One and Two, there is a specified narcotics conspiracy underlying the charge.  If you find, beyond a reasonable doubt, that the defendant you are considering was a member of the drug conspiracy as alleged in Count One, then you may also find that defendant guilty of the substantive crime alleged in Count One, the drug-related murder of Jason Mizell.  Likewise, if you find, beyond a reasonable doubt, that the defendant you are considering was a member of the drug conspiracy as alleged in Count Two, then you may also find that defendant guilty of the substantive crime alleged in Count Two, the firearm-related murder of Jason Mizell.  In order to find the defendant you are considering guilty through co-conspirator liability, you must find that each of the following elements is proven beyond a reasonable doubt for the count you are considering:

First, that the substantive crime charged in the count you are considering was committed;

Second, that the person or persons who committed that substantive crime were members of the underlying drug conspiracy alleged in the count you are considering;

Third, that the substantive crime charged in the count you are considering was committed pursuant to a common plan and understanding you found to exist among the conspirators in the relevant drug conspiracy;

Fourth, that the defendant was a member of that drug conspiracy at the time the substantive crime was committed; and

*Fifth*, that the defendant could reasonably have foreseen that the substantive crime you are considering might be committed by his co-conspirators in the relevant drug conspiracy on the day it was committed.

If the government has proven all five of these elements beyond a reasonable doubt for the specific substantive crime you are considering, then you may find the defendant you are considering guilty of the substantive crime charged in that count, even if he did not participate in the acts constituting the substantive crime.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators. Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the foreseeable substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant you are considering guilty under this particular theory of the substantive crime charged in the count you are considering.

Authority:  Adapted from Sand, Instruction 19-13; and the charges in United States v. Smothers 20-CR-213 (KAM) (E.D.N.Y.), ECF No. 318; United States v. Zottola, 18-CR-609 (HG) (E.D.N.Y.); and United States v. Cureton, 16-CR-23 (CBA) (E.D.N.Y.), ECF No. 72.  See United States v. Ward, 505 F. App'x 18 (2d Cir. 2012); United States v. Walker, 142 F.3d 103, 107 (2d Cir. 1998).  See generally United States v. Miley, 513 F.2d 1191, 1208 (2d Cir. 1975); Pinkerton v. United States, 328 U.S. 640 (1946).

REQUEST NO. 19
(Summary of the Indictment)

I will now instruct you as to the legal elements of the crimes charged in the Indictment.  That is to say, I will now instruct you as to the specific elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to warrant a finding of guilt.

To place my instructions in context, I will start by giving you a summary of the crimes charged.  They are stated in the Indictment.  I will give you a copy of the Indictment to refer to during your deliberations, but the Indictment is not evidence; it is simply the instrument by which the charges are brought.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.  I am permitting you to have the Indictment solely as a reference during your deliberations.

After summarizing the charges, I will instruct you in detail on the law that you must apply to as each charge in the Indictment.  And finally, I will tell you some further rules with respect to your deliberations.

First, the summary of the Indictment.  The Indictment contains two counts, or separate charges or offenses.  You must consider each count separately and return a verdict based only upon the evidence as it relates to that specific count.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.  Your verdict as to each count must be unanimous.

The defendants, KARL JORDAN, JR. and RONALD WASHINGTON, are charged in both counts of the Indictment.  Specifically, the Indictment charges the defendants

29

with: (1) the murder of Jason Mizell while engaged in a narcotics trafficking conspiracy (Count One); and (2) the firearm-related murder of Jason Mizell (Count Two).

I have summarized the counts in the Indictment simply to give you an overview of the charges.  In your deliberations as to each count, you should refer to the following detailed instructions as to each count.

REQUEST NO. 20
(Predicate Narcotics Conspiracy)

As I will instruct you, Counts One and Two of the Indictment both involve

elements that the defendant engaged in certain conduct in the course of a conspiracy to distribute

cocaine.  Therefore, before I provide you with the specific legal instructions regarding the

elements of Counts One and Two, I am going to first instruct you regarding the elements of a

narcotics conspiracy.

As I previously described, the essence of the crime of conspiracy is an agreement

or understanding to violate other laws.  It is separate and distinct from the crime that is the

objective of the conspiracy, and it is separate and distinct from the actual violation of any

specific federal laws, which the law refers to as substantive crimes.  You may infer the existence

of the agreement or conspiracy from the circumstances and the conduct of the parties, including

evidence that the defendant, in addition to knowing the essential nature of the venture, associated

himself with the venture or sought by his action to make it succeed.  Advancing the aim of a

narcotics conspiracy can involve the performance of ancillary functions so long as such actions

are performed with the aim of furthering the conspiracy.[1]  Thus, in considering a narcotics

conspiracy charge, you do not have to find that the actual substantive crime that is the object of

the conspiracy was committed—here, an actual distribution of cocaine.  In other words, you may

find the defendant guilty of agreeing to distribute narcotics even if the conspiracy was not

successful and no narcotics were actually distributed.

The extent or duration of a defendant's participation has no bearing on the issue

of a defendant's guilt.  An equal role is not what the law requires.  If you find that the conspiracy

---

[1]    See, e.g., United States v. Soto-Beniquez, 356 F.3d 1, 18 (1st Cir. 2003); United States v. Santos, 541 F.3d 63, 72 (2d Cir. 2008).

31

existed and if you further find that the defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material.  Moreover, it is not required that a person be a member of the conspiracy from its very start.  In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged or assisted in it for the purpose of furthering the illegal undertaking.

The general principles applicable to the federal law of conspiracy that I previously instructed you on apply to Counts One and Two.  In sum:

First, the government must prove beyond a reasonable doubt that two or more persons entered into an agreement to achieve an unlawful object, in this case, to distribute a controlled substance, here, cocaine.

Second, the government must prove beyond a reasonable doubt that the defendant intentionally and knowingly became a member of that conspiracy.

## Distribution

Distribution has several elements and its own definition under the law.  The word "distribute" means to deliver, pass over, hand over something to another person, or cause it to be delivered, passed on, or handed over to another.  Distribution does not require a sale.  The elements of distribution of a controlled substance are: (a) that the defendant knowingly and intentionally possessed a controlled substance or aided and abetted the same; and (b) that the defendant actually distributed the controlled substance, or aided and abetted the same.  As I have previously instructed you, to do something knowingly means to act voluntarily and purposefully

and not because of ignorance, carelessness, mistake, or accident.  To act intentionally means to act deliberately and purposefully.

Again, I remind you, that for the purposes of the underlying conspiracy in Count One and Count Two, the defendant is not charged with actually committing the unlawful act of distribution that I have just described.  Rather, he is charged with conspiring to commit the unlawful acts I have already instructed you on the general definition of conspiracy.  You should apply that definition here.

"Controlled Substance"

I instruct you that, as a matter of law, cocaine is a "controlled substance."

Authority:  Adapted from the charges in United States v. Berry, 20-CR-84 (AJN) (S.D.N.Y.), ECF No. 132; United States v. Cureton, 16-CR-23 (CBA) (E.D.N.Y.), ECF No. 72; United States v. Gill et al., 13-CR-487 (CBA) (E.D.N.Y.), ECF No. 479; and United States v. Taylor, 10-CR-268 (DLI) (E.D.N.Y.), ECF No. 263.  See also United States v. Andino, 627 F.3d 41, 47 (2d Cir. 2010); United States v. Santos, 541 F.3d 63, 68-74 (2d Cir. 2008); United States v. Adams, 448 F.3d 492, 498-500 (2d Cir. 2006); United States v. Soto-Beniquez, 356 F.3d 1, 19 (1st Cir. 2003).

REQUEST NO. 21
(Count One: Murder While Engaged in Narcotics Conspiracy)

Count One of the Indictment charges that, on or about October 30, 2002, the

defendant, together with others, while engaged in a conspiracy to distribute at least five

kilograms or more of a mixture or substance containing cocaine, knowingly and intentionally

killed, and counseled, commanded, induced, procured or caused the intentional killing of Jason

Mizell in violation of Section 848(e)(1)(A) of Title 21 of the United States Code.

In order to prove the charge in Count One against the defendant, the government

must prove beyond a reasonable doubt each of the following four elements of the crime:

First, commission of the underlying offense, in other words, that on or about
October 30, 2002, the defendant was engaged in a conspiracy to distribute
cocaine;

Second, that that narcotics conspiracy involved five or more kilograms of
cocaine;

Third, that while engaged in that conspiracy, the defendant either knowingly
and intentionally killed, or knowingly and intentionally counseled,
commanded, induced, procured or caused the killing of Jason Mizell; and

Fourth, that the killing of Jason Mizell actually resulted from the actions of the
defendant or a person the defendant aided and abetted.

I will now explain each of these elements to you in more detail.

First Element: Commission of the Underlying Offense

The first element the government must prove beyond a reasonable doubt is that

the defendant was engaged in an offense punishable under 21 U.S.C. § 841(b)(1)(A).  I instruct

you that offenses punishable under Section 841(b)(1)(A) include conspiracies to commit such

34

offenses.   The offense punishable under Section 841(b)(1)(A) that is charged in Count One is a conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine.

What this means is that, to find that the government has established the first element, you must first determine whether the government has proven beyond a reasonable doubt a conspiracy to distribute five or more kilograms of cocaine that existed on October 30, 2002.   I have already explained to you the elements of a narcotics conspiracy, and you should apply those instructions here.

<u>Proof of the Murder as Evidence of Participation in the Underlying Conspiracy</u>

Here too, in determining whether the defendant knowingly participated in an existing drug conspiracy, you may consider any unlawful act allegedly committed in furtherance of the drug conspiracy – including, in this case, the killing of Jason Mizell.  That is, you may find the defendant knowingly participated in the drug conspiracy even if he did not participate in some way other than carrying out the murder, so long as he knowingly joined the conspiracy and participated in it.[2]  My earlier instructions on this issue apply here as well.

If you find the defendant not guilty of the underlying drug conspiracy charged in Count One, then you must find the defendant not guilty of Count One.   On the other hand, if you find the government has established beyond a reasonable doubt that the defendant was a member of the underlying conspiracy charged in Count One, then you must turn to the second element of Count One.

<u>Second Element: Drug Weight</u>

If you conclude that the government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy described above, then you must also

---

[2]        See <u>United States v. Santos</u>, 541 F.3d 63, 72 (2d Cir. 2008).

determine whether the government has established beyond a reasonable doubt the type and quantity of drugs charged in the underlying drug conspiracy – here, more than five kilograms of cocaine.

To calculate this amount, you should consider (1) any transactions in furtherance of the conspiracy in which the defendant personally participated, (2) any transactions in furtherance of the conspiracy that the defendant reasonably foresaw even though he did not personally participate in these transactions, and (3) quantities that the defendant agreed to distribute regardless of whether he ultimately committed the substantive act.  "Reasonably foreseeable" means that the defendant could have reasonably anticipated the quantity of drugs involved in the conspiracy.

If you find that the government has not proven this second element beyond a reasonable doubt as to the defendant, then you must find the defendant not guilty of Count One. On the other hand, if you find that the government has proven both the first and second elements, then you must turn to the third element of Count One.

### Third Element: Murder of Jason Mizell

The third element of Count One that the government must prove beyond a reasonable doubt is that the defendant, while engaged in a narcotics conspiracy involving at least five kilograms of cocaine, knowingly and intentionally killed Jason Mizell, or knowingly and intentionally counseled, commanded, induced, procured or caused his killing.  I will define those terms for you now.

### "While Engaged In"

To show that the killing of Jason Mizell occurred while the defendant was engaged in a narcotics conspiracy, the government must prove more than simply a temporal

connection between the killing and the narcotics conspiracy. The government must show that a substantive connection existed between the alleged conspiracy and the killing, in other words, that the alleged conspiracy was one purpose of the killing. If you found that the murder was wholly unconnected to the alleged narcotics conspiracy or was simply coincidental to it, then this element will not be satisfied. However, the government has no burden to establish that a drug-related motive was the sole purpose, the primary purpose, or even that it was equally as important as any non-drug related purpose, as long as it was one purpose. The killing need not occur simultaneously with narcotics activity so long as the narcotics conspiracy is ongoing when the killing occurs.[3]

### "Intentionally Killed"

I instructed you before on the definitions of intentional and knowing action – those instructions apply here. A person intentionally kills another person when he does so deliberately and purposefully. That is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason. However, when a defendant plans to murder one person and, in so attempting, kills another person, he is guilty of the murder of the unplanned victim.

### "Counsel, Command, Induce, Procure and Cause"

To meet its burden of proof, the government need not prove that the defendant directly caused the death of Jason Mizell. The statute takes into consideration that while certain people might have direct involvement in an intentional killing, others can be held responsible even if they play a less direct role. Thus, this element can be satisfied if you find beyond a

---

[3]    See United States v. Aguilar, 585 F.3d 652, 660 (2d Cir. 2009); United States v. Santos, 541 F.3d 63, 69 (2d Cir. 2008); United States v. Desinor, 525 F.3d 193, 202 (2d Cir. 2008).

reasonable doubt that the defendant aided, abetted, counseled, commanded, induced, procured or caused the killing of Jason Mizell. I have already instructed you on the meaning of these terms within the aiding and abetting instruction, and you should consider that in deciding whether this element is met.

Even if you find the defendant did not directly kill Mizell or did not aid and abet in the killing of Mizell, you should also recall my earlier instruction on co-conspirator liability. If you find that the underlying drug conspiracy described above existed, and that the defendant was a member of it, you may also, but you are not required to, find the defendant guilty of the drug-related murder of Jason Mizell – provided you find each of the following elements beyond a reasonable doubt:

If you find (1) that a co-conspirator in the underlying drug conspiracy intentionally killed Jason Mizell while engaged in the conspiracy; (2) that the co-conspirator committed that murder pursuant to a common plan you found to exist among the co-conspirators of the underlying conspiracy; (3) that the defendant was a member of the underlying conspiracy at the time the murder was committed; and (4) that the defendant could have reasonably foreseen that murder might have been committed by his co-conspirator on that day, then you may also find the defendant guilty of drug-related murder.[4]

If you find that the government has not proven this third element beyond a reasonable doubt as to the defendant, then you must find the defendant not guilty of Count One.

---

[4]    See United States v. Walker, 142 F.3d 103, 111-12 (2d Cir. 1998); United States v. Pinkerton, 328 U.S. 640 (1986).

On the other hand, if you find that the government has proven the first, second and third elements, then you must turn to the fourth element of Count One.

<u>Fourth Element: Killing Actually Resulted</u>

The fourth element the government must prove beyond a reasonable doubt is that the killing of Jason Mizell actually resulted from the actions of the defendant or a person whom the defendant aided and abetted, or by a co-conspirator, as I previously defined these concepts.

In summary, with respect to Count One, which charges the defendant with the drug-related murder of Jason Mizell, if you find that the government has proven beyond a reasonable doubt all of the following four elements as to the defendant: (1) that the defendant is guilty of Count One's underlying drug conspiracy; (2) that the drug conspiracy involved five kilograms or more of cocaine; (3) that, while engaged in that underlying drug conspiracy, the defendant knowingly and intentionally killed or counseled, commanded, induced, procured or caused, or aided or abetted the intentional killing of Jason Mizell, or was responsible for the murder through co-conspirator liability; and (4) that the killing of Jason Mizell actually resulted from the defendant's actions or the actions of a person whom the defendant aided and abetted, or

39

through the actions of a co-conspirator that the defendant could have reasonably foreseen, then you must find the defendant guilty of Count One.

On the other hand, if you find that the government has not proven any one or all four of these elements beyond a reasonable doubt, you must find the defendant not guilty of Count One.

Authority:  Adapted from 21 U.S.C. § 848(e)(1)(A); Sand, Instructions 56-50 – 56-55; and the charges in United States v. Berry, 20-CR-84 (AJN) (S.D.N.Y.), ECF No. 132; United States v. Cureton, 16-CR-23 (CBA) (E.D.N.Y.), ECF No. 72; United States v. Gill et al., 13-CR-487 (CBA) (E.D.N.Y.), ECF No. 479; United States v. Taylor, 10-CR-268 (DLI) (E.D.N.Y.), ECF No. 263; and United States v. Lora, 14-CR-652 (PGG) (S.D.N.Y.) ECF No. 107.  See also United States v. Acosta, 833 F. App'x 856, 862 (2d Cir. 2020); United States v. Santos, 541 F.3d 63, 68-74 (2d Cir. 2008); United States v. Desinor, 525 F.3d 193, 200-02 (2d Cir. 2008); United States v. Walker, 142 F.3d 103, 111-12 (2d Cir. 1998); United States v. Giraldo, 80 F.3d 667, 673 (2d Cir. 1996).  See generally Pinkerton v. United States, 328 U.S. 640 (1946).

REQUEST NO. 22
(Count Two: Firearm-Related Murder)

Count Two of the Indictment charges that, on or about October 30, 2002, in the

course of using a firearm during and in relation to a drug trafficking crime, the defendant,

together with others, did knowingly and intentionally cause the death of Jason Mizell through the

use of a firearm and where such killing was murder, in violation of Section 924(j)(1) of Title 18

of the United States Code.

Section 924(j) makes it a crime for any person, "in the course of a violation of

[Section 924(c)], [to] cause[] the death of a person through the use of the firearm."  In turn,

Section 924(c) makes it a crime for any person during and in relation to a drug trafficking crime

to use a firearm.

In order to prove the defendant is guilty of the crime charged in Count Two, the

government must prove beyond a reasonable doubt each of the following elements:

> First, commission of the underlying drug trafficking crime, in other words, a
> conspiracy to distribute cocaine;
>
> Second, that on or about October 30, 2002, the defendant knowingly and
> intentionally used a firearm during and in relation to the commission of the drug
> trafficking crime, or aided and abetted another person doing so;
>
> Third, the defendant knowingly and intentionally caused, or aided and abetted
> another to cause, the death of Jason Mizell by use of that firearm; and
>
> Fourth, that the death of that person qualifies as a murder under federal law, as I
> will define that term for you in a moment.

First Element: Commission of the Underlying Drug Trafficking Crime

The first element the government must prove beyond a reasonable doubt is that

the defendant committed a drug trafficking crime.  As I previously instructed you, Count One

charges the defendant with the intentional killing of Jason Mizell while engaged in a narcotics

conspiracy, specifically, a conspiracy to distribute cocaine.  The drug trafficking crime that the

defendant allegedly used the firearm during and in relation to was that conspiracy to distribute cocaine.  I have already instructed you on law regarding drug conspiracies, and you should apply those instructions here.

You should consider Count Two only if you have found the defendant guilty of participating in the drug conspiracy.  Unlike in Count One, however, you may find the defendant guilty of Count Two even if you do not make a finding regarding the quantity of drugs in that conspiracy.

<u>Second Element: Knowingly Used a Firearm During and in Relation</u>

The second element of Count Two that the government must prove beyond a reasonable doubt is that, on or about October 30, 2002, the defendant knowingly used a firearm during and in relation to the above-described drug trafficking crime, or that he aided and abetted another person in doing so.

A "firearm" is "any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."

To prove that the defendant "used" a firearm during and in relation to the underlying crime, the government must prove that he actively employed the firearm in some way to further the underlying crime.  The government does not, however, need to show that the defendant fired or even attempted to fire the firearm.  It is enough for the government to show that he brandished or displayed the weapon or otherwise made reference to it in a manner calculated to further the commission of the underlying crime.  Moreover, it is enough for the government to show that the defendant aided and abetted someone who actively employed a firearm during and in relation to the drug conspiracy.

42

To be found guilty through aiding and abetting Count Two, you must find that the defendant actively participated in the drug conspiracy with advance knowledge that another participant would use a firearm during and in relation to the drug conspiracy. "Advance knowledge" means knowledge at a time the person can attempt to alter the plan or withdraw from the enterprise. Knowledge of the gun may, but does not have to, exist before the underlying crime is begun. It is sufficient if the knowledge is gained in the midst of the underlying crime, as long as the defendant continues to participate in the crime and had a realistic opportunity to withdraw. You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant continued his participation in the crime after a gun was displayed or used by an accomplice. If you find that the defendant learned of the firearm too late for him to be reasonably able to walk away or withdraw from participating in the drug conspiracy, then you may not convict him of this count through his aiding and abetting an accomplice's commission of this crime.[5]

To prove that the firearm was used "during and in relation to" the commission of the drug conspiracy, the government must prove that it was an integral part of the commission of the crime, and that it furthered or facilitated the crime; it is not sufficient if the use was inadvertent, coincidental, or for some purpose other than furthering or facilitating the crime.

Finally, to satisfy this element, you must find that the defendant used the firearm knowingly and intentionally. I already have instructed you on what is meant by "knowingly" and "intentionally." In this context, it also means that the defendant knew that the weapon was a firearm; however, the government is not required to prove that he knew he was breaking the law.

---

[5]    See Rosemond v. United States, 572 U.S. 65, 82 (2014); United States v. Prado, 815 F.3d 93, 101-02 (2d Cir. 2016); Pattern Criminal Jury Instruction, 11th Circuit, Instruction 35.6.

Also recall my earlier instruction on co-conspirator liability.  That instruction also applies to this element of Count Two.  If you find (1) that a co-conspirator used a firearm in relation to the drug conspiracy; (2) that the co-conspirator did so pursuant to a common plan then existing among the co-conspirators; (3) that the defendant was a member of the underlying drug conspiracy at the time the gun was used; and (4) that the defendant could have reasonably foreseen that the co-conspirator might have used a gun on that day, you may also find this element of Count Two satisfied.[6]

If you find that the government has not proven this second element beyond a reasonable doubt as to the defendant, then you must find the defendant not guilty of Count Two.  On the other hand, if you find that the government has proven both the first and second elements, then you must turn to the third element of Count Two.

<u>Third Element: Causing the Death of Jason Mizell</u>

The third element of Count Two that the government must prove beyond a reasonable doubt is that the defendant's conduct caused the death of Jason Mizell.  It is the government's burden to prove that the defendant's conduct was the direct cause of the victim's death.  This means simply that the government must prove that the defendant inflicted an injury or injuries upon the victim from which the victim died.  The death of a person may have one or more than one cause.  The government need only prove that the conduct of the defendant was a substantial factor in causing the victim's death.

Finally, to satisfy this element, you must find that the defendant knowingly and intentionally caused the death of Jason Mizell.  I already have instructed you on what is meant by "knowingly" and "intentionally."  In this context, it means that the defendant acted with the

---

[6]    <u>See</u> <u>United States v. Rodriguez</u>, 320 F. App'x 105, 107 (2d Cir. 2009); <u>United States v. Pinkerton</u>, 328 U.S. 640 (1986).

specific intent to kill.  As I instructed you before, a person acts knowingly and intentionally if he acts voluntarily, deliberately, and purposefully, and not because of ignorance, mistake, accident or carelessness.  Thus, a person acts intentionally with respect to some particular objective if he engages in a course of conduct deliberately intending to bring about a particular result, here, the death of Jason Mizell.

I remind you that Count Two is also charged under an aiding and abetting theory. That means that you may find the defendant guilty of Count Two if you find that he aided or abetted someone else in the murder of Jason Mizell.  I have already instructed you on aiding and abetting, and you must apply those instructions here.

Even if you find the defendant did not directly kill Mizell or did not aid and abet in the killing of Mizell, you should also recall my earlier instruction on co-conspirator liability and apply those instructions here.  If you find that the underlying drug conspiracy described above existed, and that the defendant was a member of it, you may also, but you are not required to, find the defendant guilty of the firearm-related murder of Jason Mizell – provided you find each of the following elements beyond a reasonable doubt:

If you find (1) that a co-conspirator in the underlying drug conspiracy intentionally killed Jason Mizell during and in relation to that conspiracy; (2) that the co-conspirator committed that murder pursuant to a common plan you found to exist among the co-conspirators of the underlying conspiracy; (3) that the defendant was a member of the underlying conspiracy at the time the murder was committed; and (4) that the defendant could have reasonably foreseen that murder through the use of a firearm might have been committed

45

by his co-conspirator on that day, then you may also find the defendant guilty of the firearm-related murder.[7]

Fourth Element: Murder

The fourth element of Count Two that the government must prove beyond a reasonable doubt is that the death of Jason Mizell qualified as a murder.

The definition of murder for this purpose is "the unlawful killing of a human being with malice aforethought."

An act is done "unlawfully" if it was done without legal justification or excuse.

"Malice aforethought" is the state of mind that would cause a person to act without regard to the life of another. To satisfy this element, the defendant must have acted consciously, with the intent to kill another person. The government must prove that the defendant acted willfully, with a bad or evil purpose to break the law. However, the government need not prove that the defendant bore spite, malevolence, hatred or ill will toward Jason Mizell.

Murder also includes "any . . . kind of willful, deliberate, malicious and premeditated killing." A killing is premediated if the victim was killed only after the perpetrator thought the matter over and deliberated whether to act before committing the crime. There is no requirement that the perpetrator deliberate for any particular period of time in order to show premedition. Although a premeditated, unlawful killing committed with malice aforethought constitutes a murder, the government is not required to demonstrate premeditation to prove that a

---

[7]     See United States v. Rodriguez, 320 F. App'x 105, 107 (2d Cir. 2009); United States v. Pinkerton, 328 U.S. 640 (1986).

murder occurred.  The government need only prove the unlawful killing of a human being with

malice aforethought, as I have defined those terms.

Authority:  Adapted from Sand, Instructions 35-85 to 35-90, 41-1 to 41-6, 41-12; and the charges
in United States v. Berry, 20-CR-84 (AJN) (S.D.N.Y.), ECF No. 132; United States v. Cureton,
16-CR-23 (CBA) (E.D.N.Y.), ECF No. 72; United States v. Taylor, 10-CR-268 (DLI)
(E.D.N.Y.), ECF No. 263; United States v. Caraballo, 01-CR-1367 (RJD) (E.D.N.Y.), ECF No.
522; and United States v. Lora, 14-CR-652 (PGG) (S.D.N.Y.), ECF No. 107.  See also United
States v. Lora, 14-CR-652 (PGG) (S.D.N.Y. Aug. 10, 2019), ECF No. 190, aff'd 2022 WL
453368 (2d Cir. Feb. 15, 2022), vacated and remanded on other grounds 599 U.S. 453 (2023).
See generally Pinkerton v. United States, 328 U.S. 640 (1946).

REQUEST NO. 23
(Sympathy and Questioning the Wisdom of the Law)

Under your oath as jurors you are not to be swayed by sympathy for one side or the other.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.  Similarly, it is not for you to question the wisdom of the law.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy, or any other reason, to render a verdict of guilty.

Authority:  Sand, Instruction 2-12; and adapted from the charges in United States v. Pandrella, 19-CR-122 (MKB); and United States v. Zottola, 18-CR-609 (HG) (E.D.N.Y.).

REQUEST NO. 24
(Punishment)

The question of possible punishment of the defendant you are considering is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing a sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case, and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of the evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, to enter into your deliberations.

Authority:  Sand, Instruction 9-1 and from the charges in United States v. Cardona et al., 21-CR-622 (LDH) (E.D.N.Y.), ECF No. 253; United States v. Pandrella, 19-CR-122 (MKB) (E.D.N.Y.), ECF No. 178; and United States v. Cureton, 16-CR-23 (CBA) (E.D.N.Y.), ECF No. 72.  See Shannon v. United States, 512 U.S. 573 (1994).

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing charges in its instructions to the jury.

Dated:        Brooklyn, New York
              December 31, 2023

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

                            By:        _____/s/_____
                                        Artie McConnell
                                        Mark E. Misorek
                                        Miranda Gonzalez
                                        Assistant United States Attorneys
                                        (718) 254-7000

cc:     Clerk of the Court (LDH) (by ECF and Email)
        All Counsel of Record (by ECF and Email)