JAM/MEM/MG
F. #2017R00509

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

KARL JORDAN, JR.,
    also known as "Little D"
    and "Noid," and
RONALD WASHINGTON,
    also known as "Tinard,"

        Defendants.

20-CR-305 (S-2) (LDH)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## THE GOVERNMENT'S PROPOSED VOIR DIRE REQUESTS

BREON PEACE
UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant United States Attorneys
    (Of Counsel)

PRELIMINARY STATEMENT

In addition to the Court's usual voir dire, the government respectfully requests that the Court ask the following questions in its examination of prospective jurors during jury selection in the above-captioned matter pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The government further requests that the Court pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the government or the defendant.

I. Personal Experience with the Justice System

1. This case is the result of an investigation by the United States Attorney's Office, the New York City Police Department, also known as the NYPD, the Bureau of Alcohol, Tobacco, Firearms and Explosives, also known as the ATF, and the Federal Bureau of Investigation, also known as the FBI. Have you or anyone you know had any experience with the United States Attorney's Office, NYPD, ATF or FBI? If so, please describe the nature of that experience, and whether you considered it positive or negative.

2. If you answered "Yes" to Question 1, based on your experience, do you have any bias, prejudice or other feelings for or against the United States Attorney's Office, the Department of Justice, NYPD, ATF, FBI, or any other law enforcement agency that would make it difficult for you to be impartial in this case?

3. Do you have any bias, prejudice or other feelings for or against police, prosecutors or law enforcement agencies generally? If yes, can you put aside any such opinions or beliefs and evaluate this case based upon the evidence presented at trial, in accordance with the Court's instructions?

4. Have you, or have any of your relatives or close friends, ever been a witness in a grand jury investigation or been questioned in any matter by law enforcement agents? Have you, or have any of your relatives or close friends, served as a juror before? Have you, or have any of your relatives or close friends, ever been a witness or complainant in a prosecution, whether federal, state or local?

5. Have you, or has a family member or close friend, ever been arrested, charged with a crime, the subject of a criminal investigation or the victim of a crime? If yes, do you think you or your family member or friend was treated fairly by the criminal justice system?

6. One or more witnesses who are members of law enforcement may be called to testify by the government. Would anyone have difficulty treating a law enforcement witness like any other witness? Does anyone believe that law enforcement witnesses are less likely to be truthful than other witnesses? Is anyone related to someone in law enforcement or have a close friend who is in law enforcement? If so, please explain.

7. If you answered yes to any of the previous questions, would this affect your ability to be fair and impartial in this case?

II. Types of Evidence

8. Some government witnesses may testify that they have participated in serious crimes. These witnesses may have a criminal history and may be testifying pursuant to a grant of immunity from prosecution or an agreement with the government. Use of these witnesses is lawful, but in evaluating any witness's credibility you may consider that witness's history, characteristics, and background. Do you have any views about witnesses who have committed crimes and who are granted immunity from prosecution? Do you hold any beliefs and opinions that would affect your ability to evaluate testimony from such witnesses fairly and impartially?

2

Do you believe that you would be unable or unwilling to fairly and impartially assess the testimony of such witness, in accordance with the Court's instruction?

9. It is the law that the testimony of a single witness, even a cooperating defendant, can be sufficient to convict a defendant of a charged crime, if the jury finds that the testimony of that witness establishes proof beyond a reasonable doubt. Do you have any opinion or belief about that law that would prevent you from applying this rule of law?

10. Do you feel that fingerprint, DNA or other types of forensic evidence are required to prove a defendant guilty beyond a reasonable doubt? Would you have any difficulty in finding a defendant guilty if the government proved its case beyond a reasonable doubt based solely on the testimony of witnesses, even if there was no forensic evidence?

III. Narcotics

11. During this case, you will hear evidence regarding the distribution of narcotics, including cocaine. Have you or anyone you know had any experience with cocaine or other narcotics? If so, please describe the nature of that experience. Would such experience make it difficult for you to be a fair and impartial juror in this case?

12. Is there anything in what you have seen, heard, read, or experienced about street crews distributing narcotics that would make it difficult for you to render a fair and impartial verdict in this case?

IV. Bias or Sympathy as Related to This Case

13. Do you believe that you would be unable or unwilling to convict a defendant of a charged crime if the victim of said crime is a member of a street crew? Similarly, do you believe you would be unable or unwilling to convict a defendant of a charged crime if the victim committed serious crimes?

14. Is there anything about this case that causes you to favor one side over the other? Do you have any biases or prejudices against members of racial, ethnic, national or religious groups that would make it difficult for you to be fair and impartial? Do you have any knowledge about the parties or the case that might influence you in deciding the case? Would you be able to set aside any sympathies or biases you may have for any of the parties in reaching a verdict?

15. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that, even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

16. Under the law, the question of punishment should not enter your deliberations. Will you be able to accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into the deliberations of the jurors as to whether a defendant on trial here is guilty?

V. Case-Specific Questions

17. Some of the crimes alleged in this case occurred in Baltimore, Maryland, Washington D.C., and the Hollis neighborhood of Queens, New York. Are you personally familiar with any of these areas? Would your familiarity with these areas make it difficult for you to be a fair and impartial juror in this case?

18. This case involves allegations related to the murder of someone who is known publicly as a result of his profession in the music and entertainment business. Is there anything about the fact that the victim is a celebrity or public figure that would make it hard for you to be a fair and impartial juror?

4

19. The case for which you are summoned involves the murder of Jason Mizell, who was a member of the music group Run-D.M.C. and also known as "Jam Master Jay." The defendants KARL JORDAN, JR. and RONALD WASHINGTON are accused of murdering Jason Mizell. Have you seen, read or heard anything about the case, the murder, or the people involved?

20. Have you watched or heard any interviews of KARL JORDAN, JR., RONALD WASHINGTON or Jason Mizell, or any TV shows featuring them, or any specials or documentaries about them? From what you have seen or heard, do you have a general impression of either defendant?

21. Have you ever talked about any aspects of this case or discussed it online, for example, on social media?

22. Have you ever read or posted opinions online related to this case or the people involved?

23. Have you ever posted opinions online about any court proceeding?

24. If you answered yes to any of Questions 19-23, would anything you have seen, read or heard affect your ability to serve as a fair and impartial juror?

25. Will you be able to decide this case based solely on the evidence presented in court, and not based on anything you may have heard or read in the media or from other people?

26. Is there anything that we have not directly addressed with regard to this case that would make it difficult for you to be a fair and impartial juror in this case?

5

VI. <u>Names and Places Related to This Case</u>

27. The government respectfully requests that the Court inquire about prospective jurors' familiarity with the list of persons and places provided in Attachment A to the jury questionnaire.

Dated: Brooklyn, New York
December 31, 2023

                                                   Respectfully submitted,

                                                   BREON PEACE
                                                   United States Attorney
                                                 Eastern District of New York
                                                 271 Cadman Plaza East
                                                 Brooklyn, New York 11201

                                 By:       /s/
                                                 Artie McConnell
                                                 Mark E. Misorek
                                                 Miranda Gonzalez
                                                 Assistant United States Attorneys
                                                 (718) 254-7000

cc:     Clerk of the Court (LDH) (by ECF)
        All Counsel of Record (by ECF)