UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-                                          20 Cr. 305 (LDH)

KARL JORDAN, JR., and
RONALD WASHINGTON,

                    Defendants.

**JOINT DEFENSE REQUESTS TO CHARGE**

Michael Hueston                              Susan G. Kellman
Mark DeMarco                                     Ezra Spilke
John Diaz                               Jacqueline E. Cistaro
Emilee Sahli

*Counsel for Karl Jordan, Jr.*          *Counsel for Ronald Washington*

# TABLE OF CONTENTS

**GENERAL INSTRUCTIONS** ................................................................................................ **1**

   **Request No. 1: All Persons Equal Before the Law; Improper Considerations** ................. **3**

   **Request No. 2: Unconscious Bias** ....................................................................................... **4**

   **Request No. 3: Presumption of Innocence** ......................................................................... **5**

   **Request No. 4: Consider Each Defendant Separately** ....................................................... **6**

   **Request No. 5: Cooperating Witnesses** .............................................................................. **7**

   **Request No. 6: *Falsus in Uno, Falsus in Omnibus*** ........................................................... **8**

   **Request No. 7: Aiding and Abetting Liability** .................................................................. **9**

**INSTRUCTIONS AS TO PARTICULAR COUNTS** ....................................................... **11**

   **Request No. 8: Conspiracy – First Element: Unlawful Agreement** ................................. **11**

   **Request No. 9: Conspiracy: Second Element – Knowing and Intentional Participation** . **12**

   **Request No. 10: Murder While Engaged in Narcotics Conspiracy – Elements** ............... **14**

   **Request No. 11: Murder While Engaged in Narcotics Conspiracy – First Element** ......... **15**

   **Request No. 12: Murder While Engaged in Narcotics Conspiracy – Second Element** ..... **16**

   **Request No. 13: Murder While Engaged in Narcotics Conspiracy – Third Element** ....... **17**

   **Request No. 14: Murder Using a Firearm – Elements** ...................................................... **20**

   **Request No. 15: Murder Using a Firearm – Second Element** .......................................... **21**

   **Request No. 16: Murder Using a Firearm – Third Element** ............................................. **22**

   **Request No. 17: Murder Using a Firearm – Fourth Element** ........................................... **23**

**DEFENSES** ......................................................................................................................... **24**

   **Request No. 18: Defenses: Multiple Conspiracies [If Applicable]** ................................... **24**

   **Request No. 19: Defenses: Alibis [If Applicable]** ............................................................ **25**

**CONCLUSION** .................................................................................................................. **26**

Defendants Karl Jordan, Jr., and Ronald Washington submit the following requests to charge. The defendants respectfully request the opportunity to submit additional requests occasioned by the trial evidence and a theory of the defense charge.

## GENERAL INSTRUCTIONS

The following is a list of instructions of general applicability at criminal trials that the defendants ask the Court to give in its customary manner:

1) Indictment Is Not Evidence

2) Government as Party – No Special Consideration

3) Defendants' Right Not to Testify

4) Reasonable Doubt

5) Presumption of Innocence and Burden of Proof

6) Role of the Court

7) Role of Counsel

8) Witness Credibility

9) Bias of Witness

10) Demeanor Evidence

11) Testimony of Felons, Perjurers, Cooperators and Consideration of Guilty Pleas

12) Prior Inconsistent Statements

13) Law Enforcement Witnesses

14) Expert Witnesses

15) Missing Witness (if applicable)

16) Missing Evidence (if applicable)

17) Consider Each Count Separately

18) Consider Only the Charges

19) Charts and Summaries

20) Role of the Jury

21) Conduct of Counsel

22) Jurors' Notes

23) Duty to Deliberate/Unanimous Verdict

24) Duties of Foreperson

**Request No. 1: All Persons Equal Before the Law; Improper Considerations**

In performing your role as jurors in this case, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the government is a party and that the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less consideration.

In reaching your decision as to whether the government sustained its burden of proof, you may not consider any personal feelings you may have about the defendants' race, ethnicity, national origin, sex or age, or that of any witness or anyone else involved in this case.

All persons charged with a crime are entitled to the same presumption of innocence. The government also has the same burden of proof with respect to all persons. Accordingly, the defendants' status does not lessen or increase the government's burden of proof. As with any other individual charged with a crime, the issue is whether the government has met its burden of demonstrating each and every element of the offense beyond a reasonable doubt.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. Both sides are entitled to a trial free of prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**AUTHORITY**

Adapted from *United States v. Valle*, No. 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013).

**Request No. 2: Unconscious Bias**

Our system of justice depends on judges like me and jurors like you being able and willing to make careful and fair decisions. Scientists studying the way our brains work have shown that, for all of us, our first responses are often like reflexes. Just like our knee reflexes, our mental responses are quick and automatic. Even though these quick responses may not be what we consciously think, they could influence how we judge people or even how we remember or evaluate the evidence.

Scientists have taught us some ways to be more careful in our thinking that I ask you to use as you consider the evidence in this case:

Take the time you need to test what might be reflexive or unconscious responses and to reflect carefully and consciously about the evidence.

Focus on individual facts, do not jump to conclusions that may have been influenced by unintended stereotypes or associations.

Try taking another perspective. Ask yourself if your opinion of the parties or witnesses or of the case would be different if the people participating looked different or if they belonged to a different group.

You must each reach your own conclusions about this case individually, but you should do so only after listening to and considering the opinions of the other jurors, who may have different backgrounds and perspectives from yours. Working together will help achieve a fair result.

**AUTHORITY**

AIJ Project, *Achieving an Impartial Jury Toolbox* 17-20,
https://www.americanbar.org/content/dam/aba/publications/criminaljustice/voirdire_toolchest.authcheckdam.pdf

**Request No. 3: Presumption of Innocence**

Please add to the Court's customary "presumption of innocence" instruction the

following:

> Indeed, the presumption of innocence alone requires you to acquit a defendant of
> a charge unless you are unanimously convinced that the government has proven
> that he is guilty of that charge beyond a reasonable doubt.

**AUTHORITY**

*United States v. Doyle*, 130 F.3d 523, 539 (2d Cir. 1997) (endorsing similar language as an
"accurate summation of the reasonable doubt standard and the presumption of innocence").

**Request No. 4: Consider Each Defendant Separately**

In your deliberations and in reaching your verdict, you must bear in mind that guilt is individual. You must therefore consider each count and each defendant separately, must weigh the evidence as to each defendant separately for each count in which that defendant is charged, and return a verdict of not guilty or guilty for each defendant on each count. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him, without regard to the guilt or innocence of anyone else.

In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not, in any respect, enter into your deliberation as to any other defendant.

You will be given a verdict form on which to record your verdict as to each defendant on each count in which he is charged. As to some counts, if you have found a defendant guilty, there will be additional determinations for you to make. The verdict form will set out clearly for you each of the determinations which you will be called upon to make.

**AUTHORITY**

Adapted from *United States v. Lopez Cabrera*, No. 11-CR-1032-PAE (S.D.N.Y.).

## Request No. 5: Cooperating Witnesses

Please add to the Court's customary "cooperating witness" instruction the following:

You should bear in mind that a witness who believes that he may be able to obtain his own freedom or receive a lighter sentence by giving testimony favorable to the prosecution has a different motive from ordinary witnesses. Therefore, the law requires that you scrutinize his testimony with caution and weigh it with great care.

**AUTHORITY**

*United States v. Prawl*, 168 F.3d 622, 628 (2d Cir. 1999) (concluding that a defendant, upon request, "is entitled to a charge that identifies the circumstances that may make one or another of the government's witnesses particularly vulnerable to the prosecution's power and influence, and that specifies the ways (by catalog or example) that a person so situated might be particularly advantaged by promoting the prosecution's case").

**Request No. 6: *Falsus in Uno, Falsus in Omnibus***

If you find that any witness has willfully testified falsely as to any material matter, you

have the right to reject the testimony of that witness in its entirety. On the other hand, even if you

find that a witness has testified falsely or inaccurately about one matter, you may reject as false

or inaccurate that portion of his or her testimony and accept as true any other portion of his or

her testimony.

**AUTHORITY**

*Sims v. Blot*, 354 F. App'x 504, 506 (2d Cir. 2009) ("This Court has never held that giving this
instruction constitutes error. As the district court made it clear that the jury may—but need not—
evaluate testimony on the basis of material falsehoods, the instruction was not given in error.")

**Request No. 7: Aiding and Abetting Liability**

Another concept that will arise with respect to some (though not all) of the charges here is the concept of "aiding and abetting." As a general matter, even if the government does not prove that the defendant you are considering personally committed a substantive crime, that defendant may still be guilty of that crime if he aided and abetted someone else who did personally commit that crime. "Aiding and abetting" means that the defendant you are considering unlawfully, knowingly, and intentionally associated himself in some way with the crime, and that he unlawfully, knowingly, and intentionally sought by some act to help make the crime succeed. The mere presence of a defendant where a crime is being committed, even coupled with his knowledge that a crime is being committed, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime.

To determine whether the defendant you are considering aided or abetted the commission of a given crime you are considering, you should ask yourself these questions:

- Did the defendant intentionally associate himself with the criminal venture?

- Did the defendant take one or more steps in furtherance of the criminal venture?

- Did he seek by his actions to make the criminal venture succeed?

If, but only if, the government proves beyond a reasonable doubt that the answer to these three questions is "yes," then that defendant is an aider and abettor, and therefore guilty of the charged offense.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, is not sufficient to establish aiding and abetting.

- 9 -

**AUTHORITY**

*United States v. Donque Tyrell*, No. 15-CR-95 (JSR) (S.D.N.Y.)

## INSTRUCTIONS AS TO PARTICULAR COUNTS

### Request No. 8: Conspiracy – First Element: Unlawful Agreement

The first element is an unlawful agreement. The government must prove that two or more persons entered into the particular unlawful agreement charged in the count or racketeering act that you are considering. One person cannot commit the crime of conspiracy alone. Rather, the proof must convince you that at least two persons joined together in a criminal scheme.

You do not have to find that the alleged members of the conspiracy met together and entered into any express or formal agreement. You do not have to find that the alleged conspirators stated, in words or writing, what the scheme was, its purpose or every detail of the scheme or the means by which its purpose was to be accomplished. It is sufficient for the government to show that there was a mutual understanding, either spoken or unspoken, between two or more people to work together to accomplish an unlawful act.

You may, of course, find the existence of an unlawful agreement by direct proof. However, because conspiracy is usually characterized by secrecy, direct proof may not be available. You may, therefore, infer the existence of the unlawful agreement from the circumstances of this case and the conduct of the parties and others involved if proven beyond a reasonable doubt. You may consider the actions and statements of all of these persons as proof that a common design existed to act together for the accomplishment of an unlawful purpose.

**AUTHORITY**

Adapted from *United States v. Mayes*, No. 12-CR-385-ARR (E.D.N.Y.).

**Request No. 9: Conspiracy: Second Element – Knowing and Intentional Participation**

For the second element, the government must prove that the defendant you are considering knowingly, intentionally and willfully became a participant in, or a member of, the conspiracy. "Knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence. "Intentionally" is considered synonymous with "willfully." The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

To become a member of a conspiracy, a defendant need not have known the identities of each member, nor their number, nor all of their activities. A defendant need not have been fully informed of all the details, or the scope, of a conspiracy. A defendant need not have joined in all of a conspiracy's unlawful objectives. Proof that the defendant you are considering had a financial interest in the outcome of the scheme is not essential.

A conspirator's liability is not measured by the extent or duration of his participation. Each member may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others may play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the circle of a conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime or at a meeting or some other gathering does not, by itself, make him a member of a conspiracy. Similarly, mere association with one or more members of a conspiracy does not automatically make the defendant a member. A person may know or be friendly or communicate

- 12 -

in any manner with a criminal without being a criminal himself. Mere similarity of conduct or the fact that persons may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. Furthermore, a defendant's mere knowledge of or acquiescence in an unlawful plan, without participation, is not sufficient. The fact that a defendant, without knowledge, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not automatically make the defendant a member.

More is required under the law. The defendant must have intentionally engaged, advised or assisted in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering one or more of its objectives. He thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

**AUTHORITY**

Adapted from *United States v. Mayes*, No. 12-CR-385-ARR (E.D.N.Y.).

**Request No. 10: Murder While Engaged in Narcotics Conspiracy – Elements**

To sustain its burden of proof on Count One, the government must prove beyond a reasonable doubt the following four elements:

First, that the defendant you are considering is guilty of conspiring to distribute controlled substances;

Second, that the narcotics conspiracy involved at least five kilograms of a mixture or substance containing cocaine;

Third, that while engaged in that narcotics conspiracy, the defendant either intentionally killed the person specified in the Indictment [Jason Mizell] or counseled, induced, procured, or caused the intentional killing of that person; and,

Fourth, that the killing actually resulted from the defendant's actions.


**AUTHORITY**

*United States v. Walker*, 142 F.3d 103, 113 (2d Cir. 1998) (setting forth elements); *United States v. Martinez*-Martinez, 2001WL 1287040, at *1 (S.D.N.Y. Oct. 24, 2001) (stating elements of violation of Section 848(e)).

**Request No. 11: Murder While Engaged in Narcotics Conspiracy – First Element**

The first element the government must prove beyond a reasonable doubt is that the defendant you are considering is guilty of an offense punishable by Section 841(b)(1)(A) of Title 21 of the United States Code. It is an offense punishable under that statute to engage in a conspiracy either to distribute or to possess with the intent to distribute five kilograms or more of a mixture or substance containing cocaine. To find the government has established the first element, you must first determine whether the government has proven beyond a reasonable doubt that, on the date of Jason Mizell's killing, on or about October 30, 2002, the defendant you are considering was involved in a conspiracy either to distribute, or to possess with the intent to distribute, five kilograms or more of a mixture or substance containing cocaine.

If you find that the government has not proven this first element beyond a reasonable doubt as to the defendant you are considering, then you must find him not guilty. On the other hand, if you find that the government has proven the first element beyond a reasonable doubt, then you may proceed to the second element.

**Request No. 12: Murder While Engaged in Narcotics Conspiracy – Second Element**

If, but only if, you conclude that the government has proved beyond a reasonable doubt that the defendant you are considering is guilty of participating in the conspiracy described above, you must then determine whether they intended the distribution of at least five kilograms of a mixture or substance containing cocaine. The verdict form that I will submit to you will have a place where you can answer the question of the quantity of cocaine.

To calculate this amount, you should include (1) any transactions in furtherance of the conspiracy in which the defendant you are considering personally participated, and (2) any transactions in furtherance of the conspiracy that the defendant reasonably foresaw even though he did not personally participate in these sales. As I have already instructed you, your findings on quantity, like your other findings, must be unanimous and beyond a reasonable doubt.

**AUTHORITY**

Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Scales*, 19 Cr. 96 (JSR) (S.D.N.Y. Aug. 6, 2021), ECF 208.

**Request No. 13: Murder While Engaged in Narcotics Conspiracy – Third Element**

The third element the government must prove beyond a reasonable doubt is that the defendant you are considering knowingly and intentionally killed Jason Mizell – or that the defendant knowingly and intentionally counseled, commanded, induced, procured or caused his intentional killing – while engaging in the narcotics distribution conspiracy that I described in the first element.

To satisfy this second element, you must find beyond a reasonable doubt that the defendant you are considering took actions with the specific intent to kill. As I instructed you before, a person acts knowingly and intentionally if he acts voluntarily, deliberately, and purposefully, and not because of ignorance, mistake, accident, or carelessness. Thus, a person acts intentionally with respect to some particular objective if he engages in a course of conduct deliberately intending to bring about a particular result, in this case, the death of Jason Mizell.

The second element is satisfied if you find beyond a reasonable doubt that the defendant counseled, commanded, induced, procured, or caused – that is, aided and abetted – the intentional killing of Jason Mizell.

As I have explained, under the principle of aiding and abetting, when one person engages in criminal activity, another person is criminally liable for such criminal activity when, acting with the mental culpability required for the commission of the crime, he solicits, requests, commands, importunes, or intentionally aids such person to engage in the crime charged. In order to aid and abet another to commit a crime, it is necessary that the accused, with the knowledge and intent required to commit the underlying offense, willfully associated himself in some way with the criminal venture, willfully participated in it as he would in something he wishes to bring about, and sought by his actions to make it succeed, that is to say, that a defendant willfully sought by some act or omission of his to bring about the knowing and

intentional killing of Jason Mizell.

Of course, you must not find the defendants guilty unless you find beyond a reasonable doubt that the knowing and intentional killing of Jason Mizell was committed by some person or persons and that the defendant you are considering aided and abetted the commission of that killing. Mere association with the perpetrators, even with knowledge that a crime is being committed, is not sufficient to establish that a defendant aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a knowing participant.

To determine whether the defendant you are considering aided or abetted the knowing and intentional killing of Jason Mizell, ask yourself these questions: Did he participate in the killing as something he wished to bring about? Did he seek by his actions to make the killing succeed? If he did, then that defendant is an aider and abettor and therefore guilty of the crime charged. If, on the other hand, your answers to this series of questions are "no," then that defendant is not guilty as an aider and abettor.

In addition, the government must establish beyond a reasonable doubt that the defendant you are considering intentionally killed Mizell – or counseled, commanded, induced, procured or caused his intentional killing – while that defendant was engaging in the narcotics distribution conspiracy, as described in the first element of this count.

The term "while engaging in" means more than coincidence in time with a narcotics distribution conspiracy. It requires not only that the crime occur during the time period covered by the narcotics distribution conspiracy, but also that the killing be related in some meaningful way to that conspiracy. To be found guilty, a defendant's participation in the killing must be related to a narcotics conspiracy to distribute 280 grams and more of cocaine.

You may find that the killing was related to the narcotics conspiracy if you find that there

- 18 -

was a connection between a defendant's role in the killing and his participation in the narcotics

distribution conspiracy. To that end, the government must prove beyond a reasonable doubt that

the narcotics distribution conspiracy described in the first element was the defendant's purpose

or motive in the killing of Jason Mizell. If you find that the government has not proven this third

element beyond a reasonable doubt with respect to the defendant you are considering, then you

must find him not guilty. On the other hand, if you find that the government has proven the first,

second and third elements, then you must turn to the fourth element.


**AUTHORITY**

Adapted from the charge of the Honorable Carol B. Amon in *United States v. Mcintosh*, 13 Cr.
487 (E.D.N.Y. 2014). *See also United States v. Martinez-Martinez*, 2000 WL 1287040, at *1-2
(Schwartz, J.) (S.D.N.Y. Oct. 24, 2001) (explaining that the government must prove at trial that a
substantive, rather than simply a temporal, connection exists between the alleged drug
conspiracy and the killing).

**Request No. 14: Murder Using a Firearm – Elements**

I will now instruct you on the elements of Count Two of the Indictment.

Count One charges the defendants with using a firearm to murder Jason Mizell on October 30, 2002—or with aiding and abetting, or causing, another to use a firearm to murder him—during and in relation to a narcotics conspiracy. Count One is inextricably linked to that narcotics conspiracy. You cannot consider Count One unless you determine that the defendant you are considering is guilty of the narcotics conspiracy described elsewhere in my instructions to you.

To convict the defendant you are considering on Count Two, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant committed a drug trafficking crime for which he may be prosecuted in a court of the United States;

<u>Second</u>, that the defendant used or carried a firearm during and in relation to that drug trafficking conspiracy, or that the defendant's possession of a firearm was in furtherance of that drug trafficking conspiracy;

<u>Third</u>, that the defendant himself caused, or aided and abetted another to cause, the death of Jason Mizell through the use of a firearm; and

<u>Fourth</u>, that in all the foregoing respects, the defendant acted unlawfully, knowingly, and intentionally, and with the specific intent to bring about the murder of another person, even if Jason Mizell was not the intended victim.

**AUTHORITY**

Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Scales*, 19 Cr. 96 (JSR) (S.D.N.Y. Aug. 6, 2021), ECF 208.

**Request No. 15: Murder Using a Firearm – Second Element**

With respect to "using" a firearm, it is not necessary for the government to prove that the defendant you are considering, or the person he aided and abetted or intentionally caused to use a firearm, actually fired or attempted to fire the weapon. Brandishing, displaying, or even referring to the weapon so that the others present knew the defendant had the firearm available if needed would also constitute use of the firearm.

With respect to "carrying" a firearm, the Government must prove beyond a reasonable doubt that the defendant you are considering, or the person he aided and abetted or intentionally caused to carry a firearm, had the weapon within his control in such a way that it furthered the commission of the drug conspiracy.

With respect to "possessing" a firearm, the Government must prove beyond a reasonable doubt that the defendant you are considering, or the person he aided and abetted or intentionally caused to possess a firearm, either had actual physical possession of the firearm or had substantial custody or control over it. Furthermore, the mere possession of the firearm at the scene of a crime or simultaneous with the possession of drugs is not sufficient; such possession must have been in furtherance of the drug conspiracy.

**AUTHORITY**

Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Scales*, 19 Cr. 96 (JSR) (S.D.N.Y. Aug. 6, 2021), ECF 208.

**Request No. 16: Murder Using a Firearm – Third Element**

A defendant's conduct may be found to cause the death of someone if, in furtherance of the drug conspiracy, he intentionally caused it to happen or, alternatively, if he intentionally aided and abetted someone else to commit the crime.

With respect to "intentionally causing" the crime, the government must prove beyond a reasonable doubt that the defendant you are considering intentionally caused another person to commit the act and if that defendant himself had the specific intent to bring about the murder of another person, even if Jason Mizell was not the intended victim. In that regard, the intent of the person who killed Jason Mizell is irrelevant if the defendant, in intentionally causing the killing, had the specific intent to bring about the murder of another person, even if he did not intend to murder Jason Mizell.

With respect to aiding and abetting, the government must prove beyond a reasonable doubt that, in furtherance of the drug conspiracy, and with advance knowledge of the plan to murder, the defendant you are considering unlawfully, knowingly, and intentionally sought by some act to help make the murder succeed. The mere presence of a defendant at or near where a crime is being planned or committed, even coupled with knowledge by the defendant that a crime is being planned or committed, is not sufficient to establish aiding and abetting. An aider and abettor must intentionally associate himself with the criminal venture and must then take some act that he intends will help the crime succeed.


**AUTHORITY**

Adapted from the charge of the Honorable Jed S. Rakoff in *United States v. Scales*, 19 Cr. 96 (JSR) (S.D.N.Y. Aug. 6, 2021), ECF 208.

**Request No. 17: Murder Using a Firearm – Fourth Element**

The final element the government must prove beyond a reasonable doubt on Count Two is that the defendant you are considering knew that he was using, carrying, or possessing a firearm and that he acted knowingly in doing so. To satisfy this element, the government must prove beyond a reasonable doubt that the defendant had knowledge that what he was carrying or using was a firearm, as that term is generally used.

An act is done knowingly if done purposefully and voluntarily as opposed to mistakenly or accidentally. You will recall that I instructed you earlier that to find that someone acted knowingly requires you to make a finding as to that person's state of mind. In order for the government to satisfy this element, it must prove beyond a reasonable doubt that the defendant you are considering knew what he was doing—for example, that he knew that he was possessing or carrying a firearm in the commission of a crime of violence or a drug trafficking crime. The government need not prove, however, that the defendant knew he was violating any particular law.

**AUTHORITY**

Adapted from the charge of the Honorable William H. Pauley in *United States v. Dominguez*, 16 Cr. 108 (WHP) (S.D.N.Y. 2016).

**DEFENSES**

**Request No. 18: Defenses: Multiple Conspiracies [If Applicable]**

In this case, the defendants contend that the government's proof as to Count [##] fails to show the existence of only one overall conspiracy. Rather, they claim that there was actually a separate and independent conspiracy involving themselves and other persons.

Whether there existed a single unlawful agreement or many such agreements, or indeed, no agreement at all is a question of fact for you the jury to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

If you find that the conspiracy charged in the indictment did not exist, you cannot find either defendant guilty of the single conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that the defendant you are considering was a member of another conspiracy and not the one charged in the indictment, then you must acquit that defendant of the conspiracy charges. Therefore, what you must do is determine whether the conspiracies charged in the indictment existed. If they did, you must then determine the nature of the conspiracy and who were its members.

**Request No. 19: Defenses: Alibis [If Applicable]**

Karl Jordan has raised a defense of alibi to both counts of the indictment, and you have

heard evidence that Mr. Jordan was not present at the time and place where the offenses charged

are alleged to have been committed. The government has the burden to prove beyond a

reasonable doubt each of the elements of the offenses, including that Mr. Jordan was present at

the time and place where the offense is alleged to have occurred.

Mr. Jordan does not have to prove an alibi or that he was not present. If, after considering

all the evidence in this case regarding Counts One and Two of the indictment, you have a

reasonable doubt about whether Mr. Jordan was present at the time and place where the offenses

charged were committed, you must find Mr. Jordan not guilty of those offenses.


**AUTHORITY**

Hon. Leonard Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss & Nancy
Batterman, *Modern Federal Jury Instructions - Criminal* (2003) 8.02; *United States v. Simon*,
995 F.2d 1236, 1243 (3d Cir. 1993); *United States v. Booz*, 451 F.2d 719, 723 (3d Cir. 1971).

**CONCLUSION**

The defendants respectfully request that the foregoing instructions be given. They also request leave to amend the proposed charges or submit additional charges as they become necessary.

Dated:　　　Brooklyn, New York
　　　　　　January 1, 2024

Respectfully submitted,

　　　/s/　　　　　　　　　　　/s/
Susan G. Kellman　　　　Michael Hueston
Ezra Spilke　　　　　　　Mark DeMarco
Jacqueline E. Cistaro　　John Diaz
　　　　　　　　　　　　Emilee Sahli

*Counsel for Ronald Washington*　*Counsel for Karl Jordan, Jr.*


TO:　BREON PEACE, ESQ.
　　　United States Attorney
　　　Eastern District of New York
Attn:　Artie McConnell, Mark E. Misorek, Miranda Gonzalez
　　　Assistant United States Attorneys