## Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K
Brooklyn, New York 11230
t: (718) 783-3682
e: ezra@spilkelaw.com
www.spilkelaw.com

January 12, 2024

**By ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Ronald Washington*, No. 20 Cr. 305 (LDH)

Your Honor:

We write to join in Karl Jordan's opposition to the government's January 8 motions *in limine*. In addition, it is well settled that Rules 608 and 609 govern impeachment as to a witness's character for truthfulness or untruthfulness **only**. The government's motions are based on the faulty premise that Rules 608 and 609 limit proof of a specific instance of conduct regardless of the impeachment purpose for which it is offered. Throughout the government's motion, it argues incorrectly that, if a witness's conduct does not fit within Rules 608 or 609, it is inadmissible. The law could not be clearer that Rules 608 and 609 cover only one form of impeachment: a witness's character for veracity.

"[A]dmissibility of extrinsic evidence offered for other grounds of impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity) [is left] to Rules 402 and 403." Fed. R. Evid. 608 advisory committee's note to 2003 amendment (citing *United States v. Winchenbach*, 197 F.3d 548 (1st Cir. 1999) (admissibility of a prior inconsistent statement offered for impeachment is governed by Rules 402 and 403, not Rules 608 (b)); *United States v. Tarantino*, 846 F.2d 1384 (D.C. Cir. 1988) (admissibility of extrinsic evidence offered to contradict a witness is governed by Rules 402 and 403); *United States v. Lindemann*, 85 F.3d (7th Cir. 1996) (admissibility of extrinsic evidence of bias is governed by Rules 402 and 403)). The specific instances of conduct that the government compiles in its motion may be relevant for purposes other than a given witness's character for untruthfulness. In the event that Rules 608

Judge DeArcy Hall
January 12, 2024
Page 2 of 2

and 609 limit proof of or inquiry into an instance of conduct, that proof may still be admissible for a purpose other than proving the witness's character for untruthfulness.[1]

"In any case in which the trial court believes that confrontation rights require admission of impeachment evidence, *obviously the Constitution would take precedence over the rule*." Fed. R. Evid. 609 advisory committee's note to 1990 amendment (emphasis added) (discussing the addition of a Rule 403 balancing test to Rule 609, while noting that the addition did not run afoul of *Davis v. Alaska*, which concerned proof of bias not character for veracity). The Confrontation Clause protects the right of the accused to cross-examine witnesses for the purpose of "revealing possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand." *Davis v. Alaska*, 415 U.S. 308, 316 (1974); *see also United States v. Abel*, 469 U.S. 45, 51 (1984) (reaffirming *Davis* after adoption of Rules 608 and 609) ("[I]t is permissible to impeach a witness by showing his bias under the Federal Rules of Evidence just as it was permissible to do so before their adoption.").

One specific instance of conduct here that may be relevant bias evidence is a 1999 substantiated claim that a former detective "made disparaging remarks based on national origin." Gov. Letter at 41. The government needs to provide more information on this instance of misconduct for the Court to determine if it is relevant to prove bias. But it is hard to believe that insulting a person based on their nation of origin would not necessarily be proof of bias.

Other specific instances of conduct may become relevant as the facts develop at trial. Because the relevance of that misconduct may emerge only as live testimony is given and as defense theories and strategies develop, we respectfully request that the Court defer ruling on the specific instances of conduct raised in the government's January 8 letter especially in light of the timing of the filing of the government's 44-page brief. The defense does not intend to inquire into or attempt to prove up specific instances of conduct *for the purpose of attacking a witness's character for veracity* unless it is permitted by Rule 608 or 609.

Respectfully submitted,

Susan G. Kellman
Ezra Spilke
Jacqueline Cistaro

---

[1] "On occasion the Rule's use of the overbroad term 'credibility' has been read 'to bar extrinsic evidence for bias, competency and contradiction impeachment since they too deal with credibility.' The amendment conforms the language of the Rule to its original intent, which was to impose an absolute bar on extrinsic evidence only if the sole purpose for offering the evidence was to prove the witness' character for veracity." Fed. R. Evid. 608 advisory committee's note to 2003 amendment (citing American Bar Association Section of Litigation, *Emerging Problems Under the Federal Rules of Evidence* at 161 (3d ed. 1998)).