

U.S. Department of Justice

United States Attorney
Eastern District of New York

JAM/MEM/MG
F. #2017R00509

271 Cadman Plaza East
Brooklyn, New York 11201

January 27, 2024

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Karl Jordan, Jr., et al.
     Criminal Docket No. 20-305 (S-2) (LDH)

Dear Judge DeArcy Hall:

   The government respectfully submits this letter regarding the expected trial testimony of several former law enforcement witnesses. Specifically, the government plans to call several witnesses to testify about discrete events during the investigation, e.g., recovery of physical evidence, participation in a particular photo array procedure or interview, canvassing for video surveillance, etc. Accordingly, consistent with applicable precedent, the government will seek to limit cross-examination to these topics and writes in advance to avoid the need for objections and sidebars during witness testimony.

   I. Applicable Law

   The district court has broad discretion to determine the scope of cross-examination. United States v. Bari, 750 F.2d 1169, 1178 (2d Cir. 1984). That discretion includes the authority to limit cross-examination to the scope of the direct examination and matters affecting the witness's credibility. United States v. McLaughlin, 957 F.2d 12, 18 (1st Cir. 1992); see Fed. R. Evid. 611(b) ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility.").

   That discretion is not changed when the witness happens to have been involved in a broader investigation or is the assigned case agent. "The fact that the witness is a law enforcement agent who had wide involvement in an investigation of the defendant does not expand the scope of permissible cross-examination." United States v. Solla, No. 19-CR-740 (CM), 2021 WL 5756394, at *7 (S.D.N.Y. Dec. 2, 2021) (collecting cases); see United States v. Adeniyi, No. 04-CR-86 (LTS), 2004 WL 1077963, at *3 (S.D.N.Y. May 12, 2004) ("The Court is also unpersuaded by Defendant's apparent contention that [the case agent's] acknowledgment

during direct examination that he had participated in an investigation of Defendant, coupled with [the case agent's] testimony regarding certain specific aspects of that investigation, combined to give defense counsel carte blanche to inquire into any subject related to the investigation of Defendant."); cf. United States v. Wagner, No. 20-CR-410 (NSR), 2022 WL 19179, at *4 (S.D.N.Y. Jan. 3, 2022) (finding government's request to limit scope was premature until witness testified on direct but repeating rule in Koskerides and McLaughlin).

In United States v. Koskerides, 877 F.2d 1129, 1136-37 (2d Cir. 1989), the Second Circuit affirmed a district court judge's decision to preclude cross-examination of a case agent that went beyond the scope of the agent's direct examination. The appellate court specifically noted with approval that the district court had "indicated that the government would be required to make agent Kramer available if the defense chose to call him as a witness." Id. at 1136.

Similarly, in United States v. Zottola, et al., the Honorable Hector Gonzalez limited the scope of the case agent's cross-examination to his testimony about certain text messages that were the entirety of his direct testimony:

> [T]his witness's testimony, at least so far, has been pretty focused on the texts. And my thinking on what the scope is, just because he says based on my investigation, I was able to piece three things together to come up with the fact that, you know, so and so was the holder of this telephone, I don't view that as opening the door to asking this witness everything he did about his investigation. So that's sort of a general instruction that I'm giving about my view on scope. I don't think that this witness has yet opened the door to just wide open asking everything that the Government was thinking about with respect to the investigation in its early days, for example. So let's just put our cards on the table. If you think that you're going to elicit from this witness a lot of testimony about alternative perpetrators, I don't think the door has been opened to that with this witness.

Trial Tr. at 5200:18-5202:5, No. 18-CR-609 (HG) (E.D.N.Y.), ECF No. 546; see also id. at 5209:13-15 ("There's a reason why there are scope rules and I don't see anything compelling here about why we shouldn't stick to the scope parameters."); id. at 5211:6-7 (because cross-examination about case agent's knowledge would also be based in part on investigation done by others, noting additional problem that, "It's outside the scope, but I also would have a problem of how he would know without it being hearsay").

II. Discussion

Consistent with applicable precedent, and to avoid objections and sidebars during witness testimony, the government seeks to limit cross-examination to the subject of the witnesses' respective direct testimony. That a particular law enforcement witness may have engaged in other investigative functions is irrelevant—the government does not open the door to anything and

2

everything in a witness' knowledge simply by calling that witness to testify to distinct facts or occurrences.

The defendants may attempt to cross examine law enforcement witnesses about topics outside the scope of their discrete direct testimony and that would call for hearsay, such as cross-examination about alternate perpetrators. With respect to possible alternate perpetrator theories, the Court has already made a preliminary ruling on this subject:

> However, you should expect that I am going to require that in advance of the Defense advancing, either through argument or through examination, an alternate perpetrator defense, that they make a proffer to the Court, and that that proffer be made, you know, I am thinking something like three days before you believe . . . It just has to be done in a reasonable time in a fashion that does not completely derail my trial.

Status Conference Tr. at 69:16-21, 70:10-20 (Jan. 13, 2023).

While the government has previously conceded that Jay Bryant properly meets the standard under Wade v. Mantello, 333 F.3d 51, 61 (2d Cir. 2003), see ECF No. 125 at 8 ("The government agrees that the defendants have a sufficient basis to argue that Coconspirator 1 is the perpetrator."), the Court should not permit cross-examination of law enforcement witnesses on topics outside of the scope of their direct examination, including alternative perpetrator theories or suspects, subject to the Court's preliminary ruling at the January 13, 2023 status conference.

III.  Conclusion

The government respectfully requests that the Court limit cross-examination of law enforcement witnesses to the subject matter of their direct testimony and to matters probative of credibility. To the extent that the defense wishes to inquire about other investigative steps or issues, the government will ensure that any such witness is available to be called on the defense cases-in-chief.

Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (LDH) (by ECF)
      All Counsel of Record (by ECF)

3