

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAM/MEM/MG
F. #2017R00509

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 29, 2024

**By ECF and Email**

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Karl Jordan, Jr., et al.
                Criminal Docket No. 20-305 (S-2) (LDH)

Dear Judge DeArcy Hall:

      The government respectfully submits this letter in support of its admission of prior consistent statements and prior identification testimony during direct examinations ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ The government submits this letter to provide factual clarity on the identifications, provide controlling precedent, and avoid any delays during trial arising from these issues. As described herein, these identifications are admissible pursuant to either Rule 801(d)(1)(B) or Rule 801(d)(1)(C).

      With respect to Rule 801(d)(1)(B), the defendants have already indicated their intention to attack both the credibility and memory of eyewitnesses, ▬▬▬▬▬▬▬▬▬▬▬▬ Washington has stated he will call an expert to cast doubt on "human perception and memory" and "eyewitness identifications," ECF No. 140-1, and discuss "co-witness feedback" arising from the "close-knit nature of the Hollis community," ECF No. 140 at 2 n.2. Specifically, Washington stated that it intended to challenge ▬▬▬▬ identifications, as well as identifications made by other witnesses. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

███████████████████████████ Jordan, in noticing an alibi defense, will ipso facto seek to undermine the credibility of the government's eyewitnesses by arguing that they misidentified him based on a mistake, memory, or another basis. During their opening statements, both defendants again challenged the credibility of the eyewitnesses.

Accordingly, the government seeks in advance of testimony to admit these witnesses' prior consistent statements, pursuant to Rule 801(d)(1)(B). The identifications are also independently admissible, regardless of any defense attack, as prior identifications under Rule 801(d)(1)(C).

████████████████████████████ he Court reserved decision on the admissibility of this evidence until trial. See ECF No. 215 at 7 n.1 ("In its February 27, 2023 Supplemental filing, the Government states that it 'would also seek to admit these statements, as well as Witness 6's fear, to rehabilitate witnesses should that become necessary.' (Feb. 27 Supp. at 9, ECF No. 141.) The Court reserves any decision as to the admissibility of this evidence until trial.").

I.  Legal Standard

   A.  Prior Consistent Statements

Federal Rule of Evidence 801(d)(1)(B) provides that where a declarant testifies and is subject to cross-examination, a declarant-witness's prior statement is not considered hearsay when it "is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B). The Advisory Committee amended this Rule in 2014 to expand the reasons for which prior consistent statements may be offered. See Fed. R. Evid. 801(d)(1)(B)(ii) (effective Dec. 1, 2014). Before the amendment, substantive use of prior consistent statements that were probative to rehabilitate the declarant's credibility were admissible only to rebut charges of recent fabrication, improper influence, or improper motive. See Fed. R. Evid. 801(d)(1)(B) (Apr. 26, 2011, effective Dec. 1, 2011). Now, the "intent of the amendment is to extend substantive effect to consistent statements that rebut other attacks on a witness-such as the charges of inconsistency or faulty memory." Fed. R. Evid. 801(d)(l)(B) advisory committee's note to 2014 amendment. As statements that are not hearsay, "[prior consistent] statements are—subject to the usual prerequisites such as relevance—admissible as proof of the substance of the statement." United States v. Flores, 945 F.3d 687, 705 (2d Cir. 2019).

Where a prior consistent statement is offered for substantive purposes under Rule 801(d)(1)(B)(i), the proponent must establish by a preponderance of the evidence three elements: "(1) that the prior consistent statement is consistent with the witness's in-court testimony; (2) that

the prior consistent statement is being offered to rebut an express or implied charge against the witness of recent fabrication or improper influence or motive; and (3) that the prior consistent statement was made prior to the time that the supposed motive to falsify arose." Phoenix Assocs. III v. Stone, 60 F.3d 95, 103 (2d Cir. 1995). Unlike with prior inconsistent statements under Rule 801(d)(1)(A), the prior consistent statement under Rule 801(d)(1)(B) need not be sworn to be admissible.

While there is no established test to determine the admissibility of prior consistent statements under Rule 801(d)(1)(B)(ii) (i.e., "when attacked on another ground"), the Second Circuit has affirmed the admission of prior consistent statements as non-hearsay under subsection (ii) when introduced to rebut "defendants' attacks on [the declarant's] credibility and memory," Flores, 945 F.3d at 706, or "to rebut [defense counsel's] charge of inconsistency and to rehabilitate [the declarant's] credibility by placing the alleged discrepancies in context," United States v. Purcell, 967 F.3d 159, 197 (2d Cir. 2020).

The Second Circuit has stated that Rule 801(d)(1) permits admission of a prior consistent statement (or identification) even before the declarant testifies on direct; it also "does not restrict admissibility to statements of one who has already been cross-examined." Flores, 945 F.3d at 706 (affirming trial court's admission of prior consistent statements where "the government sought permission to introduce the notes and reports of [the declarant] during his direct testimony" and "it was clear that he would be subject to cross-examination") (citing United States v. O'Connor, 650 F.3d 839, 862-63 (2d Cir. 2011) (affirming trial court's admission of prior consistent statements before declarant testified where the defendants "had begun their attacks on the credibility of [the declarant's] expected testimony in their opening statements" and "it was clear" the declarant would testify and "could be cross-examined by the defense about the statement"), cert. denied, 565 U.S. 1148 (2012) (emphasis added)); Purcell, 967 F.3d at 197 (affirming admission of a witness's testimony recounting the declarant's statements to rebut charge of declarant's inconsistency); see also United States v. Ray, 2022 WL 558146, at *5 (S.D.N.Y. Feb. 24, 2022) ("As the language of the Rule makes clear, and as the Second Circuit has confirmed, the declarant need not actually have been cross-examined for the party to offer the prior consistent statement. It is sufficient that it is 'clear' that the declarant would be subject to cross-examination and that at least an implied charge of recent fabrication or improper influence or motive have been levelled.").

Accordingly, the prior consistent statement need not be proffered through the declarant's testimony, but may instead be proffered through someone who has firsthand knowledge of the statement. United States v. Caracappa, 614 F.3d 30, 39 (2d Cir. 2010); see, e.g., United States v. Davis, 2023 WL 4582002, at *4 & n.2 (2d Cir. July 18, 2023), cert. denied, No. 23-5852, 2023 WL 8007582 (U.S. Nov. 20, 2023) (admission of witness's testimony that eyewitness told her about identity of the shooter was "straightforward application of the Rule" and also independently admissible under Rule 801(d)(1)(C) as prior identification). If the declarant testifies first, and the prior consistent statement is proffered through the testimony of a later witness, the Rule's "subject to cross-examination" requirement is still satisfied if the opposing party is not denied the opportunity to recall the declarant to the stand for cross-examination concerning the statement. Caracappa, 614 F.3d at 39; see United States v. McGrath, 558 F.2d 1102, 1107 (2d Cir. 1977); see also United States v. Green, 258 F.3d 683, 692 (7th Cir. 2001) (joining sister circuits that "hold Rule 801(d)(1)(B) does not bar the introduction of a prior consistent statement through

3

the testimony of someone other than the declarant, so long as the declarant is available for cross-examination about the statement at some time during trial" and citing McGrath).

B. Prior Identification

Rule 801(d)(1)(C) permits prior identifications by a declarant "regardless of whether the witness confirms the identification in-court." United States v. Woodford, 2019 WL 5457854, at *5 (E.D.N.Y. Oct. 23, 2019); see United States v. Salameh, 152 F.3d 88, 125 (2d Cir. 1998) (admitting photo array and accompanying statement signed by witness).

Accordingly, and like Rule 801(d)(1)(B), the identification need not be proffered through the declarant, so long as the declarant testifies and is subject to cross-examination. See Davis, 2023 WL 4582002, at *4 n.2 (admission of witness's testimony that eyewitness told her about identity of the shooter admissible under Rule 801(d)(1)(C)); United States v. Ramsay, 173 F.3d 847 (2d Cir. 1999) (proper for witness to testify about eyewitness's identification statement made to her shortly after the shootings, pursuant to Rule 801(d)(1)(c)); United States v. Brewer, 36 F.3d 266, 269 (2d Cir. 1994) (identification testimony admitted through eyewitness and through agent's testimony); United States v. Bracy, 2022 WL 17801133, at *5 (E.D.N.Y. Dec. 19, 2022) (admitting photo arrays, testimony of detective who conducted photo array, testimony by witness that he had previously identified the defendant when in the hospital and five years later in grand jury, and grand jury transcript in which he made the identification).

The identification is admissible regardless of when it was made, such as "immediately after a crime, or upon encountering the accused weeks later, or in a line-up, or a court hearing." Linton v. Bradt, 775 F. Supp. 2d 574, 579 (E.D.N.Y. 2011) (citing 5 Jack B. Weinstein and Margaret A. Berger, Weinstein's Federal Evidence, § 801.23[1] (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2010)). Moreover, the identification testimony applies to corporeal identifications, as well as identifications of "a photograph of the person whom he had initially perceived . . . and also to descriptions and sketches." United States v. Marchand, 564 F.2d 983, 996 (2d Cir. 1977).

A prior identification will be excluded only if the procedure that yielded the identification is "so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." United States v. Simmons, 923 F.2d 934, 950 (2d Cir. 1991) (internal quotation marks and citation omitted); see United States v. Wyche, 2022 WL 2199140, at *4 (E.D.N.Y. June 20, 2022) (confirmatory identification "demonstrates a lack of suggestiveness").

II. Discussion

[redacted]

4





III.   Conclusion

Accordingly, the government respectfully requests that the Court admit prior consistent statements and/or prior identification testimony from ▮▮▮▮▮ ▮▮▮▮▮ consistent with the applicable law cited herein.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  ____/s/____
Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (LDH) (by ECF and Email)
      All Counsel of Record (by ECF and Email)