Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K<br>
Brooklyn, New York 11230<br>
t: (718) 783-3682<br>
e: ezra@spilkelaw.com<br>
www.spilkelaw.com

January 29, 2024

**By ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *United States v. Ronald Washington*, No. 20 Cr. 305 (LDH)

Your Honor:

On behalf of both defendants, we write in opposition to the government's blanket motion to limit cross-examination. According to the government's motion, the limitation would extend only to law enforcement witnesses who had discrete roles within the investigation such as "recovery of physical evidence, participation in a particular photo array procedure or interview, canvassing for video surveillance." Dkt. 228 at 1; *see also id.* at 3 ("The government respectfully requests that the Court limit cross-examination of law enforcement witnesses to the subject matter of their direct testimony and to matters probative of credibility."). But the limitation would seemingly prohibit all questioning beyond matters affecting credibility and the discrete role the witness played in the investigation.

Allowing "inquiry into additional matters as if on direct examination" is within the Court's discretion. Fed. R. Evid. 611(b). As the Advisory Committee noted, an important factor in giving courts that discretion was "economy of time and energy." *Id.* advisory committee's note. We oppose the government's blanket motion on that same basis. Although the government claims that it "will ensure that any such witness is available to be called on the defense cases-in-chief," we are unsure how the government can make that assurance when most of the law enforcement witnesses seem to be retired and not within the government's control. Therefore, despite the government's assurances, additional time may be wasted while the defense serves subpoenas on witnesses.

Judge DeArcy Hall
January 29, 2024
Page 2 of 2

      It seems wasteful of time and effort to force the defense to re-call a witness for what may be a brief line of questioning. The defendants believe that the Court can reserve decision and rule on a case-by-case basis during the course of trial as it did today.[1]

                                      Respectfully submitted,

                                      Susan G. Kellman
                                      Ezra Spilke
                                      Jacqueline Cistaro

---

[1] It appears that the government's motion is motivated, at least in part, by the possibility that the defense would seek to draw out evidence in support of an alternate perpetrator defense. Dkt. 228 at 3 (quoting the 1/13/2023 status conference). (As the government noted, it has conceded that there is a sufficient basis for the defense to argue that Jay Bryant is an alternate perpetrator.) But, because the government would only call a law enforcement witness to testify about investigative steps, cross-examination about investigative steps would not be beyond "the subject matter of the direct examination." That is so even if law enforcement investigated – and conceivably excluded – suspects other than the defendants. Such questioning does not amount to advancing an alternate perpetrator defense.