

# DIAZ & MOSKOWITZ, PLLC
### Attorneys at Law

**John A. Diaz, Esq.**          johnadiazlaw@gmail.com          **www.dmlaw.com**

| | |
|---|---|
| Garden City Office: | New York Office: |
| 1225 Franklin Avenue | 225 Broadway |
| Suite 325 | Suite 715 |
| Garden City, NY 11530 | New York, NY 10007 |
| (516) 992-3496 | (212) 227-8208 |
| (516) 686-6444 | Fax  (212) 566-8165 |

January 30, 2024

**VIA EMAIL & ECF**
The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     *U.S. v. Karl Jordan;* **20 Cr. 305 (LDH)**

Dear Judge DeArcy Hall:

Please accept this joint-reply with team Washington to Government's letter docketed as ECF Doc. No. 230. Last night at approximately 10:30pm the Government filed a letter in support of their application for the admission of prior consistent statements and prior identification testimony during the direct examinations of Lydia High and Uriel "Tony" Rincon. Specifically, the Government argues that the prior consistent statements and identifications are admissible pursuant to Rule 801(d)(1)(B) or 801(d)(1)(C). The Government claims that because the "defendants have already indicated their intention to attack both the credibility and memory of the eyewitnesses," Rule 801(d)(1)(B) entitles them to use the prior consistent statements and identifications in their direct case. (*See* Gov. motion ECF Doc No. 230).

As an initial matter, questioning the credibility and memory of a witness in a criminal trial is a routine practice and expected from defense in order to provide competent representation. Allowing prior consistent statements on this basis has the risk of allowing evidence that will unfairly bolster a Government's witness' testimony. Both Rincon and High initially made statements that they did not recognize the perpetrators, then statements that they did, and if now they are saying something different; it is unclear which is the prior consistent statement?

1

Federal Rule of Evidence 801(d)(1)(B) provides that a "A Declarant-Witness's Prior Statement" is not hearsay if:

> The declarant testifies and is subject to cross-examination about a prior statement, and the statement . . . is consistent with the declarant's testimony and is offered:
>
> > (i)      to rebut an express or implied charge that the declarant recently fabricated it or acted from recent improper influence or motive in so testifying; or
> >
> > (ii)      to rehabilitate the declarant's credibility as a witness when attacked on another ground.

Fed. R. Evid. 801(d)(1)(B).

The Rule requires fulfillment of specific criteria before permitting admission of a witness' out of court "consistent" statement. First, "under subsection (i), the opposing party must have alleged that the declarant fabricated a particular part of his testimony or testified based on an improper influence or motive; *the offered statement must have been made prior to the existence of that improper influence or motive*." *United States v. Roye*, No. 3:15-CR-29 (JBA), 2016 WL 4147133, at *1 (D. Conn. Aug. 4, 2016) (emphasis added, citations omitted); (citing *Tome v. United States*, 513 U.S. 150, 158 (1995) (emphasizing "the significance of the requirement that the consistent statements must have been made before the alleged influence, or motive to fabricate, arose. That is to say, the forms of impeachment within the Rule's coverage are the ones in which the temporal requirement makes the most sense."). Per the Rule, timing of the out-of-court statement is crucial. For admission, the consistent statement must have been made *prior* to the onset of the particular credibility problem raised by cross-examination.

Here, the defense has not yet intimated (and may not suggest) that either witness has fabricated their accounts. Because admissibility depends on timing of the prior statement, i.e., before a motive to lie arose, the Court does not have enough information to rule unless and until the defense indicates that there was a motive to lie.

Moreover, Washington has advanced additional bases for misidentification such as post-event information and the elevated stress incident to the presence of a firearm ("weapon focus"). Those influences are not "improper" and thus do not fit within the rule. Additionally, those influences arise simultaneously with the event that is the subject of the prior statement.

The second criterion, subsection (ii), which was added by amendment in 2014, imposes specific prerequisites for admission of a witness' "prior consistent" statement: "under subsection (ii), the declarant's credibility must have been attacked on some *particular ground* on cross-examination; and *the offered prior consistent* statement must serve to rehabilitate the witness's credibility *on the same ground* upon which the witness's credibility was attacked." *Roye*, No. 3:15-CR-29 (JBA), 2016 WL 4147133, at *1 (emphasis added).

A witness' inadmissible hearsay statements consistent with their testimony on direct examination may not be introduced before the jury merely because the witness' credibility was challenged on cross-examination. That would swallow the rule against hearsay; cross-examination

is designed to test the witness' credibility.  The Second Circuit has been clear that the prior consistent statement exception is narrow: a witness's out-of-court "consistent" statements are not admissible "to rebut only a generalized attack on credibility;" in those circumstances, the out-of-court statements have "***no probative force*** beyond showing that the witness had at an earlier time been consistent with his trial testimony."  *United States v. Pierre*, 781 F.2d 329, 33-33 (2d Cir. 1986)

Last year, in *United States v. Edwin Cortorreal*, No. 17 CR 438(VEC) (S.D.N.Y. Apr. 19, 2023), Judge Caproni sustained the defense's objection to a prior consistent statement offered by the government. A government witness had given testimony damaging to the defendant. The in-court testimony was consistent with statements he had made to a detective. On cross-examination, the defense line of questioning sought to establish that the witness was fabricating the evidence against the defendant because he was facing state burglary charges. The detective later testified at trial, and the government attempted to elicit testimony from him about the statement that the government witness had given to the detective as a prior consistent statement. Defense counsel objected on hearsay grounds.

At sidebar, defense counsel made the point that, although the defense had called into question the witness's account, it never attacked the fact that he had actually made the statement previously. Trial Tr. at 452, *United States v. Edwin Cortorreal*. Judge Caproni reasoned that, although the defense had made a general attack on the witness's credibility, it did not particularly attack the fact that the witness had previously made the statement, stating: "I don't think this is proper because it's not -- it doesn't rebut recent fabrication, and I can't figure out what else it's rebutting. It's not really rebutting anything. You just want him to say he said the same thing." *Id.* at 457.

Likewise, the defense does not dispute that the witnesses here made the prior statements. At this point, admission of the statements would be improper bolstering.

Respectfully submitted,

/s/

John A. Diaz, Esq.
*Attorney for Karl Jordan Jr.*