

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NB:JAM/MEM/MG
F. #2017R00509

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 2, 2024

**By Email and ECF**

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Karl Jordan, Jr., et al.
               Criminal Docket No. 20-305 (S-2) (LDH)

Dear Judge DeArcy Hall:



      Significantly, the government is prepared to bring federal criminal charges of obstruction of justice against this witness should he refuse to testify—and any other witness who refuses to testify at trial—and to seek a term of imprisonment of up to 20 years.

---

[1] [redacted]

I. <u>The Witness</u>



II. <u>Discussion</u>

"[T]he refusal to testify in the absence of any explanation, such as fear of reprisal, demonstrate[s] bad faith and an intent to obstruct justice." United States v. Cefalu, 85 F.3d 964, 967 (2d Cir. 1996). Refusals to testify are "intentional obstructions of court proceedings that literally disrupt[] the progress of the trial and hence the orderly administration of justice" and "impede[] the due course of . . . trial perhaps more so than violent conduct in the courtroom." United States v. Wilson, 421 U.S. 309, 315-16 (1975); see United States v. Seewald, 450 F.2d 1159, 1161 (2d Cir. 1971) ("[I]n view of [the witness]'s refusal to testify, the government was unable to prove its case and moved for dismissal of the indictment" during trial).

When an individual avoids testifying by remaining silent without any valid basis, it is done in bad faith and with malice, it undermines our judicial system, and it prevents justice for victims. See Wilson, 421 U.S. at 316 ("[A] contumacious refusal to answer not only frustrates the inquiry but can destroy a prosecution. . . . [T]he same kind of contumacious conduct could, in another setting, destroy a defendant's ability to establish a case."). Accordingly, the law requires consequences for such behavior, and where a "refusal [to testify] disrupts and frustrates an ongoing proceeding . . . summary contempt must be available to vindicate the authority of the court as well as to provide the recalcitrant witness with some incentive to testify." Id. at 316.

Congress has also provided another remedy when faced with such refusal to testify, in the form of federal felony charges for obstruction of justice, pursuant to 18 U.S.C. §§ 1503 and 1512. The government fully intends to utilize these provisions when necessary.



A. Establishing the Witness's Unavailability

To establish unavailability based on a refusal to testify without any good faith basis (like the Fifth Amendment), the witness must take the witness stand for direct examination and engage in questioning that demonstrates his refusal to testify. This questioning should occur before the jury because, despite proffer by counsel, the witness may respond to questions at which point the jury will already be available in the courtroom to continue with the trial proceeding. See, e.g., United States v. Seewald, 450 F.2d 1159, 1161 (2d Cir. 1971) (even where counsel for witness previously advised that he would refuse to testify, court explained contempt possibility and then had witness sworn in and take the stand before the jury for questioning to confirm refusal to testify); Payne v. Jones, 638 F. Supp. 669, 676 (E.D.N.Y. 1986), aff'd, 812 F.2d 712 (2d Cir. 1987) (witness asked whether she recalled testifying before a grand jury and when she refused to answer, the jury was excused); cf. Tr. at 34:14-17, Final Pretrial Conf. (Jan. 17, 2024) (forfeiture by wrongdoing motion not "ripe" where "witness two" had not yet been called despite his counsel proffer as to unavailability). The witness should be warned of the possibility of contempt in advance of questioning.

If the witness's refusal to testify becomes clear, the jury should be excused and the government would respectfully seek a ruling that the witness be held in criminal contempt.

B. Civil Contempt

Civil contempt is intended to be "coercive — to compel obedience to a lawful court order." In re Grand Jury Witness, 835 F.2d 437, 440 (2d Cir. 1987).

Pursuant to 28 U.S.C. § 1826, if a witness "refuses without just cause shown to comply with an order of the court to testify," a court may hold the witness in civil contempt and "summarily order his confinement" until the witness testifies. 28 U.S.C. § 1826(a); In re Weiss, 703 F.2d 653, 662 (2d Cir. 1983) (explaining that "when the witness has refused to answer questions, he may be adjudged in civil contempt and ordered to answer"). A witness is entitled to notice and an opportunity to defend himself before civil contempt can be imposed, but the case "need only be proven by clear and convincing evidence, and he has no right to trial by jury." See Matter of Kitchen, 706 F.2d 1266, 1272 (2d Cir. 1983). Civil contempt cannot exceed "the life of . . . the court proceeding." 28 U.S.C. § 1826(a)(1).

Civil contempt may therefore be of limited utility in a trial, however, as the process of imposing civil contempt may delay the trial and because confinement during the length of the trial alone may not adequately coerce compliance.

C.     Criminal Contempt

"[C]riminal contempt is imposed to punish the contemnor for an offense against the public and to vindicate the authority of the court." In re Grand Jury Witness, 835 F.2d at 440. If the contempt occurs in the court's presence and "the judge saw or heard the contemptuous conduct and so certifies," the court may summarily punish the witness for criminal contempt. Fed. R. Crim. P. 42(b).

The Supreme Court and Second Circuit have recognized that such summary procedures are particularly appropriate where a trial witness refuses to testify. See United States v. Wilson, 421 U.S. 309, 314-15 (1975) ("Respondents' refusals to answer, although not delivered disrespectfully, plainly fall within the express language of Rule 42(a) [since renumbered to 42(b)], and constitute contemptuous conduct."); United States v. Giovanelli, 897 F.2d 1227, 1231 (2d Cir. 1990) ("When the contumacious conduct occurs in open court during an ongoing trial, summary disposition under Rule 42(a) [now Rule 42(b)] is appropriate."); Seewald, 450 F.2d at 1162 (witness who "repeatedly refused to answer questions the answers to which in no way could have incriminated him . . . [was] sufficient ground on which to sustain the contempt citation").

An individual must have fair notice of the court's commands before being punished for failing to comply. Criminal contempt is punishable where it is "willful," United States v. Lynch, 162 F.3d 732, 734 n. 2 (2d Cir. 1998), that is, where it is committed with "a specific intent to consciously disregard an order of the court," or where the defendant "knows or should reasonably be aware" he or she is in the wrong, id. at 735. "[A]dvice of counsel is not a defense to the act of contempt[.]" United States v. Remini, 967 F.2d 754, 757 (2d Cir. 1992) (quoting United States v. Goldfarb, 167 F.2d 735, 735 (2d Cir. 1948) (per curiam)).

Although the maximum sentence a court can impose, in a summary proceeding (without a jury trial), for criminal contempt is six months, see United States v. Marshall, 371 F.3d 42, 44, 48-49 (2d Cir. 2004),  a court may impose consecutive sentences for repeated refusals to answer questions that combine to more than six months, as long as each sentence is imposed separately and contemporaneously with the contumacious conduct and not in a consolidated proceeding. See Codispoti v. Pennsylvania, 418 U.S. 506, 514 (1974) ("Nor does the judge exhaust his power to convict and punish summarily whenever the punishment imposed for separate contemptuous acts during trial exceeds six months."); accord United States v. Cohen, 510 F.3d 1114, 1121 (9th Cir. 2007) (finding 15 consecutive sentences for summary criminal contempt, adding up to 11 months' imprisonment, permissible where court "convicted and punished [contemnor] immediately as each act of contempt occurred").

Moreover, a witness who refuses to testify can also be charged with criminal contempt in a non-summary proceeding either by the court under Rule 42(a) or by the government through an indictment under 18 U.S.C. § 401. In either situation, the witness is entitled to a jury trial to determine whether the witness in fact willfully disobeyed the court's order. There is no maximum sentence for criminal contempt, but any sentence imposed is subject to review by the court of appeals for proportionality. See United States v. Gracia, 755 F.2d 984, 989 (2d Cir. 1985); see also Remini, 967 F.2d at 755 (affirming 16-month imprisonment for criminal contempt after witness refused to testify at trial). At sentencing, the witness may not be entitled to a two-point credit for acceptance of responsibility. Remini, 967 F.3d at 761.

      D.      Federal Charges of Obstruction of Justice and Criminal Contempt

Once a witness has established his or her refusal to testify, the government intends to prosecute the witness for obstruction of justice, in violation of 18 U.S.C. §§ 1503 and 1512. These federal felony charges carry a term of imprisonment of up to 20 years.

Where a court does not impose criminal contempt, but rather only civil contempt, the government may also charge the witness criminally pursuant to 18 U.S.C. § 401. See Remini, 967 F.2d at 755.

      III.      Conclusion



Respectfully submitted,

BREON PEACE
United States Attorney

By:      /s/
Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (LDH) (by Email and ECF)
       All Counsel of Record (by Email and ECF)