## Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K
Brooklyn, New York 11230
t: (718) 783-3682
e: ezra@spilkelaw.com
www.spilkelaw.com

February 4, 2024

**By ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *United States v. Ronald Washington*, No. 20 Cr. 305 (LDH)

Your Honor:

On behalf of Ronald Washington, we write in further support of the receipt into evidence of 3500-MR-1 (attached as Exhibit A). By way of background, during the cross-examination of Michael Rapley at trial on Thursday, Ms. Kellman asked him whether he told the police that he had seen "a black guy wearing a black stocking cap." Trial Tr. at 831. Mr. Rapley replied that he did not remember saying that. *Id.* at 832. Ms. Kellman then showed Mr. Rapley 3500-MR-1 in an attempt to refresh his recollection and asked whether he was his signature. *Id.* at 833. Mr. Rapley replied: "It looks similar, but I write my name a little different." *Id.*

At the end of the trial day, Ms. Kellman offered 3500-MR-1 as past recollection recorded. Trial Tr. at 857. The government objected. *Id.* And the Court reserved decision. *Id.* at 858.

Because Mr. Rapley would not even acknowledge his signature, let alone the request of the requirements for a past recollection recorded, that basis may not have been laid. However, Rule 807 provides an additional basis for admissibility.

Rule 807(a) provides:

Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:

Judge DeArcy Hall
February 4, 2024
Page 2 of 3

> (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a).[1]

The written statement is supported by ample guarantees of trustworthiness. First, the government produced 3500-MR-1 pursuant to the Jencks Act, which compels the production of "any statement . . . *of the witness* in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). The government produced the statement in a folder with Mr. Rapley's name among other statements attributed to Mr. Rapley. The government's production of the statement to the defense pursuant to § 3500 thus strongly implies that the *government* itself believes that the statement was made by Mr. Rapley.

Next, even though the witness would not acknowledge his signature, the signature below belongs to Detective Vincent Santangelo, who subscribed numerous reports that the government produced to the defense. Some examples are attached as Exhibit B. Also, facts aside from the description of the person that Mr. Rapley saw in the monitor match Rapley's trial testimony.

Finally, the document itself bears more than sufficient evidence that Rapley gave the statement to Detective Santangelo. His name is printed above the signature that he would not acknowledge. The document show that the statement was taken at a specific time (10:55 PM) on a specific date (10/30/2002). The time is written in military time, which is the practice of NYPD detectives like Santangelo. The time and date appear to be in different handwriting from the two paragraphs that follow, suggesting that Det. Santangelo wrote the date and time while Mr. Rapley wrote the content of the statement.

Mr. Rapley's handwritten note is the best evidence to establish that he saw in the monitor a man wearing a black stocking cap. No other admissible evidence exists to establish that fact. Moreover, no other categorical exception to the hearsay rule applies. *See* Fed. R. Evid. 807 advisory committee note to the 2019 amendment ("This necessity requirement will continue to serve to prevent the residual exception from being used as a device to erode the categorical exceptions."). Accordingly, Rule 807 is the defense's last option for admission of this evidence, making its use appropriate here.

---

[1] Subsection (b) provides a pretrial, written notice requirement. But that requirement is excused, and notice may be given "in any form during the trial or hearing if the court, for good cause, excuses a lack of earlier notice." Good cause exists here because Mr. Rapley's responses could not have been predicted. First, he lacked a recollection of making the statement. He then declined to acknowledge his own signature, making Rule 801(d)(1)(A) unavailable as a basis for admission. Notice has been provided to the government by email today.

Judge DeArcy Hall
February 4, 2024
Page 3 of 3

   For similar reasons, 3500-MR-1 is also authentic. Rule 901(b)(4) allows parties to authenticate evidence through "Distinctive Characteristics and the Like." The factors bearing on authenticity are as follows: "The appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4). For the reasons set forth above with respect to the statement's "guarantees of trustworthiness," distinctive characteristics establish the authenticity of 3500-MR-1.

   Respectfully submitted,

   Susan G. Kellman
   Ezra Spilke
   Jacqueline Cistaro

cc:  All counsel of record, by ECF

encl.

Exhibit A

Exhibit B