# Law Offices of Ezra Spilke

1825 Foster Avenue, Suite 1K<br>
Brooklyn, New York 11230<br>
t: (718) 783-3682<br>
e: ezra@spilkelaw.com<br>
www.spilkelaw.com

February 5, 2024

**By ECF**
Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Ronald Washington*, No. 20 Cr. 305 (LDH)

Your Honor:

On behalf of Ronald Washington, we write to join in Karl Jordan's well-reasoned letter of January 5, 2024, and in further opposition to the government's January 4, 2024, letter. For the reasons stated in Mr. Jordan's January 5 letter, the government has not yet (and may never) made the proper showing for the admission of the witness's statement under the Rules of Evidence.

Because the statement here was made in a proffer meeting with the government for the purpose of giving evidence against the defendants, it clearly implicates the Confrontation Clause, which concerns only testimonial statements. *See Crawford v. Washington*, 541 U.S. 36, 68-69 (2004) ("Where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation."). The Supreme Court has addressed the constitutionality of forfeiture by wrongdoing many times but never, in our review of the relevant authorities, in the context of the prejudice of a witness's statement to codefendant's Confrontation Clause rights. It is well established  *E.g.*, *Davis v. Washington*, 547 U.S. 813, 833 (2006) ("[O]ne who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation."); *Crawford*, 541 U.S. at 62 (observing that the defendant, by his own "wrongdoing," can forfeit "on essentially equitable grounds" his Confrontation Clause right).

If the statement here[1] were restricted to the information that the government proffers, it would implicate only Jordan and, the witness would thus not be a witness "against" Mr. Washington. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987) ("Ordinarily, a witness whose

---

[1] [redacted]

testimony is introduced at a joint trial is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a codefendant."). Should the Court admit the statement, we ask that a robust limiting instruction be given to the jury that it may consider the statement only with respect to Mr. Jordan. We understand that the government is proposing such an instruction.

                                                Respectfully submitted,

                                                Susan G. Kellman
                                                   Ezra Spilke
                                               Jacqueline Cistaro

cc:     All counsel of record, by ECF