UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    - against -

KARL JORDAN, JR. and RONALD
WASHINGTON,

                    Defendants.

---

20-CR-305 (LDH)

## PROPOSED JURY CHARGE

## TABLE OF CONTENTS

PART I: GENERAL RULES—DUTY OF THE JURY ................................................................. 2

JUROR ATTENTIVENESS ............................................................................................. 2

ROLE OF THE COURT & JURY ..................................................................................... 3

    Punishment ............................................................................................................. 5

    The Government as a Party ..................................................................................... 6

EVIDENCE ...................................................................................................................... 7

    Indictment Is Not Evidence ................................................................................... 7

    All Available Evidence Need Not Be Produced .................................................... 8

    Questions & Objections ......................................................................................... 9

    Direct & Circumstantial Evidence ...................................................................... 10

    Stipulations ......................................................................................................... 11

    Testimony & Exhibits ......................................................................................... 12

    Redactions ........................................................................................................... 13

    Specific Investigative Techniques Not Required ................................................ 14

    Prior Inconsistent Statements ............................................................................. 15

    Individuals Not On Trial ..................................................................................... 16

WITNESS CREDIBILITY ............................................................................................ 17

    Law Enforcement Witnesses ............................................................................... 19

    Defendants' Election Not to Testify .................................................................... 20

    Identification Testimony ..................................................................................... 21

    Uncalled Witnesses Equally Available ............................................................... 22

    Cooperating Witnesses ........................................................................................ 23

    Witnesses Interviews .......................................................................................... 25

INFERENCE DEFINED ................................................................................................ 26

CHARTS AND SUMMARIES ...................................................................................... 27

PRESUMPTION OF INNOCENCE & BURDEN OF PROOF ..................................... 28

REASONABLE DOUBT ............................................................................................... 29

IMPROPER CONSIDERATIONS ................................................................................. 30

CONSIDER EACH DEFENDANT SEPARATELY ..................................................... 31

MULTIPLE COUNTS – MULTIPLE DEFENDANTS ................................................. 32

PART II: THE LEGAL ELEMENTS OF THE CRIME CHARGED ...................................... 33

DATES APPROXIMATE ........................................................................................ 34

i

KNOWING AND INTENTIONAL CONDUCT ............................................................... 35

CONSPIRACY ....................................................................................................... 37

AIDING AND ABETTING......................................................................................... 40

CO-CONSPIRATOR LIABILITY ............................................................................... 42

CO-CONSPIRATOR ACTS AND STATEMENTS .......................................................... 44

PREDICATE DRUG CONSPIRACY ........................................................................... 46

COUNT ONE: MURDER WHILE ENGAGED IN A DRUG CONSPIRACY ..................... 48

COUNT TWO: FIREARM-RELATED MURDER ......................................................... 55

PART III: GENERAL REMARKS REGARDING DELIBERATION ....................................... 64

DUTY TO CONSULT & NEED FOR UNANIMITY ........................................................ 64

SELECTION OF A FOREPERSON ............................................................................. 65

COMMUNICATIONS WITH THE COURT.................................................................... 66

RIGHT TO SEE EXHIBITS & HEAR TESTIMONY....................................................... 67

JUROR NOTES ..................................................................................................... 68

FINAL COMMENTS ............................................................................................... 69

LaShann DeArcy Hall, United States District Judge:

Members of the jury, now that you have heard all the evidence in this case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case.  We are all grateful to you for the close attention you have given to this case thus far.  I ask that you continue to do so as I give you these instructions.

*First*, I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

*Second*, I will instruct you as to the legal elements of the crimes charged in the indictment, that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt; and

*Third*, I will give you some important principles that you will use during your deliberations.

When you retire for your deliberations, I will provide you with copies of these instructions.

## PART I: GENERAL RULES—DUTY OF THE JURY

**JUROR ATTENTIVENESS**

You are about to enter your final duty, which is to decide the factual issues in the case. You must pay close attention to me now.  I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified.  It has been obvious to me and to counsel that you have faithfully discharged this duty.  Your interest never lagged, and it is evident that you followed the testimony with close attention.  I would also like to express my gratitude to each of the attorneys for their conscientious efforts on behalf of their clients and for work well done.

I ask that you now give me that same careful attention that you gave at trial as I instruct you.

**ROLE OF THE COURT & JURY**

It is your duty to accept these instructions of law and apply them to the facts as you determine them. You must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not be concerned about the wisdom of any rule that I state. In your role as jurors, you are not to be concerned with the wisdom or the policy of the law. Regardless of any opinion that you may have as to what the law ought to be, it would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

You, the members of the jury, have the important responsibility to pass upon and decide the factual issues that are in the case. You are the sole and exclusive judges of the facts. You alone pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

With respect to any question concerning the facts, it is your recollection of the evidence that controls, not that of counsel and not that of the Court.

I remind you again that what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence. You should bear in mind that a question put to a witness is never evidence. Only the answer is evidence, except that you may not consider any answer that I directed you to disregard, or that I directed be struck from the record. The evidence before you consists of the answers given by the witnesses—the testimony they gave, as you recall it—and the exhibits received in evidence.

Anything I may have said during the trial or may say during these instructions with respect to a factual matter is not to be taken in substitution for your own independent recollection.  What I say is not evidence.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate my opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not an indication of my views of what your decision should be.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without any bias or prejudice as to any party.  It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national origin, sex or age.  In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice to any party.  All persons are equal before the law, and are entitled to the same fair consideration. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**Punishment**

Please note that the question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence rests exclusively with the Court.

Your function is to weigh the evidence in the case and to determine whether the defendants are guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment, which may be imposed upon a defendant, if convicted, to influence your verdict in any way or enter into your deliberations.

**The Government as a Party**

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.  Equally, it is important to the defendants, who are charged with serious crimes.

You are to perform the duty of finding the facts without bias or prejudice as to any party, be it the government or defendants.  You are to perform your final duty as a juror in an attitude of complete fairness and impartiality.

**EVIDENCE**

**Indictment Is Not Evidence**

Let us turn to a discussion of evidence. An indictment itself is not evidence. It merely describes the charges made against each defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of any defendant.

In reaching your determination of whether the government has proven any defendant's guilt beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

**All Available Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and other items mentioned during the course of the trial.

Your concern is to determine, based on the evidence presented at trial, whether or not the government has proven that any defendant is guilty beyond a reasonable doubt on any count.

**Questions & Objections**

Let me emphasize that a lawyer's question is not evidence.  You should also not give any consideration to the fact that the attorneys on either side may have objected to certain questions being asked or to certain evidence being received.  Any evidence as to sustained objections, and any answer ordered stricken, must be disregarded in their entirety.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me, the Court.  You should not show any prejudice against counsel or their clients because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

It is irrelevant whether you like a lawyer or whether you believe I like a lawyer.  The issue before you is not which attorney is more likeable or the better attorney—the issue is whether or not the government has sustained its burden of proof.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Direct & Circumstantial Evidence**

There are two types of evidence which you may properly use in deciding whether a defendant is guilty or not.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard, or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses—what he sees, feels, touches or hears—that is called direct evidence.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse:

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom was without windows and you could not look outside.

As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact and the existence or the nonexistence of some other fact.

10

**Stipulations**

The attorneys for the United States and the attorneys for the defendants have entered into stipulations concerning facts that are relevant to this case.  A stipulation is an agreement among the parties that a certain fact is true.

When the attorneys on both sides stipulate and agree to the existence of a fact, you must, unless otherwise instructed, accept that stipulation as evidence, and regard that agreed upon fact as true.

**Testimony & Exhibits**

The evidence in this case consists of the sworn testimony of the witnesses and the exhibits received in evidence.

Turning to the subject of exhibits, exhibits that have been marked for identification but have <u>not</u> been received in evidence may <u>not</u> be considered by you as evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

**Redactions**

Among the exhibits received in evidence, there are some exhibits that are redacted. "Redacted" means that part of the document was taken out.  Any redacted portions of any exhibit are not themselves evidence, and you are to concern yourself only with the part of the exhibit that has been admitted into evidence.  You should not speculate as to why the exhibit was redacted and what might be contained in any redacted portions of the exhibit.

**Specific Investigative Techniques Not Required**

During the trial you may have heard testimony of witnesses and argument by counsel that the government did not employ specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because, as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty or not guilty of a particular charge.  However, you are also instructed that there is no legal requirement that the government use any specific investigative techniques.  Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, any defendant's guilt has been proven beyond a reasonable doubt.

**Prior Inconsistent Statements**

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on a defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted him or herself.  If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**Individuals Not On Trial**

Evidence is introduced as to the involvement of certain other participants in the events giving rise to this case who are not defendants in this case. That these individuals are not on trial before you is not a matter of concern for you. You should not speculate as to the reason these people are not on trial before you. The fact that these individuals are not on trial should not control or influence your verdict with respect to the defendants here. The only issue in this case is whether the government has proven the charges against these defendants beyond a reasonable doubt.

**WITNESS CREDIBILITY**

You have had an opportunity to observe all of the witnesses.  It is your job to decide how believable each witness was in his or her testimony.  As jurors, you are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues in the face of the different pictures painted by the attorneys, which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.

Your decision whether or not to believe a witness may depend on how the witness impressed you.  Was the witness candid, frank and forthright?  Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent in his or her testimony or did he contradict himself or herself?  Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness's bias.  Consider the relationship any witness bears to either side of the case.  You should also consider the manner in which any witness may benefit in some way from the outcome of the case and the extent to which, if at all, the testimony of any witness is supported or contradicted by other evidence in this case.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit a witness's testimony.  Two or more persons witnessing an incident or transactions may see or hear it differently.  In weighing the effect of a discrepancy, consider whether it pertains to a matter of

17

importance or to an unimportant detail and whether it results from innocent error or intentional falsehood.

Even if you think a particular witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about, and you should also consider the witness's ability to express himself or herself.  Ask yourselves whether the witness's recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.  In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

**Law Enforcement Witnesses**

During this trial you have heard the testimony of law enforcement officials.  Because a witness is a government employee or law enforcement officer does not mean that his or her testimony is entitled to any greater weight by reason of that fact.  By the same token, his or her testimony is not entitled to less consideration because he or she is a government employee or law enforcement officer.  You should consider the testimony of law enforcement officers as you would any other evidence in the case and evaluate their credibility in the same manner as you would that of any other witness.

**Defendants' Election Not to Testify**

One or more of the defendants did not testify in this case.  Under our constitution, a defendant has no obligation to testify or to present any evidence because it is the government's burden to prove a defendant is guilty beyond a reasonable doubt.  The right of a defendant not to testify is an important part of our constitution.

As I stated earlier, the burden to prove any defendant guilty remains with the prosecution throughout the entire trial and never shifts to the defendant.  He or she is never required to prove that he or she is not guilty.

You may not speculate as to why a defendant did not testify.  And, you may not draw any inference whatsoever from the defendant's decision not to take the stand.

**Identification Testimony**

One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime.  The government has the burden of proving identity, beyond a reasonable doubt.  It is not essential that the witness be free from doubt as to the correctness of his or her identification of the defendant.  However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him or her.  If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

Identification testimony is an expression of belief on the part of the witness.  Its value depends on the opportunity the witness had to observe the offender at the time of the offense and, later, to make a reliable identification of the offender.

You have heard the arguments of counsel on this subject, and I will not repeat them all here.  I will only suggest to you that you should consider the following matters:  Did the witness have the ability to see the offender at the time of the offense?  Has the witness' identification of the defendant as the offender been influenced in any way?  Has his or her identification been unfairly suggested by events that occurred since the time of the offense?  Is his or her recollection accurate?

In addition, you should consider the credibility of the identification witness just as you would any other witness.

Let me repeat, the burden is on the prosecution to prove every element of the crime charged, including the identity of the defendant as the offender.  Therefore, if, after examining all of the evidence, you find that a crime was committed, but you have a reasonable doubt about whether it was the defendant who committed that crime, you must find him or her not guilty.

**Uncalled Witnesses Equally Available**

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Cooperating Witnesses**

The law allows the use of testimony from cooperating witnesses.  These witnesses may have a criminal history and may be testifying pursuant to a grant of immunity from prosecution or an agreement with the government.  Under the agreements, the witnesses agreed to testify and the government promised to bring their cooperation to the attention of the appropriate sentencing court.

There is nothing improper or illegal in the government's use of these techniques.  Indeed, certain types of evidence would be extremely difficult to detect or obtain without the use cooperating witness testimony or confidential informants.  It is the law in federal courts that the testimony of a cooperating witness may be enough, by itself, for conviction, if the jury finds that such testimony of establishes guilt beyond a reasonable doubt.  Whether or not you approve of the use of cooperating witness testimony or the use of confidential informants to detect unlawful activities is not to enter into your deliberations in any way.  If you are satisfied beyond a reasonable doubt that the defendant committed the charged offenses, the fact that the government made use of these techniques is irrelevant to your determination.

You should bear in mind that a cooperating witness has an interest in this case different from an ordinary witness.  A witness who realizes that he may be able to avoid prosecution, obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution may have a motive to testify falsely.  Therefore, you must scrutinize such testimony with caution and weigh it with great care.  You should ask yourselves whether the cooperating witness would benefit more by lying or by telling the truth.  Was the testimony made up in any way because he believed or hoped that he would receive favorable treatment by concealing the truth or testifying falsely?  Or, did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, such as a

23

reduced sentence on the charge to which he has pled guilty, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  In this regard, I instruct you that the sentencing of any individual is the court's job alone.  You are not to speculate about or otherwise concern yourselves with the possible sentence the court may impose for a cooperating witness.  Such considerations are improper and must not enter into your deliberations in any way.  In sum, you should look at all of the evidence in deciding what credence and what weight, if any, to give the cooperating witnesses.

**Witnesses Interviews**

During the course of trial, you heard testimony that the attorneys for the government interviewed witnesses when preparing for trial.  You must not draw any unfavorable inference from that fact.  Attorneys have an obligation to prepare their case as thoroughly as possible and, in the discharge of that responsibility, to interview witnesses.

Similarly, there was testimony at trial that the attorneys for the government questioned witnesses before a federal grand jury investigating the crimes with which the defendants were ultimately charged.  There is nothing inappropriate about this.  It is entirely proper for attorneys for the government to question witnesses before the grand jury.  The government has an obligation to investigate the case thoroughly, including by subpoenaing witnesses to testify before grand jury.

**INFERENCE DEFINED**

During the trial you may have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, and the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, are permitted to draw, but not required to draw, from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of any defendant beyond a reasonable doubt before you may convict.

**CHARTS AND SUMMARIES**

The government (*or* defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.  The government (*or* defense) has presented exhibits in the form of charts and summaries.  These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.  Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.  It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

**PRESUMPTION OF INNOCENCE & BURDEN OF PROOF**

We now turn to the burden of proof, which you must adjudge as to each defendant. Although the defendants have been indicted, you must remember that an indictment is only an accusation in writing.  It is not evidence of guilt.  It is entitled to no weight in your determination of the facts.

The defendants have pleaded not guilty to the indictment, and as a result, the burden is on the government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes a defendant to be innocent of all charges against him or her.  I therefore instruct you that the defendants are each to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury, are satisfied that the government has proven any defendant guilty beyond a reasonable doubt.

A defendant begins the trial here with a clean slate.  This presumption of innocence alone is sufficient to acquit a defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his or her guilt, after a careful and impartial consideration of all of the evidence in this case.  If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with each defendant when the trial began, and remains with him or her even now as I speak to you, and will continue with the defendants into your deliberations, unless and until you are convinced that the government has proven his or her guilt beyond a reasonable doubt.

**REASONABLE DOUBT**

I have said that the government must prove the defendants guilty beyond a reasonable doubt.  The question naturally is, "What is a reasonable doubt?"  The words almost define themselves.  It is a doubt based upon reason and common sense.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a reasonable doubt, it is your duty to acquit any defendant under consideration.  On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of any defendant's guilt beyond a reasonable doubt, you should vote to convict.

**IMPROPER CONSIDERATIONS**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex or age.  All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.  To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

**CONSIDER EACH DEFENDANT SEPARATELY**

The indictment names two defendants who are on trial together.  In reaching a verdict, however, you must bear in mind that guilt is individual.  Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

In addition, some of the evidence in this case was limited to one defendant.  Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on any other defendant.

**MULTIPLE COUNTS – MULTIPLE DEFENDANTS**

The indictment contains a total of two counts.  Each count charges a defendant with a different crime.  There are two defendants on trial before you.  You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged. In reaching your verdict, bear in mind that guilt is personal and individual.  Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant.  The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count.  No other considerations are proper.

**PART II: THE LEGAL ELEMENTS OF THE CRIME CHARGED**

I will now turn to the second part of my instructions.  In this part, I will instruct you as to the legal elements of the crimes charged in the indictment.  That is to say, I will now instruct you as to the specific elements of the crimes charged that the government must prove beyond a reasonable doubt to warrant a finding of guilt in this case.

The defendants, Karl Jordan, Jr. and Ronald Washington, are charged with violating federal criminal law.  The indictment in this case contains two separate counts.  You will be called upon to render a separate verdict on each of the two counts.  I remind you that whether you find either defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

You will have the indictment in the jury room with you.  I remind you again that the indictment is not evidence.  It merely describes the charges against each defendant.  It is an accusation.  Your verdict must be based on the evidence introduced at trial, or the lack of evidence.

**DATES APPROXIMATE**

The indictment charges "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

**KNOWING AND INTENTIONAL CONDUCT**

During these instructions, you will hear me use the words "knowingly" and "intentionally" from time to time.  As a general rule, the law holds individuals accountable only for conduct in which they intentionally engage.  Thus, before you can find any of the defendants guilty of the crime or crimes charged, you must be satisfied that they each acted knowingly or intentionally.

A person acts "knowingly" if he or she acts voluntarily and intentionally, not because of ignorance, mistake, or accident.  A person acts "intentionally" if he or she acts with the specific intent to do something the law forbids.  The person need not be aware of the specific law or rule that his or her conduct may be violating.  But, he or she must act with the specific intent to do whatever it is the law forbids.

These issues of knowledge and intent require you to make a determination about any defendant's state of mind, something that rarely can be proved directly.  A wise and careful consideration of all the circumstances before you, however, may permit you to make a determination as to any defendant's state of mind.  Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a given circumstance.  You are asked to do the same here.

**DISTRIBUTION**

Distribution has several elements and its own definition under the law. The word "distribute" means to deliver, pass over, hand over something to another person, or cause it to be delivered, passed on, or handed over to another. Distribution does not require a sale. The elements of distribution of a controlled substance are: (a) that the defendant knowingly and intentionally possessed a controlled substance or aided and abetted the same; and (b) that the defendant actually distributed the controlled substance, or aided and abetted the same. As I have previously instructed you, to do something knowingly means to act voluntarily and purposefully and not because of ignorance, carelessness, mistake, or accident. (***See* pg. 35.**) To act intentionally means to act deliberately and purposefully.

Again, I remind you, that for the purposes of the underlying conspiracy in Count One and Count Two, the defendant is not charged with actually committing the unlawful act of distribution that I have just described. Rather, he is charged with conspiring to commit the unlawful acts I have already instructed you on the general definition of conspiracy. You should apply that definition here.

**CONSPIRACY**

I will now instruct you on the law of conspiracy.  You should understand that a conspiracy is an offense separate from the commission of any offense that may have been committed pursuant to the conspiracy.  That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime.  If a conspiracy exists, even if it fails to achieve its purpose, it is still punishable as a crime.  The essence of the charge of conspiracy is an understanding or agreement between or among two or more persons that they will act together to accomplish a common objective that they know is unlawful.

The two elements of the crime of conspiracy are as follows:

- *First*, that two or more persons entered the unlawful agreement charged in the conspiracy count that you are considering; and
- *Second*, that the defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

Let me discuss these two elements of a conspiracy charge in a little more detail.

First, as to the existence of a charged conspiracy, the government must prove that two or more persons entered into the unlawful agreement that is charged in the count that you're considering.  One person cannot commit the crime of conspiracy alone.  Rather, the proof must convince you that at least two people joined together in a common criminal scheme.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, because conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

The second element requires that, if you find that a conspiracy existed, you must determine whether the defendant was a member.  That is, you must determine whether he or she participated in the conspiracy willfully and with knowledge of its unlawful purpose and in furtherance of its unlawful purpose.

To act "willfully" means to act knowingly and purposely with an intent to do something the law forbids.  A defendant's knowledge is a matter of inference from the facts proved.  To become a member of the conspiracy, the defendant need not have known the identities of every member, nor need he or she have been apprised of all of their activities.  Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his or her part.

The extent or duration of a defendant's participation in the conspiracy has no bearing on the issue of guilt.  Any member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play

minor parts in the scheme.  An equal role is not what the law requires.  In fact, a single act may be sufficient to draw a particular defendant within the scope of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of the alleged crime does not, by itself, make him or her a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself or herself.  Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I further caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that defendant a member.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, in order to be a member of a conspiracy, must have intentionally engaged, advised, or assisted in that conspiracy for the purpose of furthering the illegal undertaking and must have done so with an understanding of the unlawful character of the conspiracy.  In so doing, the defendant would have become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

**AIDING AND ABETTING**

Before turning to the specific crimes charged, I will also inform you of the principle of

aiding and abetting liability under federal law.

The relevant law provides:

> Whoever commits an offense against the United States or aids or abets or counsels
> commands or induces, or procures its commission, is punishable as a principal; and
> Whoever willfully causes an act to be done which, if directly performed by him, would be
> an offense against the United States, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to show that

a defendant himself or herself physically committed the crime with which he or she is charged in

order for the government to sustain its burden of proof.  A person who aids or abets another to

commit an offense is just as guilty of that offense as if he or she committed it himself or herself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond

a reasonable doubt that the government has proved that another person actually committed the

offense with which the defendant is charged, and that the defendant aided or abetted that person

in the commission of the offense.

Under the aiding and abetting statute, the first requirement is that you find that another

person has committed the crime charged.  Obviously, no one can be convicted of aiding or

abetting the criminal acts of another if no crime was committed by the other person in the first

place.  But if you do find that a crime was committed, then you must consider whether the

defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant

knowingly associate himself or herself in some way with the crime, and that he or she participate

in the crime by doing some act to help make the crime succeed.  To establish that the defendant

knowingly associated himself or herself with the crime you are considering, the government

must establish that the defendant knew that the crime was being committed.  To establish that the defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by that defendant that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he or she is charged, ask yourself these questions:

- Did he or she participate in the crime charged as something he or she wished to bring about?
- Did he or she knowingly associate himself or herself with the criminal venture?
- Did he or she seek by his or her actions to make the criminal venture succeed?

If he did these things, then the defendant is an aider and abettor, and therefore guilty of the offense.  If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty under that theory.

41

**CO-CONSPIRATOR LIABILITY**

With respect to Counts One and Two of the Indictment, if you do not find that the government has satisfied its burden of proving that defendant you are considering is guilty as a principal, or, as an aider and abettor, there is another method by which you may evaluate the defendant's possible guilt.  He may be guilty by co-conspirator liability.  In order to find the defendant you are considering guilty through co-conspirator liability, you must find that each of the following elements is proven beyond a reasonable doubt for the count you are considering:

*First*, that the substantive crime charged in the count you are considering was committed;

*Second*, that the person or persons who committed that substantive crime were members of the underlying drug conspiracy alleged in the count you are considering;

*Third*, that the substantive crime charged in the count you are considering was committed pursuant to a common plan and understanding you found to exist among the conspirators in the relevant drug conspiracy;

*Fourth*, that the defendant was a member of that drug conspiracy at the time the substantive crime was committed; and

*Fifth*, that the defendant could reasonably have foreseen that the substantive crime you are considering might be committed by his co-conspirators in the relevant drug conspiracy on the day it was committed.

If the government has proven all five of these elements beyond a reasonable doubt for the specific substantive crime you are considering, then you may find the defendant you are considering guilty of the substantive crime charged in that count, even if he did not participate in the acts constituting the substantive crime.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is deemed to be the agent of the other conspirators.  Therefore, all of the

co-conspirators must bear criminal responsibility for the commission of the foreseeable substantive crimes.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant you are considering guilty under this particular theory of the substantive crime charged in the count you are considering.

**CO-CONSPIRATOR ACTS AND STATEMENTS**

The charges against the defendants allege that they participated in certain conspiracies. In that regard, I admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent of the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

Thus, if you find that the defendant whose guilt you are considering was a member of a charged criminal conspiracy, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy, may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his or her knowledge.

Before you may consider the statements or acts of a co-conspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy, or if they

44

were not done or said in furtherance of that conspiracy, they may not be considered by you as evidence against a defendant as to that conspiracy.

**PREDICATE DRUG CONSPIRACY**

As I will instruct you, Counts One and Two of the Indictment both involve elements that the defendants engaged in certain conduct in the course of a conspiracy to distribute cocaine. Therefore, before I provide you with the specific legal instructions regarding the elements of Counts One and Two, I am going to first instruct you regarding the elements of a drug conspiracy.

As I previously described, the essence of the crime of conspiracy is an agreement or understanding to violate other laws. (*See* **pg. 37–39.**) It is separate and distinct from the crime that is the objective of the conspiracy, and it is separate and distinct from the actual violation of any specific federal laws, which the law refers to as substantive crimes. You may infer the existence of the agreement or conspiracy from the circumstances and the conduct of the parties, including evidence that the defendant, in addition to knowing the essential nature of the venture, associated himself with the venture or sought by his action to make it succeed. Advancing the aim of a drug conspiracy can involve the performance of ancillary functions so long as such actions are performed with the aim of furthering the conspiracy. Thus, in considering a drug conspiracy charge, you do not have to find that the actual substantive crime that is the object of the conspiracy was committed—here, an actual distribution of cocaine. In other words, you may find the defendant guilty of agreeing to distribute drugs even if the conspiracy was not successful and no drugs were actually distributed.

The extent or duration of a defendant's participation has no bearing on the issue of a defendant's guilt. An equal role is not what the law requires. If you find that the drug conspiracy existed and if you further find that the defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material. Moreover, it is not required that a person be a member of the conspiracy from its very start. In sum, a defendant,

46

with an understanding of the unlawful character of the drug conspiracy, must have intentionally engaged or assisted in it for the purpose of furthering the illegal undertaking.

The general principles applicable to the federal law of conspiracy that I previously instructed you on apply to Counts One and Two. **(*See* pg. 37–39.)**  In sum:

*First*, the government must prove beyond a reasonable doubt that two or more persons entered into an agreement to achieve an unlawful object, in this case, to distribute a controlled substance, here, cocaine.

*Second*, the government must prove beyond a reasonable doubt that the defendant intentionally and knowingly became a member of that drug conspiracy.

**COUNT ONE: MURDER WHILE ENGAGED IN A DRUG CONSPIRACY**

Count One of the Indictment charges that, on or about October 30, 2002, the defendants, together with others, while engaged in a conspiracy to distribute at least five kilograms or more of a mixture or substance containing cocaine, knowingly and intentionally killed, and counseled, commanded, induced, procured or caused the intentional killing of Jason Mizell in violation of Section 848(e)(1)(A) of Title 21 of the United States Code.  Count One of the indictment reads as follows:

> On or about October 30, 2002, within the Eastern District of New York and elsewhere, the defendants KARL JORDAN, JR., also known as "Little D" and "Noid," RONALD WASHINGTON, also known as "Tinard," and JAY BRYANT, also known as "Bradshaw Dewitt, "Jason Robinson," "Morgan Bryant," "Deshawn Sadler," "Jay Sadler" and "Big Jay," together with others, while engaged in an offense punishable under Section 841(b)(l)(A) of Title 21, United States Code, to wit: a conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance, did knowingly and intentionally kill and counsel, command, induce and cause the intentional killing of an individual, to wit: Jason Mizell, also known as "Jam Master Jay," and such killing did result.

I already instructed you on the law of conspiracy.  (*See* **pg. 37–39.**)  You should apply that law here.  I will now explain the elements of the crime of murder while engaged in a drug conspiracy.

*First*, the defendant was engaged in a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(b)(1)(A).

*Second*, the conspiracy involved at least five kilograms of a mixture or substance containing cocaine.

*Third*, while engaged in that conspiracy, the defendant either knowingly and intentionally killed Jason Mizell, or knowingly and intentionally counseled, commanded, induced, procured or caused the killing of Jason Mizell.

*Fourth*, the killing of Jason Mizell actually resulted from the actions of the defendant or a person the defendant aided and abetted.

**First Element: Commission of The Underlying Offense**

The first element the government must prove beyond a reasonable doubt is that the defendant was engaged in an offense punishable under 21 U.S.C. § 841(b)(1)(A).  I instruct you that offenses punishable under Section 841(b)(1)(A) include conspiracies to commit such offenses.  The offense punishable under Section 841(b)(1)(A) that is charged in Count One is a conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine.

What this means is that, to find that the government has established the first element, you must first determine whether the government has proven beyond a reasonable doubt a conspiracy to distribute five or more kilograms of cocaine that existed on October 30, 2002.  I have already explained to you the elements of a drug conspiracy, and you should apply those instructions here. (*See* pg. 46–47.)

In determining whether the defendant knowingly participated in an existing drug conspiracy, you may consider any unlawful act that you unanimously find was committed in furtherance of the drug conspiracy – including, in this case, the killing of Jason Mizell.  Such acts cannot in and of themselves satisfy this first element.  However, they may be considered by you as circumstantial evidence that the charged drug conspiracy existed and that the defendant joined it.

If you find either defendant not guilty of the underlying drug conspiracy charged in Count One, then you must find that defendant not guilty of Count One.  On the other hand, if you find the government has established beyond a reasonable doubt that the defendant was a member of the underlying conspiracy charged in Count One, then you must turn to the second element of Count One.

**Second Element: Drug Weight**

If you conclude that the government has proved beyond a reasonable doubt that the defendant is guilty of participating in the conspiracy described above, then you must also determine whether the government has established beyond a reasonable doubt the type and quantity of drugs charged in the underlying drug conspiracy – here, more than five kilograms of cocaine.

To calculate this amount, you should consider (1) any transactions in furtherance of the conspiracy in which the defendant personally participated, (2) any transactions in furtherance of the conspiracy that the defendant reasonably foresaw even though he did not personally participate in these transactions, and (3) quantities that the defendant agreed to distribute regardless of whether he ultimately committed the substantive act. "Reasonably foreseeable" means that the defendant could have reasonably anticipated the quantity of drugs involved in the conspiracy.

If you find that the government has not proven this second element beyond a reasonable doubt as to the defendant, then you must find the defendant not guilty of Count One.  On the other hand, if you find that the government has proven both the first and second elements beyond a reasonable doubt, then you must turn to the third element of Count One.

**Third Element: Murder of Jason Mizell**

The third element of Count One that the government must prove beyond a reasonable doubt is that the defendants, while engaged in a drug conspiracy involving at least five kilograms of cocaine, knowingly and intentionally killed Jason Mizell, or knowingly and intentionally counseled, commanded, induced, procured or caused his killing.  I will define those terms for you now.

To show that the killing of Jason Mizell occurred while the defendant was engaged in a drug conspiracy, the government must prove more than simply a temporal connection between the killing and the drug conspiracy.  The government must show that a substantive connection existed between the alleged conspiracy and the killing, in other words, that the alleged conspiracy was one purpose of the killing.  If you find that the murder was wholly unconnected to the alleged drug conspiracy or was simply coincidental to it, then this element will not be satisfied.  However, the government has no burden to establish that a drug-related motive was the sole purpose, the primary purpose, or even that it was equally as important as any non-drug related purpose, as long as it was one purpose.  The killing need not occur simultaneously with narcotics activity so long as the drug conspiracy is ongoing when the killing occurs.

I instructed you before on the definitions of intentional and knowing action – those instructions apply here.  (*See* **pg. 35.**)  Specifically, where a person intentionally kills another person when he does so deliberately and purposefully.   That is, the defendant's actions must have been his conscious objective rather than the product of a mistake or accident or mere negligence or some other innocent reason.   However, when a defendant plans to murder one person and, in so attempting, kills another person, he is guilty of the murder of the unplanned victim.

To meet its burden of proof on this element, the government need not prove that the defendant directly caused the death of Jason Mizell.  This element can be satisfied if you find beyond a reasonable doubt that the defendant aided, abetted, counseled, commanded, induced, procured or caused the killing of Jason Mizell.  I have already instructed you on the meaning of these terms within the aiding and abetting instruction, and you should consider that in deciding whether this element is met.  (**See** **pg. 40–41.**)

Even if you find the defendant did not directly kill Mizell or did not aid and abet in the killing of Mizell, you should also recall my earlier instruction on co-conspirator liability.  (**See** **pg. 42–43.**)  If you find that the underlying drug conspiracy described above existed, and that the defendant was a member of it, you may also, but you are not required to, find the defendant guilty of the drug-related murder of Jason Mizell – only if you find each of the following elements beyond a reasonable doubt:

If you find (1) that a Jason Mizell was intentionally killed; (2) that a co-conspirator in the underlying drug conspiracy intentionally killed Jason Mizell while engaged in the conspiracy; (3) that the co-conspirator committed that murder pursuant to a common plan you found to exist among the co-conspirators of the underlying drug conspiracy; (4) that the defendant was a member of the underlying drug conspiracy at the time the murder was committed; and (5) that the defendant could have reasonably foreseen that murder might have been committed by his co-conspirator on that day, then you may also find the defendant guilty of drug-related murder.

If you find that the government has not proven this third element beyond a reasonable doubt as to the defendant, then you must find the defendant not guilty of Count One.

On the other hand, if you find that the government has proven the first, second and third elements beyond a reasonable doubt, then you must turn to the fourth element of Count One.

**Fourth Element: Killing Actually Resulted**

The fourth element the government must prove beyond a reasonable doubt is that the killing of Jason Mizell actually resulted from the actions of the defendant or a person whom the defendant aided and abetted, or by a co-conspirator, as I previously defined these concepts.

\*                              \*                              \*

In summary, with respect to Count One, which charges the defendants with the drug-related murder of Jason Mizell, if you find that the government has proven beyond a reasonable doubt all of the following four elements as to the defendant: (1) that the defendant is guilty of Count One's underlying drug conspiracy; (2) that the drug conspiracy involved five kilograms or more of cocaine; (3) that, while engaged in that underlying drug conspiracy, the defendant knowingly and intentionally killed or counseled, commanded, induced, procured or caused, or aided or abetted the intentional killing of Jason Mizell, or was responsible for the murder through co-conspirator liability; and (4) that the killing of Jason Mizell actually resulted from the defendant's actions or the actions of a person whom the defendant aided and abetted, or through the actions of a co-conspirator that the defendant could have reasonably foreseen, then you must find the defendant guilty of Count One.

On the other hand, if you find that the government has not proven any one or all four of these elements beyond a reasonable doubt, you must find the defendant not guilty of Count One.

## COUNT TWO: FIREARM-RELATED MURDER

Count Two of the Indictment charges that, on or about October 30, 2002, in the course of using a firearm during and in relation to a drug trafficking crime, the defendant, together with others, did knowingly and intentionally cause the death of Jason Mizell through the use of a firearm and where such killing was murder, in violation of Section 924(j)(1) of Title 18 of the United States Code.  Count Two of the indictment reads as follows:

> On or about October 30, 2002, within the Eastern District of New York and elsewhere, the defendants KARL JORDAN, JR., also known as "Little D" and "Noid," RONALD WASHINGTON, also known as "Tinard," and JAY BRYANT, also known as "Bradshaw Dewitt, "Jason Robinson," "Morgan Bryant," "Deshawn Sadler," "Jay Sadler" and "Big Jay," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the knowing and intentional use of one or more firearms during and in relation to a drug trafficking crime, to wit: a conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(l)(A)(i)(II), did knowingly and intentionally cause the death of a person through the use of one or more firearms, which killing was murder as defined in Title 18, United States Code, Section 1111, in that the defendants, together with others, with malice aforethought, did unlawfully kill Jason Mizell, also known as "Jam Master Jay."

I already instructed you on the law of conspiracy.  (*See* **pg. 37–39.**)  You should apply that law here.  I will now explain the elements of firearm-related murder.

*First*, the defendant committed the underlying drug trafficking crime, in other words, a conspiracy to distribute cocaine.

*Second*, on or about October 30, 2002, the defendant knowingly and intentionally used a firearm during and in relation to the commission of the drug trafficking crime, or aided and abetted another person doing so.

*Third*, the defendant either knowingly and intentionally killed Jason Mizell, or knowingly and intentionally counseled, commanded, induced, procured or caused the killing of Jason Mizell by use of that firearm.

*Fourth*, that the death of that person qualifies as a murder under federal law, as I will define that term for you in a moment.

56

**First Element: Commission of the Underlying Drug Trafficking Crime**

The first element the government must prove beyond a reasonable doubt is that the defendant committed a drug trafficking crime.  As I previously instructed you, each defendant is charged with the intentional killing of Jason Mizell while engaged in a drug conspiracy, specifically, a conspiracy to distribute cocaine. (*See* **pg. 46–47.**)  The drug trafficking crime during which and in relation to the defendant is charged with using a firearm was that conspiracy to distribute cocaine.  I have already instructed you on law regarding drug conspiracies, and you should apply those instructions here.  (*See* **pg. 37–39.**)

You should consider Count Two only if you have found the defendant guilty of participating in the drug conspiracy.  You may find the this element satisfied even if you do not make a finding regarding the quantity of drugs in that conspiracy.

**Second Element: Knowing Use of a Firearm During and in Relation to the Underlying Drug Trafficking Crime**

The second element of Count Two that the government must prove beyond a reasonable doubt is that, on or about October 30, 2002, the defendant knowingly used a firearm during and in relation to the above-described drug trafficking crime, or that he aided and abetted another person in doing so.

A "firearm" is "any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."

To prove that the defendant "used" a firearm during and in relation to the underlying crime, the government must prove that he actively employed the firearm in some way to further the underlying crime. The government does not, however, need to show that the defendant fired or even attempted to fire the firearm. It is enough for the government to show that he brandished or displayed the weapon or otherwise made reference to it in a manner calculated to further the commission of the underlying crime. Moreover, it is enough for the government to show that the defendant aided and abetted someone who actively employed a firearm during and in relation to the drug conspiracy.

To prove that the firearm was used "during and in relation to" the commission of the drug conspiracy, the government must prove that it was an integral part of the commission of the crime, and that it furthered or facilitated the crime; it is not sufficient if the use was inadvertent, coincidental, or for some purpose other than furthering or facilitating the crime.

Finally, to satisfy this element, you must find that the defendant used the firearm knowingly and intentionally. I already have instructed you on what is meant by "knowingly" and "intentionally." (*See* pg. 35.) In this context, it also means that the defendant knew that the

weapon was a firearm; however, the government is not required to prove that he knew he was breaking the law.

You may recall my earlier instruction on aiding and abetting liability.  (*See* **pg. 40–41.**) That instruction also applies to this element of Count Two.  To satisfy this element under an aiding and abetting theory, you must find that the defendant actively participated in the drug conspiracy with advance knowledge that another participant would use a firearm during and in relation to the drug conspiracy.  "Advance knowledge" means knowledge at a time the person can attempt to alter the plan or withdraw from the enterprise.  Knowledge of the gun may, but does not have to, exist before the underlying crime is begun.   It is sufficient if the knowledge is gained in the midst of the underlying crime, as long as the defendant continues to participate in the crime and had a realistic opportunity to withdraw.  You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant continued his participation in the crime after a gun was displayed or used by an accomplice. If you find that the defendant learned of the firearm too late for him to be reasonably able to walk away or withdraw from participating in the drug conspiracy, then you may not convict him of this count through his aiding and abetting an accomplice's commission of this crime.

Also recall my earlier instruction on co-conspirator liability.  (*See* **pg. 42–43.**)  That instruction also applies to this element of Count Two.  If you find (1) a firearm was used; (2) that a co-conspirator used a firearm in relation to the drug conspiracy; (3) that the co-conspirator did so pursuant to a common plan then existing among the co-conspirators; (4) that the defendant was a member of the underlying drug conspiracy at the time the gun was used; and (5) that the defendant could have reasonably foreseen that the co-conspirator might have used a gun on that day, you may also find this element of Count Two satisfied.

If you find that the government has not proven this second element beyond a reasonable doubt as to the defendant, then you must find the defendant not guilty of Count Two.  On the other hand, if you find that the government has proven both the first and second elements, then you must turn to the third element of Count Two.

**Third Element: Caused the Death of Jason Mizell**

The third element of Count Two that the government must prove beyond a reasonable doubt is that the defendant's conduct caused the death of Jason Mizell.  It is the government's burden to prove that the defendant's conduct was the direct cause of the victim's death.  This means simply that the government must prove that the defendant inflicted an injury or injuries upon the victim from which the victim died.  The death of a person may have one or more than one cause.  The government need only prove that the conduct of the defendant was a substantial factor in causing the victim's death.

Finally, to satisfy this element, you must find that the defendant knowingly and intentionally caused the death of Jason Mizell.  I already have instructed you on what is meant by "knowingly" and "intentionally."  (*See* **pg. 35.)**  In this context, it means that the defendant acted with the specific intent to kill.  As I instructed you before, a person acts knowingly and intentionally if he acts voluntarily, deliberately, and purposefully, and not because of ignorance, mistake, accident or carelessness.  Thus, a person acts intentionally with respect to some particular objective if he engages in a course of conduct deliberately intending to bring about a particular result, here, the death of Jason Mizell.

I remind you that Count Two is also charged under an aiding and abetting theory.  That means that this element is satisfied if you find that the defendant aided or abetted someone else in the murder of Jason Mizell.  I have already instructed you on aiding and abetting, and you must apply those instructions here.  (*See* **pg. at 40–41.)**

Even if you find the defendant did not directly kill Mizell or did not aid and abet in the killing of Mizell, you should also recall my earlier instruction on co-conspirator liability and apply those instructions here.  (*See* **pg. 42–43.)**  If you find that the underlying drug conspiracy

described above existed, and that the defendant was a member of it, you may also, but you are not required to, find the defendant guilty of the firearm-related murder of Jason Mizell – only if you find each of the following elements beyond a reasonable doubt:

If you find (1) that Jason Mizell was intentionally killed; (2) that a co-conspirator in the underlying drug conspiracy intentionally killed Jason Mizell during and in relation to that conspiracy; (3) that the co-conspirator committed that murder pursuant to a common plan you found to exist among the co-conspirators of the underlying conspiracy; (4) that the defendant was a member of the underlying conspiracy at the time the murder was committed; and (5) that the defendant could have reasonably foreseen that murder through the use of a firearm might have been committed by his co-conspirator on that day, then you may also find the defendant guilty of the firearm-related murder.

**Fourth Element: Murder**

The fourth element of Count Two that the government must prove beyond a reasonable doubt is that the death of Jason Mizell qualified as a murder.

The definition of murder for this purpose is "the unlawful killing of a human being with malice aforethought."

An act is done "unlawfully" if it was done without legal justification or excuse. "Malice aforethought" is the state of mind that would cause a person to act without regard to the life of another. To satisfy this element, the defendant must have acted consciously, with the intent to kill another person. The government must prove that the defendant acted willfully, with a bad or evil purpose to break the law. However, the government need not prove that the defendant bore spite, malevolence, hatred or ill will toward Jason Mizell.

Murder also includes any kind of willful, deliberate, malicious and premeditated killing. A killing is premeditated if the victim was killed only after the perpetrator thought the matter over and deliberated whether to act before committing the crime. There is no requirement that the perpetrator deliberate for any particular period of time in order to show premeditation. Although a premeditated, unlawful killing committed with malice aforethought constitutes a murder, the government is not required to demonstrate premeditation to prove that a murder occurred. The government need only prove the unlawful killing of Jason Mizell with malice aforethought, as I have defined those terms.

**PART III: GENERAL REMARKS REGARDING DELIBERATION**

**DUTY TO CONSULT & NEED FOR UNANIMITY**

Now that I have outlined for you the rules of law applicable to the charges in this case and the processes by which you should weigh the evidence and determine the facts, I will give you some guidance for use in your deliberations.

You are about to go into the jury room and begin your deliberations.  Your function, to reach a fair conclusion from the law and the evidence, is an important one.  Your verdict must be unanimous.  That is, all of you must ultimately reach the same conclusion.

But keep in mind that each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation—to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence.

Each of you must decide the case for yourself after consideration with your fellow jurors of the evidence in the case.  You should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.  If, however, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a view that differs from the others, you are not to yield your conviction simply because you are outnumbered.  Each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors.  Nevertheless, I do ask you to examine the issues and the evidence before you with proper deference to and regard for the opinions of one another.

**SELECTION OF A FOREPERSON**

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson.  The foreperson will be responsible for signing all communications to the Court and for handing them to the marshal during your deliberations.

**COMMUNICATIONS WITH THE COURT**

No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing.  All communication should be in writing, signed by your foreperson, and given to one of the marshals.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  In any event, do not tell me or anyone else how the jury stands on the issue of each defendant's guilt until after a unanimous verdict is reached.  I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

Bear in mind also that you are not to reveal to any person, not even in open court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.  Any verdict you reach must be unanimous.

**RIGHT TO SEE EXHIBITS & HEAR TESTIMONY**

If during your deliberations you want to see any of the exhibits that are not already available to you in the jury room, you may make a request in writing and give it to a marshal.  If you want any of the testimony read, that can also be done.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate in the note what the verdict is.  I have prepared a verdict sheet which you will have with you in the jury room.  The verdict sheet contains questions and the answers to those questions that will constitute your verdict.  After all the questions are completed, the foreperson should sign and date the verdict sheet and return the written verdict sheet to the deputy clerk.  You may not infer from the fact that questions are submitted to you or from the wording of the questions, or from anything that I say in instructing you concerning the questions, that it is the Court's view that your answer to any of the questions should be one way or the other.

**JUROR NOTES**

I permitted you to take notes during the course of trial.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

**FINAL COMMENTS**

I am sending a copy of the indictment into the jury room for you to have during your deliberations.  You may use it to read the crimes that the defendants are each charged with committing.  You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.  I am also going to be giving you several copies of these instructions to take with you.

Again, I remind you that your final vote must reflect your conscientious conviction as to how the issues should be decided.  Your verdict must be unanimous.

Remember that the parties and the Court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  Your oath sums up your duty, and that is:  without fear or favor, you will truly try the issues between these parties according to the evidence given to you in court and the laws of the United States.

Now if you will wait quietly while I ask counsel to approach.  Counsel, please approach.