

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JAM/MEM/MG
F. #2017R00509

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 16, 2024

By Email and ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Karl Jordan, Jr., et al.
                Criminal Docket No. 20-CR-305 (S-2) (LDH)

Dear Judge DeArcy Hall:

      The parties jointly write to provide agreed-upon language for additional and substitute jury charges, as discussed at the February 15, 2024 charging conference.

    I.    Additional Jury Charges

        A.    Expert Witnesses[1]

      During the trial, I permitted witnesses to express their opinions as expert witnesses about matters at issue in the trial.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.  In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the

---

[1] Sand, Instruction 7-21.

witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### B. Evidence Lawfully Obtained[2]

You have heard and seen evidence obtained through a variety of investigative techniques, including searches of certain locations, cellular telephones, and DNA samples, and audio recordings of telephone conversations and text messages that were obtained with or without the knowledge of the defendant. All of this evidence was obtained lawfully, and the government has the right to use such evidence in this case.

### C. Transcripts of Audio Recordings[3]

During trial, transcripts of certain recordings were given to you as an aid to assist you in listening to the recordings. The recordings are in evidence. However, the transcripts are not in and of themselves evidence. You decide what is contained on the recordings based on what you heard. If you heard something different than what was reflected on the transcripts, what you heard controls.

### D. Uncharged Acts Considered for a Limited Purpose[4]

You have heard evidence that the defendants engaged in criminal conduct, other than the crimes charged in the indictment. The defendants are not on trial for committing any acts not charged in the indictment. Consequently, you may not consider evidence of those other acts as a substitute for evidence that the defendants committed the crimes charged in this case. Nor may you consider evidence of those other acts as proof that the defendants have a criminal propensity; that is, you may not conclude that they likely committed the crimes charged in the indictment because they were predisposed to criminal conduct.

Instead, you may consider evidence of the following uncharged conduct only for the limited purposes I describe for you and only with respect to the defendant who committed each act. Specifically, the parties stipulated to testimony in Government Exhibits 911, 912, and 913. You may consider this testimony to help you determine whether or not each defendant had access to firearms and ammunition.

Evidence of uncharged conduct by the defendants on these occasions may not be considered by you for any purpose other than the ones I have just listed.

---

[2] Sand, Instruction 20-21; adapted from the jury charges in United States v. Gill, et al., 13-CR-487 (CBA) (E.D.N.Y.), ECF No. 479; and United States v. Basciano, et al., 03-CR-929 (NGG) (E.D.N.Y.), ECF No. 891.

[3] Jury charge in United States v. Acevedo, No. 21-CR-162 (DG) (E.D.N.Y.), ECF No. 75.

[4] Adapted from the jury charges in United States v. Gill, No. 13-CR-487 (CBA) (E.D.N.Y.), ECF No. 47; United States v. Cureton, No. 16-CR-23 (CBA) (E.D.N.Y.), ECF No. 72; United States v. Kelly, No. 19-CR-286 (AMD) (E.D.N.Y.); United States v. Rivera, No. 13-CR-149 (KAM) (E.D.N.Y.), ECF No. 453.

      E.      <u>Prior Consistent Statements</u>[5]

You have heard evidence that, before certain witnesses testified at trial, they may have made statements that were the same as, or similar to, what they said in the courtroom. You may consider evidence of this statement for the truth of the matter asserted in determining the facts of this case. In addition, this evidence may help you decide whether you believe their testimony.

    II.      <u>Modifications to Court's Proposed Jury Charges</u>

      A.      <u>Witness with Agreement</u>[6]

The Court's proposed jury charge of "Cooperating Witnesses" on page 23 would be replaced with a charge called "Witness with Agreement" that reads as follows:

You have heard the testimony of witness Lewis Gonzalez who testified under an agreement with the government. Under this agreement, the witness agreed to testify with the assurance from the government that the testimony and information provided by the witness would not be used against the witness in any subsequent federal criminal proceeding, except that such statement could be used against the witness in a prosecution for perjury, false statements, or obstruction of justice if the witness intentionally provided false information or testimony. These promises were not formal orders of immunity by the Court, but were arranged directly between the witness and the government. The government is permitted to enter into such agreements. The testimony of this witness must be scrutinized with care and caution. In assessing the testimony of this witness, you should ask yourselves whether this witness would benefit more by lying, or by telling the truth. Did the witness in question believe that his interests would be best served by testifying falsely or truthfully? Did this motivation effect his testimony? If, after examining his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

      B.      <u>Prior Inconsistent Statements</u>

The Court's proposed jury charge of "Prior Inconsistent Statement" on page 15 would be replaced with the following language:

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness's trial testimony. Other than statements contained in exhibits that have been admitted into evidence by the Court, prior inconsistent statements are not to be considered by you as affirmative evidence bearing on a defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted him or herself. If you find that the witness made an earlier statement that conflicts with his or her trial

---

[5] Jury charge in <u>United States v. Pandrella</u>, No. 19-CR-122 (MKB) (E.D.N.Y.), ECF No. 178.

[6] Jury charge in <u>United States v. Pandrella</u>, No. 19-CR-122 (MKB) (E.D.N.Y.), ECF No. 178.

testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony. The limitation on the use of prior inconsistent statements discussed here does not extend to inconsistent statements that may be found in exhibits that the Court admitted into evidence. Those statements may be considered as affirmative evidence.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  _____/s/_____
Artie McConnell
Mark E. Misorek
Miranda Gonzalez
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (LDH) (by Email and ECF)
      Defense counsel of record (by Email and ECF)